IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, ET AL )<br>)<br>            Plaintiff, )<br>vs. )<br>)<br>MARIA CASCHETTA, ET AL )<br>)<br>            Defendant. ) | Civil Action No. 1:06CV02031<br>(EGS) |

DEFENDANTS CASCHETTA AND ADVANTA'S
MOTION TO DISMISS THE CLAIMS OF
CUNNINGHAM AND COMPEL ARBITRATION

Defendants Maria Caschetta and Advanta Medical Solutions, LLC, move to stay this case and compel arbitration of the claims asserted by the plaintiff Cunningham under the Federal Arbitration Act because plaintiff Cunningham entered into a written agreement to arbitrate the claims asserted in the complaint before the American Arbitration Association.

Respectfully submitted,

Alan Lescht, Esq.
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Counsel for Defendants
202-463-6036
202-463-6067 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHY RADTKE, ET AL            )
                               )
            Plaintiff,         )
vs.                            )   Civil Action No. 1:06CV02031
                               )   (EGS)
MARIA CASCHETTA, ET AL         )
                               )
            Defendant.         )

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO
STAY AND COMEL ARBITRATION**

Attached as exhibit 1 is an agreement executed between the plaintiff Cunningham and defendant Advanta. Paragraph 14 of the agreement contains an agreement to arbitrate, "any question dispute, and/or controversy arising out of or in connection with or related to this Agreement or any breach or alleged breach hereof".

The complaint alleges claims on behalf of Cunningham against the defendant Advanta arising from Ms. Cunningham's employment and on the basis of a breach of contract between the two parties.

The Federal Arbitration Act ("FAA") provides that "a written provision in . . . a contract to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable save upon any grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA creates a strong presumption in favor of enforcing arbitration agreements and "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Shearson/Am.

Express, Inc. v. McMahon, 482 U.S. 220, 226-27, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) (stating that arbitration agreements must be rigorously enforced); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) (noting that federal policy favors arbitration).

Based on the foregoing, the court is respectfully requested to stay this proceeding and compel arbitration.

Respectfully submitted,

Alan Lescht, Esq.
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Counsel for Defendants
202-463-6036
202-463-6067 (fax)

# EXHIBIT 1

Advanta Medical Solutions, LLC                                  Consulting Agreement No. CO-C93

# CONSULTING AGREEMENT
## between
## Advanta Medical Solutions, LLC
## and
## Carmen Cunningham, RHIT

This Agreement made as of 16 October 2003 between Advanta Medical Solutions, LLC (hereinafter referred to as "Advanta Medical Solutions"), having its principal office located at 10830 Guilford Road, Suite 312, Annapolis Junction, MD 20701 and Carmen Cunningham, RHIT (hereinafter referred to as "Consultant"), whose office is located at 13009 Scalp Duck Court, Upper Marlboro, MD 20772, Telephone number (301) 218-2861 (home) and (301) 437-2270 (cell).

WITNESSETH:

WHEREAS: Advanta Medical Solutions desires to have Consultant provide coding of medical records, and other related health information management services for contracts with government and private sector facilities in accordance with the timeframes and production requirements established from assignment to assignment.

WHEREAS: Consultant is a RHIT in good standing with the American Health Information Management Association (AHIMA) and agrees to remain in good standing with AHIMA as an active member, with sufficient continuing education credits, and maintenance of credentials as a RHIT throughout the period of this Agreement,

NOW, THEREFORE, for and in consideration of the mutual covenants herein contained the parties hereto mutually agree to as follows:

1. __Scope of Work__. Consultant agrees to provide coding, compliance audit, and related health information management services on an as needed basis.

2. __Consideration and Payment__. Consultant will be paid at a rate in accordance with the Statement of Work schedule detailed in Exhibit A attached to this document. Invoices shall be submitted to Advanta Medical Solutions every (1) week on Invoice Form, Exhibit B.

Consultant invoice, Exhibit B, must include the Consulting Agreement Number assigned in Paragraph 15, the invoice date and a unique invoice number. Advanta Medical Solutions shall reimburse Consultant within 30 calendar days of Advanta Medical Solutions' receipt of a proper invoice from Consultant.

3. __Statement of Services__. Every week, Consultant shall submit to Advanta Medical Solutions in a form acceptable to Advanta Medical Solutions, a Statement of Professional Services addressed and sent to Advanta Medical Solutions, LLC, Attention: Eileen Wyant, 10830 Guilford Road, Suite 312, Annapolis Junction, MD 20701. This office will be responsible for approving and coding the invoice and forwarding it for payment by the Treasurer of Advanta Medical Solutions. Such statement shall include a detailed description of the work performed.

4. **Liaison.** The Advanta Medical Solutions representative responsible for the administration of the work shall be Robin Baker-Davis or other individuals who may be designated by Advanta Medical Solutions, LLC from time to time.

5. **Warranty.** Consultant warrants to Advanta Medical Solutions that the professional services performed pursuant to this Agreement shall be performed competently and in accordance with the standard of care usually and reasonably expected in the performance of such services. If services are rejected by a client as being incorrect, Consultant agrees to reimburse or not bill Advanta Medical Solutions for the prorated charge associated with the rejected service.

6. **Termination.** Either party may terminate this Consulting Agreement with thirty (30) days notice by delivering to the other party a Notice of Termination. Notwithstanding any termination hereunder, Consultant's obligations under Articles 5, 7, 8, 9, 10, 11 and Exhibits C, D, E, and F shall remain in effect.

7. **Non-Hiring and Non-Competition Agreement.** Consultant agrees not to engage, directly or indirectly, in the recruitment or hire of Advanta's employees and independent contractors who are in the employ of or under contract to Advanta while the Consultant is under this Agreement and for a period of one year after contract termination, without the expressed written consent of Advanta. In addition, Consultant agrees not to engage in any work, directly or indirectly, for the client for which Consultant is assigned to work on behalf of Advanta Medical Solutions while the Consultant is under this Agreement and for a period of one year after contract termination. This non-hiring and non-competition restriction survives the termination of this Agreement.

8. **Hold Harmless.** Consultant agrees to indemnify and hold Advanta Medical Solutions harmless for any liability caused by Consultant's actual negligence.

9. **Insurance & Taxes.** The Consultant will be responsible for her own Worker's Compensation Insurance coverage and any State, local or federal taxes resulting from work under this Agreement. Consultant shall complete a signed copy of the attached IRS Form W-9 and return it with the signed Consultant's Agreement to: Advanta Medical Solutions Corporation, Attention: Eileen Wyant, 10830 Guilford Road, Suite 312, Annapolis Junction, MD 20701. <u>Consultant will not be paid without a completed Form W-9.</u>

10. **Confidential Information.** Confidential information shall mean all information disclosed to Consultant, which relates to Advanta Medical Solutions clients past, present and future research, development and business activities. Consultant shall hold all such confidential information in trust and confidence and agrees that it will not, during or after the termination of this Agreement, use for its own business or benefit or for the business or benefit of another party aside from Advanta Medical Solutions, any information obtained by it while in the execution of the terms and conditions of this Agreement. Furthermore, Consultant agrees not to make an unauthorized, direct or indirect disclosure of Protected Health Information, classified as such by the Healthcare Insurance Portability and Accountability Act of 1996, such disclosure being considered unauthorized if not approved in writing by Advanta Medical Solutions. Consultant agrees to abide by all of provisions contained in Exhibits C, D, E, and F.

11. **Records and Reports.** Consultant agrees to keep separate written records in reasonable detail of all work performed by it pursuant to this Agreement and all written records and any other

**Advanta Medical Solutions, LLC**                    Consulting Agreement No. CO-093

data, drawings, prints and information of whatsoever form prepared during or evolved from its services for Advanta Medical Solutions pursuant to this Agreement shall be the property of Advanta Medical Solutions and shall be available to Advanta Medical Solutions at all reasonable times.

12. <u>Representation</u>. Consultant represents that there is no conflict of interest between its performance of this Agreement and its employment by others. In the event Consultant believes that there is presently any such conflict, or any such conflict arises during this Agreement or extension thereof, it will advise Advanta Medical Solutions immediately.

13. <u>Remedies for Breach of Agreement</u>. In the event of a breach of this Agreement by Consultant, Advanta Medical Solutions, in addition to all other rights and remedies existing in its favor, may apply to any Court of Law or Equity of competent jurisdiction for specific performance, mandamus and/or injunctive relief in order to enforce or prevent any violation of the provisions of this Agreement. Consultant agrees that in the event that Consultant breaches or threatens to breach any of the covenants contained within this Agreement, Advanta Medical Solutions shall be entitled to both 1) a preliminary or permanent injunction in order to prevent the continuation of such harm; and 2) monetary damages in the amount they are determined to be. Nothing in this Agreement, however, shall be construed to prohibit Advanta Medical Solutions from also pursuing any other remedy, the parties having already agreed that all remedies shall be cumulative. Advanta Medical Solutions shall be entitled to recover the amount of fees, compensation, and/or other forms of remuneration earned by Consultant as a result of any such breach by Consultant. Consultant further agrees that Advanta Medical Solutions shall be entitled to all damages and costs, including Advanta Medical Solution's counsel fees and expenses necessary to enforce the terms of this Agreement.

14. <u>Arbitration</u>. The Employer and Employee agree that the provisions of the Maryland Arbitration Act and the Federal Arbitration Act are applicable to this Agreement, except as specifically stated elsewhere herein. Any question, dispute, and/or controversy arising out of or in connection with or related to this Agreement or any breach or alleged breach hereof, shall be submitted to arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association. This is mandatory Arbitration, and the decision of the Arbitration proceeding shall be final and may be entered and enforced by any Court of competent jurisdiction. However, nothing within this Arbitration Provision shall be deemed to preclude Advanta Medical Solutions from seeking injunctive relief from a Court of competent jurisdiction or from an Arbitrator to enforce the terms of the covenants within this Agreement before and/or during any arbitration proceeding. Consultant shall not be entitled to seek any relief except arbitration under the terms of this Agreement.

15. <u>Agreement Number</u>. Advanta Medical Solutions has assigned Agreement Number CO-093 to this Agreement and all correspondence and documents must make reference to that number.

16. <u>Non-Assignment</u>. Consultant shall not assign this Agreement without the written consent of Advanta Medical Solutions.

17. <u>Set Off</u>. Advanta Medical Solutions shall be entitled at all times to set off any amount owing at any time from Consultant to Advanta Medical Solutions or any of its affiliated companies

3

Advanta Medical Solutions, LLC                         Consulting Agreement No. CO-093

against any amount payable at any time by Advanta Medical Solutions or any of its affiliated companies to Consultant.

18. <u>Applicable Law</u>. This Agreement shall be governed and construed in accordance with the substantive law of the State of Maryland.

19. <u>Integration</u>. This Agreement sets forth the entire and only Agreement between Advanta Medical Solutions and the Consultant relative to the subject matter hereof. Any representation, promise or condition, whether oral or written not incorporated herein shall not be binding upon either party. No waiver, modification, or amendment of the terms of this Agreement shall be effective unless made in writing and signed by an authorized representative of the party sought to be bound hereby.

IN WITNESS THEREOF, the parties have executed this Agreement on the date indicated below their respective signatures:

**Advanta Medical Solutions, LLC**                              **Consultant**

Name: _____Maria M. Caschetta_____              Name: _Carmen Cunningham, CPC_

Signature: _____           Signature: _____

Title: _President_____                  

Date: __10/16/2003____                                       Date: _10/15/03_

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHY RADTKE, ET AL )
)
)
        Plaintiff, )
vs. )   Civil Action No. 1:06CV02031
)   (EGS)
MARIA CASCHETTA, ET AL )
)
        Defendants. )

## ORDER

Upon consideration of the motion by defendants Caschetta and Advanta to stay and compel arbitration of the claims asserted by the plaintiff Cunningham, it is hereby ORDERED that the motion is GRANTED.

_____
Hon. Emmet G. Sullivan
USDJ