**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATHY RADTKE, ET AL. | |
| Plaintiffs, | |
| v. | Civil Case No.: 06cv02031 (EGS) |
| MARIA CASCHETTA, ET AL. | |
| Defendants | |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION, SEVER, FOR CHANGE OF JURISDICTION, FOR CHANGE OF VENUE, AND FOR MORE DEFINITE STATEMENT

Plaintiffs Kathy Radtke and Carmen Cunningham, by and through their under-signed counsel, hereby oppose the Defendants' five pending Rule 12 motions: Plaintiffs file a single opposition to the Defendants' outstanding motions for the convenience of the Court. This Motion is supported by the reasons stated in the attached Memorandum of Points and Authorities, filed herewith.

February 9, 2007                    Respectfully submitted,

                                    /s/
                                    S. Micah Salb, #453197
                                    Richard H. Semsker, #413886
                                    Lippman, Semsker & Salb, LLC
                                    7700 Old Georgetown Road, Suite 500
                                    Bethesda, Maryland 20814
                                    (301) 656-6905 / (301) 656-6906 (fax)

                                    Attorneys for Plaintiffs

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                          |                              |
|------------------------------------------|------------------------------|
| KATHY RADTKE, ET AL.                     |                              |
|             Plaintiffs,                  |                              |
|             v.                           | Civil Case No.: 06cv02031    |
|                                          | (EGS)                        |
| MARIA CASCHETTA, ET AL.                  |                              |
|             Defendants                   |                              |

### PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION, SEVER, FOR CHANGE OF JURISDICTION, FOR CHANGE OF VENUE, AND FOR MORE DEFINITE STATEMENT

Plaintiffs Kathy Radtke and Carmen Cunningham, by and through their under-signed counsel, hereby oppose the Defendants' five pending Rule 12 motions: Plaintiffs file a single opposition to the Defendants' outstanding motions for the convenience of the Court. This Motion is supported by the following reasons:

### I. FACTS.

Plaintiff Kathy Radtke and Carmen Cunningham have brought a claim against Defendant Maria Caschetta, who is the sole owner of Advanta Medical Solutions, LLC, an officer and/or director of LifeCare Management Partners, and, upon information and belief, a part owner of LifeCare Management Partners. Complaint, ¶ 8.

Plaintiffs have also sued Defendants LifeCare Management Partners (hereinafter "LifeCare") and Advanta Medical Solutions, LLC (hereinafter "Advanta"). LifeCare is incorporated in the Commonwealth of Virginia and is registered to do business in the District of Columbia.

Complaint, ¶ 9. Advanta is incorporated in the State of Maryland and is registered to do business in the District of Columbia. Complaint, ¶ 10. Defendants Caschetta, LifeCare, and Advanta operated medical record coding businesses which hired employees and contracted them out to perform medical record coding at the sites of various clients. Complaint, ¶ 11.

Plaintiff Kathy Radtke was hired by Defendants Caschetta and Advanta in November 2004 as a medical records coder. Complaint, ¶ 12. As a medical records coder, Plaintiff Radtke was required to report to the Pentagon in Arlington, Virginia, every morning to provide approximately four hours of medical record coding services. *Id.* at ¶ 13. Plaintiff Radtke was then required by Defendants Caschetta and Advanta to travel between one and two hours to her afternoon work site, which was Kaiser Permanente, located in Kensington, Maryland. *Id.* at ¶ 14. Plaintiff Radtke was required by Defendants Caschetta and Advanta to work at least four hours at the Kaiser site daily. *Id.* at ¶ 15.

Although required to travel during her normal workday, and although the travel time forced Plaintiff Radtke to be engaged in work activities regularly exceeding nine hours per day and forty-five to fifty hours per week, Plaintiff Radtke was never compensated for her time worked over forty hours per week. Complaint, ¶ 16. Nor was Plaintiff Radtke at any time reimbursed for her travel expenses. *Id.* Furthermore, Plaintiff Radtke was required to work several federal holidays. *Id.* at ¶ 17. Plaintiff Radtke was never paid overtime or holiday pay for these services. *Id.*

Plaintiff Carmen Cunningham was hired by Defendants Caschetta and LifeCare in November 2002 as a medical records coder. Complaint, ¶ 18. Plaintiff Cunningham was assigned by Defendants Caschetta and LifeCare to work at the Walter Reed Army Medical Center. *Id.* at ¶ 19. Plaintiff Cunningham was regularly required to work forty-one to fifty-five hours per week. *Id.* at

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 2 -

¶ 20. At no time was Plaintiff Cunningham compensated at an overtime rate for her work performed in excess of forty hours per week. *Id.* Furthermore, Plaintiff Cunningham was regularly required to work certain holidays. *Id.* at ¶ 21. At no time was Plaintiff Cunningham paid overtime or holiday pay for the services she was required to perform on those days. *Id.*

Both Plaintiffs suffered a loss of wages and benefits and suffered emotional distress as a result of the Defendants' failure to pay them the wages that they earned. Complaint, ¶ 22.

## II. ARGUMENT.

This Court must reject the Defendants' five outstanding motions, none of which is proffered to the Court with meaningful discussion and none of which is proffered to the Court with meaningful support.

### A. The Defendants' Motion for More Definite Statement Should Be Summarily Rejected.

The most obviously flawed — and so the most easily rejected — of the Defendants' motions is their motion for a more definite statement. Def's. Mot. for a More Definite Statement (Docket No. 5). Motions for a more definite statement are sharply disfavored. Wright & Miller, Fed. Practice & Proc. § 1377. "[I]nasmuch as the motion is proper only when the pleading to which it is addressed is so vague that it cannot be responded to, the only information obtainable [through such a motion] is that which is necessary to frame a responsive pleading." *Id.* There simply can be no good faith assertion here that the Defendants are unable to respond to the Plaintiffs' Complaint. As such, the Defendants' motion not only must be rejected, but it clearly was imprudently filed.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

The Defendants specifically complain that the Plaintiffs have not identified the days or hours that they were not paid overtime or the amount which remains unpaid. The Defendants also argue that the Complaint does not identify the contract which is the basis of the claim for breach of contract or the basis of the Plaintiffs' right to an accounting. These are obviously not appropriate subjects for a motion for a more definite statement because this information, even if absent, would not bar an answer.

Putting aside the fact that a motion for more definite statement should only be used if necessary to elicit facts required to file an answer, the fact that the Defendants would even suggest that the Plaintiffs did not have a contract for employment suggests that the Defendants have not conducted the research which is required of any lawyer before filing a motion. It is well-settled that every employment relationship carries with it a contract which entitles the employee to be paid for his or her time. *See*, *e.g.*, Hishon v. King & Spalding, 467 U.S. 69, 74 (1984) (describing the nature of employment contract formation as "written or oral, formal or informal; an informal contract of employment may arise by the simple act of handing a job applicant a shovel and providing a workplace"); Sanchez v. Magafan, 892 A.2d 1130, 1134-45 (D.C. 2006). A contract is an agreement between two or more parties to do or not to do something. *See* D.C. Code § 28:1-201. There clearly is an employment contract present here; no more definite statement is required.

**B.    Defendants' Motion to Compel Arbitration must Be Denied Because There Is No Arbitration Agreement as to the Employment Relationship at Issue in this Case.**

The Defendants have filed a motion seeking to compel arbitration of Ms. Cunningham's claim. Ms. Cunningham has brought a claim against Ms. Caschetta and LifeCare arising out of her

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 4 -

work for those Defendants beginning November 2002. *See* <u>Complaint</u>, ¶ 18. The Defendants allege that there is a binding arbitration agreement between the parties. However, the consulting agreement which the Defendants proffer is irrelevant to this suit because it governs a relationship between Ms. Cunningham and <u>Advanta Medical Solutions</u> as to work which began <u>October 2003</u>. *See* Def.'s Mot. Ex. 1. The contract proffered by the Defendants does not govern Ms. Cunningham's work for LifeCare beginning November 2002 complained of in this suit. Thus, because there is no binding arbitration agreement between the parties as to this employment relationship, the Defendants' motion must be denied.

### C.    The Plaintiffs' Claims Are Properly Joined Under Rule 20(a).

The Defendants next move this Court to sever the Plaintiffs' claims on the ground that the claims purportedly do not arise out of the same transaction, occurrence, or series of transactions or occurrences, as is required by Federal Rule of Civil Procedure 20(a). *See* <u>Def's Mot. to Sever Claims</u> (Docket No. 4). However, the Plaintiffs' case is properly joined under Rule 20(a) because of the commonality of the circumstances giving rise to the Plaintiffs' claims, and it is logical, cost-effective, and fair to the Defendants to bring a single case.

Rule 20(a) permits defendants to be joined in a single suit when plaintiffs can show that the complained-of events arise out of the same transaction, occurrence, or series of transactions or occurrences.[1] This requirement, known as the "transactional test," has been interpreted to mean that "all 'logically related' events entitling a person to institute a legal action against another generally

---

[1] The Defendant's motion claims that the Plaintiffs' claims do not arise out of the same transaction or series of transactions, and so the Plaintiffs need not address any other requirement of Rule 20(a).

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 5 -

are regarded as comprising a transaction or occurrence." M.K. v. Tenet, 216 F.R.D. 133 (D.D.C. 2002); Mosley v. Gen. Motors Corp., 497 F.2d 1330, 133 (8th Cir. 1974).

There is, apparently, no single test used to determine when causes of action can be joined under Rule 20, but instead courts take a case-by-case approach. Wright et al., Federal Practice and Procedure § 1653. As one court described it, "there can be no hard and fast rule, and . . . the approach must be a general one of whether there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly [the several claims] against them. . . ." Eastern Fireproofing Co. v. U.S. Gypsum Co.,160 F.Supp. 580, 581 (D.Mass. 1958). It is clear that there are ample concurrences here to warrant a single suit.

Using the "logically related" standard of M.K. v. Tenet and the "factual concurrences" standard of *Eastern Fireproofing*, it is clear that the events which give rise to these claims are properly joined under Rule 20(a). First, both Plaintiffs were employed by the same Defendant, Maria Caschetta. Complaint, ¶¶ 12, 18; 29 U.S.C. § 203(d) ("Employer" defined pursuant to Fair Labor Standards Act to include any person acting directly or indirectly in the interest of an employer in relation to an employee); *see* Donovan v. Agnew, 712 F.2d 1509, 1514 (1st Cir. 1983); *see also* Int'l Bhd. of Painters and Allied Trades Union v. George A. Kracher, Inc., 856 F.2d 1546, 1548 (D.C. Cir. 1988). As such, the claims by Ms. Radtke and Ms. Cunningham share a common employer.

Second, Ms. Caschetta's shared control of the two malfeasing companies demonstrates a logical relationship between the claims. Third, both Plaintiffs performed the same task for the Defendants — medical record coding. Complaint, ¶¶ 13, 18. Fourth, both Plaintiffs suffered the same sorts of damages — lost wages and benefits for failure to pay overtime as well as emotional

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 6 -

distress damages. *See M.K.*, 216 F.R.D. at 142 (finding that similar measure of damages constitutes a logical relationship between claims).

Finally, and most importantly, Ms. Caschetta and the Defendant companies engaged in the same consistent pattern of failing to pay minimum wages as required by the Fair Labor Standards Act as to both Plaintiffs. Notwithstanding the enigmatic reference to the contrary in the Defendants' motion, both Plaintiffs bring suit under 29 U.S.C. § 206. Defendants often failed to pay the Plaintiffs at all for the work they performed and paid them only partially and in an untimely manner when they did pay the Plaintiffs. Complaint, ¶ 30. This pattern of avoiding overtime and holiday pay requirements by the Defendants against the Plaintiffs is "logically related" as "a series of transactions or occurrences" that establishes an overall pattern of policies and practices" aimed at denying employee rights to the plaintiffs. Mosley v. Gen. Motors Corp., 497 F.2d at 1331, 1333. Therefore, this Court should regard as "arising out of the same transaction, occurrence or series of transactions or occurrences" consistent with Rule 20(a).

In adjudicating the Defendants' motion to sever, this Court should consider the waste of judicial resources that would be caused by a severing of the actions. "On a final note, in denying the defendants' motion to sever, the court defers to the policy underlying Rule 20 which is to promote trial convenience, expedite the final determination of disputes, and prevent multiple lawsuits." *Mosley*, 497 F.2d at 1332. As Wright & Miller note,

> The transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests. They are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy.

Wright et al., Federal Practice and Procedure § 1653.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Indeed, this Court must "entertain[] the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 724 (1966). No prejudice accrues to the Defendants by having the causes heard together; to the contrary, a single litigation is far less expensive and avoids duplicative discovery. *See M.K.*, 216 F.R.D. at 143 (holding, "In accordance with *Gibbs*, the court believes that the joinder or non-severance of the six existing plaintiffs and their new claims under Rule 20(a) will promote trial convenience, expedite the final resolution of disputes, and act to prevent multiple lawsuits, extra expense to the parties, and loss of time to the court and the litigants in this case.").

Therefore, because the Plaintiffs can show multiple facts which demonstrate that their claims arise out of the same transaction or occurrence, and because it would grossly inefficient to sever the claims, creating duplicative litigation, this Court should deny the Defendants' motion.

### D.     Venue Is Proper Because a Substantial Part of the Events Occurred in this District and the Defendants Can Be Found Here.

The Defendants next argue that venue of Ms. Radtke's claims is not proper in this Court. *See* Defs' Mot. to Dismiss Claims of Radtke for Improper Venue (Docket No. 2). Because there is no special venue provision for Fair Labor Standards Act claims, the general venue provisions of 28 U.S.C. § 1391 govern. Bredberg v. Long, 778 F.2d 1285, 1287 (8th Cir. 1985). Section 1391(b) provides that an action may be brought in (1) the judicial district where any defendant resides if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, it there is no district in which the action may otherwise be brought.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

The Plaintiffs have exercised their right to choose where to bring suit by filing in this District, where venue is proper because a substantial part of the events giving rise to this suit occurred here and because all the defendants may be found here. The Defendant has shown no prejudice by this choice of venue, as it must if it wishes to satisfy its burden. As such, the Defendant has not met its burden to force a transfer.

In this case, the first provision is inapplicable because Defendant LifeCare does not reside in the same jurisdiction as the other two Defendants. However, the second provision supports venue in the District of Columbia because a substantial part of the events or omissions giving rise to the claim occurred here.

It is important to note that "substantial part" is a modest standard. Even if a greater part of the events happened in another forum, venue may be Proper. City of New York v. Cyco.Net, 383 F.Supp.2d 526, 543 (S.D.N.Y. 2005). As this Court has held, even if more events and the most significant events in the cause of action occurred in another jurisdiction, nevertheless venue is proper here if a substantial part occurred here. Modaressi v. Vedadi, 441 F.Supp.2d 51, 57 (D.D.C. 2006).

Here, the events related to Ms. Cunningham's cause of action occurred at the Walter Reed Army Medical Center, where she worked. This satisfies the "substantial part" requirement as to the claims of both Plaintiffs. But it should be noted that Ms. Radtke's claim largely relates to the Defendants' failure to pay her for her the time it took her to travel, often through the District of Columbia, to get from her first work location at the Pentagon to her second work location at Kaiser Permanente in Maryland.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 9 -

If the second provision of Section 1391(b) fails to definitely demonstrate whether venue is proper in the District of Columbia, the third provision makes it clear that venue is proper here. Because all three Defendants can be found in this jurisdiction, venue plainly is permissible here. All three Defendants transact business in the District of Columbia and so can be found here. LifeCare owned a contract to provide services at Walter Reed Army Medical Center. Complaint, ¶ 10. Advanta was a sub-contractor to LifeCare on that contract and was registered to do business in the District of Columbia. *Id.*; *see also* Complaint, ¶ 19 (LifeCare does business at Walter Reed Medical Center and Caschetta is an owner of LifeCare).

Finally, this Court should also be guided by the basic principle that:

> if venue is proper, a plaintiff's choice of forum is given substantial weight, and a transfer will be granted . . . only if the defendant can show that the convenience of the parties and witnesses, and the interest of justice, strongly favor transfer.

Wright *et al.*, Fed. Prac. & Proc. § 3801.

For these reasons, this Court should deny the Defendants' motion to dismiss Ms. Radtke's claims for improper venue.

### E.   This Court Plainly Has Jurisdiction Over Defendants Caschetta and Advanta.

Lastly, Defendants Caschetta and Advanta Medical Solutions contend that this Court does not have personal jurisdiction over them. Def. Caschetta and Advanta's Mot. to Dismiss for Lack of Pers. Jurisdiction (Docket No. 3). The District of Columbia's "long-arm statute" grants this Court

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

personal jurisdiction over a person "as to a claim or relief arising from the person's (1) transacting business in DC or (2) contracting to supply services in DC."[2]  DC Code § 13-423.

As noted above, both Ms. Caschetta and Advanta transact business in the District of Columbia.  *See* Complaint, ¶ 10 (Advanta registered to do business in the District of Columbia); Complaint, ¶ 19 (LifeCare does business at Walter Reed Medical Center); Complaint, ¶ 19 (Defendant Caschetta is an owner of LifeCare).  Because it is plainly clear that these provisions are met here, this Court has jurisdiction over both Defendants.

February 9, 2007                                        Respectfully submitted,

                                                                   /s/
                                                        S. Micah Salb, #453197
                                                        Richard H. Semsker, #413886
                                                        Lippman, Semsker & Salb, LLC
                                                        7700 Old Georgetown Road, Suite 500
                                                        Bethesda, Maryland  20814
                                                        (301) 656-6905 / (301) 656-6906 (fax)

                                                        Attorneys for Plaintiffs

---

[2] It appears that the Defendants hinge their argument on the allegation that Ms. Radtke did not perform duties in the District of Columbia.  The Defendants misunderstand the jurisdiction law, which considers whether the court can gain personal jurisdiction over the *defendants*.  Of course, Ms. Radtke can submit and, by filing her Complaint, has submitted, to the personal jurisdiction of this Court.  *See* Mukos *et al.*, CJS Courts § 87 (court has jurisdiction over any person who consents to jurisdiction) (2006).

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906