**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATHY RADTKE, ET AL )<br>)<br>    Plaintiff, )<br> vs. )<br>)<br>MARIA CASCHETTA, ET AL )<br>)<br>    Defendant. ) | Civil Action No. 1:06CV02031<br>(EGS) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTIONS TO COMPEL ARBITRATION, SEVER,
FOR CHANGE OF JURISDICTION, FOR CHANGE OF VENUE, AND
<u>FOR MORE DEFINITE STATEMENT</u>**

Defendants Maria Caschetta, Advanta Medical Solutions, LLC, and Lifecare Management Partners state the following in reply to Plaintiffs' opposition to Defendants' motions:

**I. Reply to Plaintiffs' Opposition to Motion to Compel Arbitration**

Plaintiffs' claim that the arbitration agreement does not govern the employment relationship complained of in this suit. The court should reject Plaintiff's argument. The complaint is so vague and ambiguous (see section V, infra) that it does not distinguish Ms. Cunningham's claims from Ms. Radtke's claims and treats the defendants as if they were all part of the same entity. The complaint also does not identify the contract under which Ms. Cunningham worked.

The arbitration clause applies to "any question, dispute, and/or controversy arising out of or in connection with or related to this Agreement or any breach or alleged breach

hereof." Since Plaintiffs' complaint treats the Defendants as if they are all part of the same entity and does not identify a specific contract, the Agreement applies to this dispute and the court should refer this case to arbitration.

Plaintiffs' opposition is also untimely under LCvR 7 which provides that an opposing party shall serve and file a memorandum of points and authorities within 11 days of the date of service of the motion. Defendants filed the motion to compel arbitration on January 22, 2007. Therefore, Plaintiffs' opposition was due by February 2, 2007. Plaintiffs did not file their opposition until February 9, 2007.

**II.    Reply to Plaintiff's Opposition to Motion to Sever**

Plaintiffs allege that they worked for a common employer—Maria Caschetta. Plaintiff further alleges that Ms. Caschetta shared control of Lifecare and Advanta. Plaintiff's allegations are false. As stated on the declaration attached as Exhibit 1, Ms. Caschetta is not an owner of Lifecare. Ms. Caschetta is not an officer or director of Lifecare. Ms. Cacschetta is not an employee of Lifecare. Thus, Ms. Cunningham had no employer-employee relationship with Ms. Caschetta.

Since Plaintiffs worked for different entities, in different locations and have different unpaid overtime claims, there is no commonality of circumstances giving rise to Plaintiffs' claims. The court should sever the Plaintiffs' claims.

Plaintiffs' opposition is also untimely under LCvR 7 which provides that an opposing party shall serve and file a memorandum of points and authorities within 11 days of the date of service of the motion. Defendants filed the motion to sever on January 22, 2007. Therefore, Plaintiffs' opposition was due by February 2, 2007. Plaintiffs did not file their opposition until February 9, 2007.

2

**III.    Reply to Plaintiff's Opposition to Motion to Dismiss for Lack of Jurisdiction**

Ms. Radtke's claim against Defendants should be dismissed for lack of jurisdiction because the District of Columbia has no connection to her claims. According to the complaint, Ms. Radtke is a resident of Maryland and she worked for defendants in Virginia and Maryland. The complaint further alleges that the defendant Caschetta is a resident of Maryland and that the defendant Advanta is incorporated in Maryland.

Plaintiffs' allegation that Advanta transacts business in the District does not establish jurisdiction in the District. Plaintiffs have not established any connection between the business allegedly conducted by Advanta in the District and Plaintiff Radtke's claims. Because there is nothing in the complaint which establishes that Ms. Radtke's claim arises from acts of the Defendants in the District of Columbia, Ms. Radtke's claim should be dismissed for lack of jurisdiction.

Plaintiffs' opposition is also untimely under LCvR 7 which provides that an opposing party shall serve and file a memorandum of points and authorities within 11 days of the date of service of the motion. Defendants filed the motion to dismiss for lack of jurisdiction on January 22, 2007. Therefore, Plaintiffs' opposition was due by February 2, 2007. Plaintiffs did not file an opposition until February 9, 2007.

**IV.    Reply to Plaintiff's Opposition to Motion To Dismiss for Improper Venue**

Ms. Radtke's claim against Defendants should also be dismissed for lack of venue because the District of Columbia has no connection to her claims. According to the complaint, Ms. Radtke is a resident of Maryland and she worked for defendants in Virginia and Maryland. The complaint alleges that the defendant Caschetta is a resident

of Maryland and that the defendant Advanta is incorporated in Maryland.  There is nothing in the complaint which satisfies the requirements of 28 USC 1391 (b) in that none of the Defendants reside in the District of Columbia, none of the alleged events giving rise to the alleged claims took place here, and the Defendants may be found in Maryland.  Plaintiffs' allegation that Plaintiff Radtke had to drive through the District of Columbia to get from her work location in Virginia to her work location in Maryland is too tenuous to satisfy the venue requirement and, in any event, is missing from the complaint.

Plaintiffs' opposition is also untimely under LCvR 7 which provides that an opposing party shall serve and file a memorandum of points and authorities within 11 days of the date of service of the motion.  Defendants filed the motion to dismiss for improper venue on January 22, 2007.  Therefore, Plaintiffs' opposition was due by February 2, 2007.  Plaintiffs did not file their opposition until February 9, 2007.

**V.      Reply to Plaintiff's Opposition to Motion for More Definite Statement**

The complaint is so vague and ambiguous that it does not state what claims each Plaintiff has against each Defendant.  As written, each Plaintiff is suing all of the Defendants for violations of the Fair Labor Standards Act and for breach of contract.  In their opposition, Plaintiffs argue that plaintiff Cunningham has not brought a claim against defendant Advanta (Opposition at p. 4-5).  Because the complaint does not distinguish Ms. Cunningham's claims from Ms. Radtke's claims, there is no way of knowing this from reading the complaint.  Also, the Plaintiffs are suing for breach of contract but have not identified any contracts.  The opposition states that Ms.

Cunningham is not seeking damages under the contract containing the arbitration clause. Again, there is no way Defendants could know this from reading the complaint.

Defendants cannot properly respond to a complaint where the claims each plaintiff has against each defendant are not specifically stated. Therefore, the court should grant Defendants' motion for more definite statement.

Plaintiffs' opposition is also untimely under LCvR 7 which provides that an opposing party shall serve and file a memorandum of points and authorities within 11 days of the date of service of the motion. Defendants filed the motion for more definite statement on January 22, 2007. Therefore, Plaintiffs' opposition was due by February 2, 2007. Plaintiffs did not file their opposition until February 9, 2007.

## VI. Conclusion

For the foregoing reasons, the court should grant Defendants' motions.

Respectfully submitted,

\_\_\_s/Susan L. Kruger_____
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC 20036
Counsel for Defendants
202-463-6036
202-463-6067 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHY RADTKE, ET AL ) | | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | Civil Action No. 1:06CV02031 | |
| ) | (EGS) | |
| MARIA CASCHETTA, ET AL ) | | |
| ) | | |
| Defendant. ) | | |

**SWORN DECLARATION OF MARIA CASCHETTA**

Pursuant to 28 U.S.C. Section 1746, I, Maria Caschetta, declare as follows:

1. I have no ownership interest in Lifecare Management Partners.

2. I am not an officer or director of Lifecare Management Partners.

3. I am not an employee of Lifecare Management Partners.

Under penalty of perjury, I declare pursuant to 28 U.S.C. Section 1746 that the foregoing is true and correct.

Executed this 15 day of February, 2007.

*[signature: Maria M Caschetta]*
_____
Maria Caschetta