UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                  )
KATHY RADTKE, et al.,             )
                                  )
          Plaintiffs,             )
                                  ) Civil Action No. 06-2031 (EGS)
     v.                           )
                                  )
MARIA CASCHETTA, et al.,          )
                                  )
          Defendants.             )
                                  )
```

**MEMORANDUM OPINION**

Plaintiffs Kathy Radtke and Carmen Cunningham bring this action against defendants Maria Caschetta, Lifecare Management Partners ("Lifecare"), and Advanta Medical Solutions, LLC ("Advanta"), alleging breach of contract and violations of the Fair Labor Standards Act ("FLSA"). Currently pending before the Court are a set of defendants' motions – a motion to dismiss for improper venue, motion to dismiss for lack of personal jurisdiction, motion to sever, motion for a more definite statement, and motion to compel arbitration. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, the Court determines that plaintiffs' claims should be severed, defendants' motions regarding Cunningham's claims presently lack merit, and the Court needs additional information regarding the disposition of Radtke's clams. Therefore, for the reasons stated herein, defendants'

1

motion to sever plaintiffs' claims is **GRANTED**, defendants' motion for a more definite statement is **DENIED**, defendants' motion to compel arbitration is **DENIED without prejudice**, and the parties are directed to submit supplemental memoranda concerning the proper remedy for defendants' motions to dismiss.

## BACKGROUND

Plaintiffs filed their complaint in this Court on November 29, 2006. According to the complaint, plaintiff Radtke was hired by defendants Caschetta and Advanta in November 2004 as a medical records coder. Radtke worked on-site at the Pentagon in Arlington, Virginia, and at Kaiser Permanente in Kensington, Maryland. The complaint alleges that Radtke was not properly paid for overtime, working on holidays, and for her travel expenses. Plaintiff Cunningham was hired by defendants Caschetta and Lifecare in November 2002 as a medical records coder. Cunningham worked on-site at the Walter Reed Army Medical Center in Washington, D.C. The complaint alleges that Cunningham was not properly paid for overtime and working on holidays. Both plaintiffs bring claims for these lack of payments under the FLSA and as breaches of their employment contracts.

The complaint also alleges relevant facts about the parties. Radtke and Cunningham are both residents of Maryland. Caschetta is allegedly a resident of Maryland, full owner and officer or director of Advanta, and part owner and officer or director of

Lifecare.  Lifecare is incorporated in Virginia and registered to do business in the District of Columbia.  Advanta is incorporated in Maryland and registered to do business in the District of Columbia.

In response to the complaint, defendants filed a set of five motions: (1) a motion to dismiss Radtke's claims for improper venue under Federal Rule of Civil Procedure 12(b)(3); (2) a motion to dismiss Radtke's claims for lack of personal jurisdiction under Rule 12(b)(2); (3) a motion to sever the claims of the plaintiffs under Rule 21; (4) a motion for a more definite statement of the claims under Rule 12(e); and (5) a motion to compel arbitration of Cunningham's claims under the Federal Arbitration Act ("FAA").  In the course of briefing, defendants submitted two pieces of documentary evidence – an affidavit by Caschetta and a consulting contract between Cunningham and Adventa, signed in October 2003, which includes an arbitration clause.

## ANALYSIS

**I. Motion to Sever**

Claims may be severed if parties are improperly joined. Fed. R. Civ. P. 21.  In determining whether the parties are misjoined, the joinder standard of Rule 20(a) applies.  *M.K. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002).  There are two requirements for joinder under Rule 20(a): "(1) a right to relief

must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all of the parties must arise in the action." *Id.* at 138. Courts employ a case by case approach in evaluating whether particular facts constitute a single transaction or occurrence. *Id.*; *see also Disparte v. Corp. Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) ("In order to satisfy the first prong of this equation, the claims must be logically related."). Additionally, courts should consider whether an order under Rule 21 would prejudice any party, or would result in undue delay. *M.K.*, 216 F.R.D. at 138. The determination of a motion to sever is within the discretion of the Court. *Id.* at 137.

Defendants move to sever Radtke's claims from Cunningham's claims because the plaintiffs worked for different companies, at different locations, and have alleged different violations of the FLSA. Plaintiffs respond that joinder is appropriate because (1) both plaintiffs were employed by Caschetta, (2) Caschetta has some control of both defendant companies, (3) both plaintiffs were employed for the same task – medical record coding, and (4) both plaintiffs suffered the same type of harm – unpaid wages. Defendants have rebutted the first two assertions with Caschetta's affidavit. Caschetta states that she has no

ownership interest in Lifecare, is not an officer or director of Lifecare, and is not an employee of Lifecare. Aff. of Maria Caschetta, Defs.' Reply, Ex., at 1. Plaintiff has not responded to these factual assertions, nor has sought discovery in order to rebut them.

Accepting Caschetta's affidavit as undisputed, the Court finds that Caschetta is not related to Lifecare in any way, and thus did not employ Cunningham. This leaves as the only links between plaintiffs' claims the facts that plaintiffs were employed to perform the same type of work and allegedly suffered the same type of injury. Because they worked for separate companies and at different locations, however, plaintiffs claims do not arise out of the same transactions or occurrences. *See M.K.*, 216 F.R.D. at 138. Moreover, as this case is still in the pleadings stage, severing the claims will not unduly prejudice any party or delay proceedings. *See id.* Therefore, Radtke's claims shall be severed from Cunningham's claims.

**II. Motions to Dismiss**

Defendants move to dismiss Radtke's claims for lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3). To determine whether a court has jurisdiction over a defendant, it must first "determine whether jurisdiction over a party is proper under the applicable local long-arm statute and whether it accords with the demands of due

5

process." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). A court may find personal jurisdiction over a defendant through either general or specific jurisdiction. *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 58 (D.D.C. 2006). "If a defendant does not reside within or maintain a principal place of business in the District of Columbia, then the District's long-arm statute, D.C. Code § 13-423, provides the only basis in which a court may exercise personal jurisdiction over the defendant." *Id.* at 60.

Plaintiffs contend that jurisdiction is proper under section 13-423, which states, in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
> (1) transacting any business in the District of Columbia; . . .
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423. Plaintiffs argue that Caschetta and Advanta both transact business in the District, and thus are covered by the long-arm statute. Radtke's claims, however, arise out of defendants' business that occurred in Virginia and Maryland. *See* Compl. ¶¶ 13-17. There is no allegation that links Radtke's claims with any business of defendants transacted in the District. Therefore, Radtke has not stated a claim "arising from" the defendants' "transacting business in the District."

D.C. Code § 13-423. Thus, the Court lacks jurisdiction over the defendants for Radtke's claims. *See Ferrara*, 54 F.3d at 828.[1]

Though defendants seek a dismissal of Radtke's claims for lack of personal jurisdiction and lack of venue, that is not the appropriate remedy. The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983); *Jackson v. Fed. Bureau of Prisons*, 2006 WL 2434938, at *4 (D.D.C. Aug. 22, 2006). "Transfer is appropriate under 28 U.S.C. § 1406(a) when procedural obstacles such as lack of personal jurisdiction and improper venue impede an expeditious and orderly adjudication on the merits." *Jackson*, 2006 WL 2434938, at *4 (quoting *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983)). The decision to transfer an action on this basis is left to the discretion of the court, and, as a general matter, a transfer of the case is favored over a dismissal. *Id.*

Transfer of Radtke's claims is more appropriate than dismissal because Radtke could be adversely impacted by the statute of limitations. Neither party, however, has indicated which district would be the proper transfer destination. As the parties are in both Virginia and Maryland, and the events took place in both Virginia and Maryland, it appears that a transfer

---

[1] Because the Court lacks personal jurisdiction for Radtke's claims, it need not reach the question of whether venue is proper for the claims.

to either the District of Maryland or the Eastern District of Virginia may be appropriate. As neither party has addressed this issue, the Court directs both parties to file a supplemental memorandum discussing the most appropriate transfer destination for Radtke's claims.

### III. Motion to Compel Arbitration

Defendants move to compel arbitration for Cunningham's claims. The motion to compel arbitration is before the Court pursuant to Section 4 of the FAA, which allows a party that is "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration . . . [to] petition any United States district court . . . for an order directing that arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Under the FAA, there is a strong presumption in favor of enforcing arbitration agreements. *Stromberg Sheet Metal Works, Inc. v. Washington Gas Energy Sys., Inc.*, 448 F. Supp. 2d 64, 67 (D.D.C. 2006). Despite the presumption in favor or arbitration, however, "parties cannot be forced into arbitration unless they have agreed to do so." *Id.*

Because arbitration provisions are a matter of contract between the parties, it is for the Court to decide whether the parties are bound by a given arbitration clause. *Id.* Therefore, in evaluating a motion to compel arbitration, a court must apply a two-part inquiry: (1) determine whether the parties entered

8

into a valid and enforceable arbitration agreement, and if so, then (2) determine whether the arbitration agreement encompasses the claims raised in the complaint. *Id.* at 68. If the parties dispute facts concerning the agreement to arbitrate, the Court decides the issues using the standards for resolving a summary judgment motion pursuant to Rule 56. *Brown v. Dorsey & Whitney, LLP*, 267 F. Supp. 2d 61, 66-67 (D.D.C. 2003).

Defendants submitted with their motion a consulting contract between Cunningham and Adventa, signed in October 2003, which includes an arbitration clause. Consulting Agreement, Defs.' Mot. to Compel, Ex., at 3. Defendants contend that the Court should compel arbitration for Cunningham's claims under this contract. Plaintiffs have not submitted any evidence in response. Plaintiffs argue, however, that this contract is irrelevant because Cunningham's claims arise out of an employment agreement that occurred in November 2002, not October 2003. *See* Compl. ¶ 18 (alleging that Cunningham was hired in November 2002). In addition, the submitted contract is between Cunningham and Advanta, while the complaint alleges that Cunningham was hired by Lifecare. *See id.* As the Court lacks the factual record with which to resolve this dispute, defendants' motion to compel arbitration is denied without prejudice to reconsideration on a sufficiently developed factual record.

**IV. Motion for More Definite Statement**

Defendants move for a more definite statement of plaintiffs' claims because they have not identified the dates of the alleged FLSA violations, the specific amounts unpaid, or the written agreement that underlies the breach of contract claims. In a complaint, a plaintiff is required to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A Rule 12(e) motion will be granted if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Fed. R. Civ. P. 12(e). Rule 12(e) motions are typically disfavored by courts. *Hilska v. Jones*, 217 F.R.D. 16, 25 (D.D.C. 2003); *see also Tilley v. Allstate Ins. Co.*, 40 F. Supp. 2d 809, 815 (S.D. W.Va. 1999) (holding that 12(e) motions are "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail").

In this case, plaintiffs' complaint describes the basic features of their employment contracts – the parties in the relationship, the date of the contract formation, and their general duties – as well as their performance of the contract, breach of the defendants, and the injuries plaintiffs suffered. This is a sufficient pleading of the claims. *See Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 619 (N.D. Cal. 2002) (finding complaint sufficient where plaintiff pled existence of a

contract, performance, breach, and damages); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 415 (D. Or. 2002) ("In a claim for underpayment of wages it is not necessary for a plaintiff to plead individual dates for which wages were not paid."). Therefore, defendants' motion for a more definite statement lacks merit.

## CONCLUSION

The Court **GRANTS** defendants' motion to sever, and severs Radtke's claims from Cunningham's claims. With regard to Radtke's claims, the Court does not have personal jurisdiction over the defendants, and therefore directs both parties to file a supplemental memorandum discussing the most appropriate transfer destination for Radtke's claims. The supplemental memoranda shall be filed no later than June 1, 2007. Responses, if any, shall be filed no later than June 8, 2007. With regard to Cunningham's claims, the Court **DENIES** defendants' motion for a more definite statement, and **DENIES without prejudice** defendants' motion to compel arbitration because the factual record has not been sufficiently developed. An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan
            United States District Judge
            May 15, 2007**