IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, ET AL )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MARIA CASCHETTA, ET AL )<br>)<br>Defendants. ) | Civil Action No. 1:06CV2031<br>EGS |

## DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIMS AGAINST CUNNINGHAM

Defendants answer Plaintiff Cunningham's Complaint as follows:

I. Preliminary Statement

Defendants admit Plaintiff has brought an action under the Fair Labor Standards Act and under the common law tort of Breach of Contract but deny each and every allegation in this unnumbered paragraph.

II. Jurisdiction[1]

1. Defendants deny paragraphs 1-5.

2. Defendants deny knowledge sufficient to form a belief as to the truth of paragraphs 6-7.

3. In response to paragraph 8, Defendants admit that Maria Caschetta ("Caschetta") is a resident of the State of Maryland and that she is President of Advanta Medical Solutions, LLC ("Advanta"). The remaining allegations of paragraph 8 are

---

[1] By Order dated May 15, 2007, this Court ruled that it does not have personal jurisdiction over the Defendants with regard to Plaintiff Radtke's claims and so an Answer to Radtke's complaint will be filed once the case is transferred to a court which has jurisdiction of the matter.

denied.

4. In response to paragraph 9, Defendants admit that Lifecare Management Partners ("Lifecare") is registered to do business in the District of Columbia and is an employer within the meaning of the Fair Labor Standards Act. The remaining allegations of paragraph 9 are denied.

5. In response to paragraph 10, Defendants admit that Advanta is registered to do business in the District of Columbia. Defendants also admit that it is an employer within the meaning of the Fair Labor Standards Act. Defendants also admit that it was a subcontractor to Lifecare, which owned the contract to provide services at Walter Reed Army Medical Center Hospital. The remaining allegations of paragraph 10 are denied.

11. In response to paragraph 11, Defendants admit that Lifecare and Advanta operated medical record coding businesses which hired employees and contracted them out to perform medical record coding at the sites of various clients. The remaining allegations of paragraph 11 are denied.

12. In response to paragraph 12, Defendants admit that Plaintiff Radtke was hired by Advanta on or about October 2004 as a medical records coder. The remaining allegations of paragraph 12 are denied.

13. In response to paragraph 13, Defendants admit that Plaintiff Radtke provided medical record coding services at the Pentagon. The remaining allegations of paragraph 13 are denied.

14. Defendants deny paragraphs 14-17.

15. In response to paragraph 18, Defendants admit that Plaintiff Cunningham was hired by Lifecare in November 2002 as a medical records coder. The remaining

allegations of paragraph 18 are denied.

16.   In response to paragraph 19, Defendants admit that Plaintiff Cunningham worked at Walter Reed Army Medical Center. The remaining allegations of paragraphs 19 are denied.

19.   Defendants deny paragraphs 20-23.

20.   In response to paragraph 24, Defendants repeat and reallege their responses to the allegations herein.

21.   Defendants deny knowledge or information sufficient to form a belief as to the truth of paragraph 25.

22.   Defendants deny paragraphs 26-40.

## ANSWER TO ALL ALLEGATIONS

Defendants deny any and all allegations not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1.   Each count of the Complaint fails in whole or in part to state a claim upon which relief can be granted against Defendants.

2.   Each count of the Complaint is barred in whole or in part by the applicable statute of limitations.

3.   To the extent Plaintiff was not paid overtime for any hours worked over forty (40) in any pay period, Defendants state that Plaintiff was exempt and not entitled to such overtime payments under the Fair Labor Standards Act.

4.   To the extent Plaintiff was not paid for any hours worked on a holiday in any pay period, Defendants state that Plaintiff was exempt and not entitled to such holiday pay under the Fair Labor Standards Act.

5. Defendants acted in good faith at all times concerning the payment of wages to Plaintiff and had reasonable grounds for believing that its actions were in compliance with the Fair Labor Standards Act.

6. Plaintiff has failed to exhaust all administrative remedies.

7. This court lacks jurisdiction over the claims asserted herein because the claims are subject to binding arbitration.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and that they be awarded their costs and reasonable attorney's fees incurred in defending against the claims.

### COUNTERCLAIM AGAINST PLAINTIFF CUNNINGHAM

Defendants declare and aver as follows:

1. On November 28, 2002, Plaintiff Cunningham entered into a noncompete agreement with Defendant Lifecare, in which she agreed:

> Not to solicit or enter the employ of any LIFECARE or Advanta clients (or their agencts, such as other companies providing services to LIFECARE or Advanta clients) where you have provided services or where Advanta has an existing contract during the period while you have been in the employ of Advanta for a period of one year after termination of employment with LIFECARE.

2. Plaintiff Cunningham terminated her employment with Defendant Lifecare on or about January 6, 2006.

3. On information and belief, less than one year after terminating her employment with Defendant Lifecare, Plaintiff Cunningham became employed by a client and/or agent in violation of the noncompete agreement.

4. As a result of Plaintiff Cunningham's violation of the noncompete agreement, Defendants have sustained monetary damages including loss of income and profits.

4

WHEREFORE, Defendants/Counterclaimants pray that this Court:

a. Declare Cunningham's conduct to be in violation of the noncompete agreement;

b. Issue a permanent injunction to prevent Cunningham from continuing to violate the noncompete agreement;

c. Award monetary damages in an amount to be determined by a jury.

d. Award costs and attorneys' fees.

a. Award such other and further relief as may be deemed just and proper.

    Respectfully submitted,

    Alan Lescht
    Susan L. Kruger
    ALAN LESCHT & ASSOCIATES, P.C.
    1050 Seventeenth St., N.W.
    Suite 220
    Washington, DC 20036
    (202) 463-6036
    Attorneys for Defendants