IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHY RADTKE, ET AL     )
                        )
           Plaintiff,   )
    vs.                 )    Civil Action No. 1:06CV02031
                        )    (EGS)
MARIA CASCHETTA, ET AL  )
                        )
           Defendant.   )

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs' motion should be denied without reaching the merits of their allegations relating to joint employment because the court ruled it does not have jurisdiction over the plaintiff Radtke's claims; consequently, it stands to reason that the court should not join a claim over which it does not have jurisdiction with one that it does.

Second, Plaintiffs' Complaint does not even allege that defendants were joint employers and so Defendants should not be required to respond to allegations that are not set forth in the Complaint.

Third, Plaintiffs have not presented facts or argument that warrant a Rule 60(b) reconsideration motion because the facts and arguments made were available to them previously and the court did not make an erroneous ruling.

Even if accepted as true, which Defendants do not, the facts alleged by plaintiff Radtke in her affidavit do not establish joint employment. She alleges only that she was offered a chance to work for Advanta or LifeCare and she elected to work for Advanta. Her allegations regarding her job title and overtime pay were denied in the Defendants'

Answer to Cunningham's Complaint and there is nothing else that ties her employment to the District of Columbia, plaintiff Cunningham, or the other defendants in the case because the GAO decision has nothing at all to do with the facts alleged here, and statements made on websites regarding ventures entered into by parties in other transactions are not relevant to this case or the transactions that allegedly gave rise to the claims here.

## ARGUMENT

### 1.

**The court ruled that it does not have jurisdiction over Radtke's claims:**

In reaching its decision that it lacked personal jurisdiction over Plaintiff Radtke's claims, this Court ruled that "Radtke's claims arise out of defendants' business that occurred in Virginia and Maryland . . . There is no allegation that links Radtke's claims with any business of defendants transacted in the District." Memorandum Opinion at p.6.

Notably, Plaintiffs have not moved for reconsideration of this Court's ruling regarding its lack of personal jurisdiction over Plaintiff Radtke's claims.

As a result, one can only suppose Plaintiffs believe that joint employment somehow confers personal jurisdiction. This is simply not the case. Even if the Court were to conclude that Defendants were joint employers, joinder would still be improper because the court lacks personal jurisdiction over Plaintiff Radtke's claims.

Fed. R. Civ. P. 20 provides in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any

> right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20.

Although not specifically stated in Rule 20, it is axiomatic that joinder cannot be accomplished unless the Court has personal jurisdiction with respect to each cause of action joined and over each defendant joined.

Moreover, Rule 20 is limited by Rule 82 which provides:

> These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein.

Fed. R. Civ. P. 82.   *See Texas Employers Ins. Ass'n v. Felt*, 150 F.2d 227, 231 (5th Cir. 1945) (noting that Rule 20 "does not affect jurisdiction but it regulates procedure where the court already has jurisdiction").

Since this Court does not have jurisdiction over Plaintiff Radtke's claims, Plaintiff Radtke's claims cannot be joined with Plaintiff Cunningham's claims.

### 2.

### Plaintiffs did not allege joint employment in their Complaint:

Plaintiffs' Complaint does not allege that Defendants were joint employers. Nor does Plaintiffs' Complaint allege the requisite facts to plead joint employment. Plaintiffs should not be permitted to argue this new contention solely in support their motion for reconsideration when it was not pled in their Complaint because they are limited to arguing only what is contained in their Complaint.

Nothing presented by the Plaintiffs changes the allegations made in their Complaint:

The plaintiff Radtke alleges that she was employed by defendants Maria Caschetta and Advanta Medical Solutions, LLC (para. 12), that she was assigned to work at the Pentagon in Virginia and at Kaiser Permanente in Kensington, Maryland (paras. 13 and 14), and was not compensated for overtime she worked when traveling between locations and for federal holidays (paras. 16 and 17).

The plaintiff Cunningham alleges that she was employed by defendant Caschetta and Lifecare (para. 19), that she was assigned to work at Walter Reed Army Medical Center (para. 19), and that she was not compensated for overtime hours she worked in excess of forty and for federal holidays (paras. 20 and 21).

The two plaintiffs worked for different companies, at different locations, and have alleged different violations of the FLSA.

Even if accepted as true, which Defendants do not, the facts alleged by plaintiff Radtke in her affidavit do not establish joint employment. She alleges only that she was offered a chance to work for Advanta or LifeCare and she elected to work for Advanta. Her allegations regarding her job title and overtime pay were denied in the Defendants' Answer to Cunningham's Complaint and there is nothing else that ties her employment to the District of Columbia, plaintiff Cunningham, or the other defendants in the case because the GAO decision has nothing at all to do with the facts alleged here, and statements made on websites regarding ventures entered into by parties in other transactions are not relevant to this case or the transactions that allegedly gave rise to the claims here.

Therefore, there is no reason to disturb the Court's ruling.

### 3.

### The motion does not satisfy Rule 60(b):

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Plaintiffs do not allege mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation or misconduct. Instead, Plaintiffs appear to be claiming that the Court made errors in its legal reasoning. Plaintiffs' Memorandum states, for example, that the Court's finding that Defendant Caschetta is not related to Defendant Lifecare in any way and thus did not employ Defendant Cunningham "runs contrary to both the facts of this case and the well-settled law governing FLSA claims." Document 15-2, Plaintiff's Memorandum at page 2.

The District of Columbia Circuit does not allow Rule 60(b) motions to challenge alleged legal errors except in the most extreme circumstances—namely when the district court based its legal reasoning on case law that it had failed to realize had recently been overturned. *Ward v. Kennard*, 200 F.R.D. 137 (D.D.C. 2001) citing *District of Columbia Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 451-53 (D.C. Cir. 1975).

This is not such a case. The arguments made by Plaintiffs are not based on facts or evidence that was not previously available to them. Their "joint employer" argument is raised for the first time on this motion—it was not raised in response to the motion to dismiss and it was not even pled in their Complaint.

Plaintiffs should be permitted to raise factual and legal arguments that were previously available to them on a reconsideration motion.

The issue of joint employment should not be considered on a reconsideration motion when it was not presented to the court by the plaintiffs previously. It was not pled in the complaint and is a new factual argument that should not be permitted to be raised on a reconsideration motion.

Defendants deny the allegations that they should be considered to be joint employers of the plaintiffs and believe that the arguments made above should provide sufficient basis for the Court to deny the motion; however, in the event that the Court determines that a decision on the merits of the joint employer allegation is required for purposes of this motion for reconsideration, Defendants respectfully request that Plaintiffs be required to plead this contention in their complaint and that Defendants then be given an opportunity to respond to the pleading by way of a motion or answer.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration of the Court's order to sever should be denied.

Respectfully submitted,

_____/s/_____
Alan Lescht, Esq.
Susan L. Kruger, Esq.

Alan Lescht & Associates, P.C.  
1050 17th Street, N.W., Suite 220  
Washington, DC 20036  
Counsel for Defendants  
202-463-6036  
202-463-6067 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHY RADTKE, ET AL | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:06CV02031 |
| | ) | (EGS) |
| MARIA CASCHETTA, ET AL | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Upon consideration of the Plaintiffs' Motion for Reconsideration, the Defendants' opposition, and the entire record herein, it is this ____ day of _____, 2007, by this Court,

ORDERED, that Plaintiff's Motion for Reconsideration is DENIED.

_____
Hon. Emmet G. Sullivan
USDJ