**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATHY RADTKE, ET AL. | |
| Plaintiffs, | |
| v. | Civil Case No.: 06cv02031 (EGS) |
| MARIA CASCHETTA, ET AL. | |
| Defendants | |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTIONS FOR RECONSIDERATION OF ORDER TO SEVER**

Plaintiffs Kathy Radtke and Carmen Cunningham, by and through their under-signed counsel, hereby reply to Defendant's Opposition to Plaintiff's Motion for Reconsideration as follows:

**I. ARGUMENT IN REPLY**.

**A.  Plaintiffs Properly Provided Notice of Its Claim That the Defendants were Employers, and the Court May Consider The Statutory Definition In Deciding Whether to Sever and/or to Dismiss for Lack of Personal Jurisdiction.**

Defendants first complain that the Plaintiffs did not allege in their Complaint that Defendants Maria Caschetta ("Cashetta") and Advanta Medical Solutions, LLC ("Advanta") were joint employers under the Fair Labor Standards Act.  Defendants's argument is a red herring, aiming to distract the Court from the substance of Plaintiffs' claims.

A complaint need only set forth a short and plain statement of the claim, thereby giving the defendant fair notice of the claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Plaintiffs are simply required to state enough facts to state a claim to relief

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

that is plausible on its face. Bell Atlantic v. Twombly, — U.S. — (2007). The Plaintiffs met this obligation.

The Plaintiffs's Complaint specifically alleges that Defendants were employers within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) . Complaint, ¶27; *see also* Opposition to the Motion to Dismiss at 6. Section 203(d) defines an "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee. For the purposes of Section 203(d), the term "employer" encompasses joint employers. 29 C.F.R. § 791.2(a) n. 5.

The Complaint herein alleged that Defendant Caschetta and Defendant Advanta are related. Complaint, ¶8. Moreover, the Complaint alleges that Advanta was a subcontractor to LifeCare Management Partners ("Lifecare"). Complaint, ¶10. Therefore, as a matter of law, Plaintiff has pled sufficient facts to state a claim against Defendants as plausible joint employers. Bell Atlantic v. Twombly; Motion for Reconsideration of Order to Sever at 6 as to requirement of not completely disassociated employers.

**B.    This Court Has Jurisdiction for Plaintiff Radtke's Claims Which Are Related to the Business Activity of Joint Employers in the District of Columbia.**

Defendants contend that the Court's finding of a lack of jurisdiction precludes the issue of severance. This argument is another red herring. While the Court found that it did not have jurisdiction, it did so because it concluded that Ms. Radtke did not link her claims with any business activities of the Defendants which arose out of the District of Columbia. Memorandum Opinion at 6. The facts in Plaintiffs' Affidavits attached to the Motion for Reconsideration indicated to the

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

contrary — the facts inarguably demonstrate that Ms. Radtke's claims are linked with business activities here.

In a claim involving joint employers, as Ms. Radtke's claim is, jurisdiction may be established by showing injuries that relate to business activities of a joint employer within the District of Columbia. Generally, a claim for relief must result from alleged injuries that "arise out of or relate to" those business activities. Burger King v. Rudzewicz, 471 U.S. 462, 472 (1985), *quoting* Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414(1984); Cohane v. Arpane-California, 385 A.2d 153, 158-59 (1978).

For this Court to take jurisdiction, the Plaintiffs must show a "discernible relationship" with "certain minimum contacts" between a joint employer and the forum. Trertola v. Cotter, 601 A.2d 60, 64 (1991), *quoting* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). These minimum contacts reflect "conduct and connection with the forum state . . . such that [a joint employer] should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297.

The facts described by the Plaintiffs's in their Motion for Reconsideration bear directly on this Court's holding as to jurisdiction and the issue of "requisite contacts". Even though Ms. Radtke's claims arise out of defendants' business that occurred in Virginia, it was directly linked to the business of Defendants Cashetta and Advanta Medical Solutions, LLC's on a Federal government contract related to Walter Reed in the District of Columbia and an affiliate clinic in Virginia. Affidavit of Kathy Radtke, ¶¶4-5, attached to Motion for Reconsideration as Exhibit 3. Equally important, Ms. Cashetta regularly had a physical presence at the Walter Reed Medical

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Center contract in the District of Columbia. Affidavit of Carmen Cunningham, ¶ 6, attached to Motion for Reconsideration as Exhibit 4.

Defendants Caschetta and Advanta's contractual relationships relate to a federal government contract involving Walter Reed Medical Center, a contract on which Ms. Radtke worked for over a year. Since Ms. Radtke's wage losses were related to business activities of Defendant's Caschetta and Advanta in the District of Columbia, jurisdiction is established. Ms. Caschetta's physical presence as an agent of Advanta is sufficient to establish minimum contacts to the jurisdiction by Defendants Caschetta and Advanta.

Contrary to Defendant's assertions, Plaintiff has adequately preserved its argument as to jurisdiction. As a technical matter, it would have been inappropriate for Ms. Radtke to file a motion for reconsideration of this Court's holding on jurisdiction, both because this Court did not prepare a final order dismissing Plaintiff Radtke's claims based on lack of jurisdiction (*compare* Memorandum Opinion of May 15, 2005 with Order of May 15, 2007) and because such a motion for reconsideration would be appropriate only after this Court determines that the claims should not be severed.

For these reasons, the Court retains jurisdiction over this matter.

**C.    The Motion for Reconsideration May Be Considered as a Rule 59(e) Motion.**

It is axiomatic that a motion to dismiss which is filed within 10 days of a judgment is a Rule 59(e) motion. Nevertheless, because of a clerical error the Plaintiffs stated in the preamble of their Motion for Reconsideration stated that their motion was filed pursuant to Rule 60(b). We apologize to the Court and Defendants for any confusion that our error caused.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

If a plaintiff files a "Motion for Reconsideration" within the 10-day period set for Rule 59(e) motions, the court treats the motion as a Rule 59(e) motion to alter or amend judgment, as opposed to a Rule 60(b) motion seeking relief from a judgment or order. <u>Aftergood v. CIA</u>, 2004 WL 3262743 (D.D.C., Sept. 29, 2004); <u>United States v. Emmons</u>, 107 F.3d 762, 764 (10th Cir. 1997); <u>Small v. Hunt</u>, 98 F.3d 789, 797 (4th Cir. 1996).

<u>Plaintiff's Motion to Reconsider Order to Sever</u> was timely filed within 10 days. In this case the <u>Order</u> of the Court to sever was rendered on May 15, 2005. The <u>Motion for Reconsideration Order to Sever</u> was filed on May 30, 2005, which is within 10 days pursuant to Federal Rule of Civil Procedure Rule 6. Thus, the Court may entertain the instant motion as a Rule 59(e) motion without the limitations set forth in Rule 60(b).

WHEREFORE, the Plaintiffs additionally requests:

1) That the Motion for Reconsideration be considered a Rule 59 motion as to both jurisdiction and severance.

June 18, 2007                                         Respectfully submitted,

                                                       /s/
                                                      S. Micah Salb, #453197
                                                      Richard H. Semsker, #413886
                                                      Gwenlynn Whittle D'Souza #453849
                                                      Lippman, Semsker & Salb, LLC
                                                      7700 Old Georgetown Road, Suite 500
                                                      Bethesda, Maryland 20814
                                                      (301) 656-6905 / (301) 656-6906 (fax)

                                                      Attorneys for Plaintiffs

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906