```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA


                              )
KATHY RADTKE, et al.,         )
                              )
          Plaintiffs,         )
                              ) Civil Action No. 06-2031 (EGS)
          v.                  )
                              )
MARIA CASCHETTA, et al.,      )
                              )
          Defendants.         )
                              )
```

## MEMORANDUM OPINION

Plaintiffs Kathy Radtke and Carmen Cunningham bring this action against defendants Maria Caschetta, Lifecare Management Partners ("Lifecare"), and Advanta Medical Solutions, LLC ("Advanta"), alleging breach of contract and violations of the Fair Labor Standards Act ("FLSA"). In a May 2007 opinion and order, the Court (1) granted defendants' motion to sever Radtke's claims from Cunningham's claims; (2) denied defendants' motions for a more definite statement and to compel arbitration; (3) found that it lacked personal jurisdiction over defendants for Radtke's claims; and (4) requested information from the parties regarding the proper remedy for defendants' motion to dismiss for lack of jurisdiction. In response, plaintiffs have filed a motion for reconsideration of the Court's decision on severance and personal jurisdiction. Plaintiffs supplemented their motion with additional affidavits that present facts not previously

1

before the Court.  Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Court determines that the new facts presented by plaintiffs warrant reconsideration.  Therefore, for the reasons stated herein, plaintiffs' motion for reconsideration is **GRANTED**, the Court's May 2007 order is **VACATED** with regard to defendants' motion to sever, defendants' motion to sever is **DENIED**, and defendants' motions to dismiss for lack of personal jurisdiction and improper venue are **DENIED.**

## BACKGROUND

The Court described the facts alleged in plaintiffs' complaint in its May 2007 opinion and need not repeat them all here.  See *Radtke v. Caschetta*, No. 06-2031, 2007 WL 1438488, at *1 (D.D.C. May 15, 2007).  In support of their contract and FLSA claims, plaintiffs allege that they were not properly paid by defendants, their employers, for overtime, working on holidays, and travel expenses.  Included with their motion for reconsideration are supplemental affidavits from each of the plaintiffs.  Radtke states in her affidavit that she was interviewed for a job by defendant Caschetta and was offered a choice of working at either Advanta or Lifecare as a medical records coder.  Aff. of Kathy Radtke, Pls.' Ex. 3, ¶ 2.  She chose to work at Advanta.  *Id.* ¶ 3.  In that position, she was

directed by Caschetta to report to the Pentagon in Arlington, Virginia, to provide medical record coding services "on the Walter Reed contract." *Id.* ¶ 4.

Cunningham states in her affidavit that she was interviewed for a job by Caschetta, and that she was hired by Caschetta, Advanta, and Lifecare as a medical records coder. Aff. of Carmen Cunningham, Pls.' Ex. 4, ¶¶ 2-3. Cunningham signed a written employment agreement with Advanta and received paychecks and health insurance through Lifecare. *Id.* ¶¶ 4-5. Cunningham worked on-site at the Walter Reed Army Medical Center ("Walter Reed") in Washington, D.C. Compl. ¶ 19. Caschetta directed Cunningham's work, and Caschetta was the only managerial presence at the job site, "supervising all of the employees, including those who understood that they worked for Lifecare and those who understood that they worked for Advanta." Cunningham Aff., ¶ 6. Defendants have not submitted any evidence disputing these facts.

Following the Court's order in May, defendants filed an answer responding to Cunningham's claims. Of note in defendants' answer is the inclusion of a counterclaim against Cunningham, alleging that she violated a non-compete agreement. This non-compete agreement restricted Cunningham's future work with both Lifecare and Advanta's clients. Defs.' Am. Answer at 4. In response to the Court's order, defendants claim that the proper forum for Radtke's claims is the Eastern District of Virginia.

**ANALYSIS**

As an initial matter, the parties dispute the proper standard for evaluating plaintiffs' motion for reconsideration. Defendants contend that plaintiffs must satisfy the standard in Federal Rule of Civil Procedure 60(b). Plaintiffs contend that their motion was filed within 10 days, and thus can be considered under Rule 59(e). Neither party is correct. A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); *Reed v. Islamic Republic of Iran*, __ F.R.D. __, 2007 WL 1241868, at *3 (D.D.C. 2007). The standard of review for interlocutory decisions differs from the standards applied to final judgments under Rules 59(e) and 60(b). *Reed*, 2007 WL 1241868, at *3. Unlike the stricter standards under those rules, reconsideration of an interlocutory decision is available under the more flexible standard, "as justice requires." *Id.; see Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (indicating that reconsideration is available if the parties proffer supplemental evidence).

**I. Personal Jurisdiction**

Defendants move to dismiss Radtke's claims for lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3). To determine whether a court has jurisdiction over a defendant, it must first "determine whether

4

jurisdiction over a party is proper under the applicable local long-arm statute and whether it accords with the demands of due process." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). A court may find personal jurisdiction over a defendant through either general or specific jurisdiction. *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 58 (D.D.C. 2006). Using specific jurisdiction, "[i]f a defendant does not reside within or maintain a principal place of business in the District of Columbia, then the District's long-arm statute, D.C. Code § 13-423, provides the only basis in which a court may exercise personal jurisdiction over the defendant." *Id.* at 60.

Plaintiffs contend that jurisdiction is proper under section 13-423, which states, in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia; . . . .
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423. "The transacting any business finger of the long-arm statute has been held by the District of Columbia Court of Appeals to be coextensive with the Constitution's due process limit." *Savage*, 460 F. Supp. 2d at 60. "Thus, an out-of-state defendant may be haled into a court 'if the defendant has purposefully directed his activities at residents of the forum,

and the litigation results from alleged injuries that arise out of or relate to those activities.'"  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Plaintiffs argue that defendants transact business in the District, and thus are covered by the long-arm statute.  In the May opinion, the Court found there to be no allegation that linked Radtke's claims with any business of defendants transacted in the District, and concluded that Radtke has not stated a claim arising from the defendants' business in the District and thus that the Court lacked jurisdiction over defendants for Radtke's claims.  *Radtke*, 2007 WL 1438488, at *3.  Plaintiffs' supplemental evidence justifies altering this conclusion.  The statements in Cunningham's affidavit demonstrate that all three defendants were involved in Cunningham's services rendered at Walter Reed.  Thus, defendants transacted business and apparently contracted to supply services in the District of Columbia. Radtke has presented evidence that her claims are linked to defendants' contacts in the District as she has stated that she provided services "on the Walter Reed contract," at the "Walter Reed contract site at the Pentagon."  Radtke Aff., ¶¶ 4-5.  Thus, the Court must consider whether this link is sufficient to allow personal jurisdiction over defendants for her claims.

Radtke's claims must arise from defendants' business in the District.  D.C. Code § 13-423(b).  The D.C. Court of Appeals has

6

"interpreted the 'arise from' language flexibly and synonymously with 'relate to' or having a 'substantial connection with,' in the same way that the Supreme Court's due process analysis has used these terms interchangeably.'" *Kroger v. Legalbill.com LLC*, No. 04-2189, 2005 WL 4908968, at *6 (D.D.C. Apr. 7, 2005) (quoting *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 333 (D.C. 2000)). The Court of Appeals "stated that the claim raised could 'arise out of or relate to' the business activity, and need only have a 'discernable relationship to the business transacted in the District.'" *Id.* (quoting same). The Court of Appeals also focused on "the requirement that a defendant 'purposefully direct its activities at forum residents.'" *Id.* (quoting *Shoppers Food*, 746 A.2d at 337). In this fashion, the statutory test for specific personal jurisdiction mirrors the constitutional limitations on personal jurisdiction. *See id.* at *4-6.

   Radtke's claims have a "discernable relationship" with defendants' business activities at the Walter Reed Army Medical Center because they arose out of her medical record coding work "on the Walter Reed contract" at the "Walter Reed contract site at the Pentagon." As Radtke's work was part of the overall work being done by defendants at and for Walter Reed, her claims "relate to" defendants' business in the District. Moreover, while defendants could have offered affidavits or other evidence

7

to rebut Radtke's showing that her claims arise from defendants' business in Washington D.C., they have no done so. *See id.* at *9. Thus, the Court has personal jurisdiction over defendants for Radtke's claims under D.C.'s long-arm statute.

Finally, as defendants provided medical records coding services at Walter Reed, it is clear that jurisdiction here satisfies due process. Defendants "purposefully availed" themselves of the benefits and privileges of conducting activities in Washington D.C. "such that [they] should reasonably anticipate being haled into court here." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Jurisdiction here also does not offend "traditional notions of fair play and substantial justice" because relevant events occurred in this district and defendants are not prejudiced by the nine-mile distance between this district and their preferred forum, the Eastern District of Virginia. *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Kroger*, 2005 WL 4908968, at *10; *Weinberger v. Tucker*, 391 F. Supp. 2d 241, 245 (D.D.C. 2005). Therefore, the Court grants plaintiffs' motion to reconsider its May opinion and, based on the new evidence presented by plaintiffs, concludes that this Court does have personal jurisdiction over defendants for Radtke's claims.

**II. Severance and Venue**

Claims may be severed if parties are improperly joined.

Fed. R. Civ. P. 21.  In determining whether the parties are misjoined, the joinder standard of Rule 20(a) applies.  *M.K. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002).  There are two requirements for joinder under Rule 20(a): "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) a question of law or fact common to all of the parties must arise in the action."  *Id.* at 138.  In the Court's May opinion, the Court found that Radtke's claims and Cunningham's claims did not arise out of the same transactions because Caschetta and Advanta employed Radtke, but there was no evidence that either defendant was connected to Cunningham's employment.  *Radtke*, 2007 WL 1438488, at *2 (citing *M.K.*, 216 F.R.D. at 138).

   Plaintiffs have now submitted evidence, which has not been rebutted by defendants, that Caschetta interviewed and hired Cunningham, Cunningham signed an employment agreement with Advanta, and Caschetta supervised Cunningham at Walter Reed.  In fact, defendants now allege that Cunningham signed a non-compete agreement that applied to both Advanta and Lifecare.  Therefore, both plaintiffs were hired by defendants, both plaintiffs performed the same type of work for defendants, plaintiffs' work was connected as being part of the defendants' work for Walter Reed, and plaintiffs allege similar injuries.  Thus, plaintiffs'

9

claims are "logically related" and satisfy the first prong of the test for joinder. *See Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004). For the same reasons, questions of fact related to defendants' employment practices are likely to be common between plaintiffs' actions. Therefore, in light of plaintiffs' new evidence, severance of Radtke's and Cunningham's claims is inappropriate. *See M.K.*, 216 F.R.D. at 138.

Finally, upon consideration of plaintiffs' supplemental facts, the Court will deny defendants' motion to dismiss Radtke's claims for improper venue. When, as here, subject-matter jurisdiction is not premised solely on diversity of citizenship, section 1391(b) specifies that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2); *see Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 55 (D.D.C. 2006) ("Nothing in section 1391(b)(2) mandates that a plaintiff bring suit in the district where the most substantial portion of the relevant events occurred, nor does it require a plaintiff to establish that every event that supports an element of a claim occurred in the district where venue is sought."). As Radtke's claims are related to defendants' work at Walter Reed, a substantial part of the events giving rise to her claims occurred in this district. In addition, as this district is a proper venue for Cunningham's claims, and, as discussed above,

plaintiffs' claims "originate from a common nucleus of operative fact," this district is a proper venue for Radtke's claims under the doctrine of "pendent venue."  See *Burnett v. Al Baraka Inv. and Dev. Corp.*, 274 F. Supp. 2d 86, 98 (D.D.C. 2003).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is **GRANTED**, the Court's May 2007 order is **VACATED** with regard to defendants' motion to sever, defendants' motion to sever is **DENIED**, and defendants' motions to dismiss Radtke's claims for lack of personal jurisdiction and improper venue are **DENIED**.  Finally, defendants are directed to file an amended answer that encompasses both Radtke's and Cunningham's claims. An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan
            United States District Judge
            July 17, 2007**