IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHY RADTKE, ET AL ) | | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | Civil Action No. 1:06CV02031 | |
| ) | (EGS) | |
| MARIA CASCHETTA, ET AL ) | | |
| ) | | |
| Defendant. ) | | |

### DEFENDANTS' RESPONSE TO MARCH 11, 2008 ORDER

Defendants Maria Caschetta, Advanta Medical Solutions, LLC and LifeCare Management Partners, by counsel, hereby provide the following pursuant to Judge Sullivan's Order dated March 11, 2008:

This action arises out of Plaintiff Radtke's employment at the Pentagon, in Virginia, and at Kaiser Permanente in Maryland and Plaintiff Cunningham's employment at Walter Reed Army Medical Center in Washington, DC. Plaintiffs allege that defendants violated the Fair Labor Standards Act and breached a contract. Defendants deny plaintiffs' allegations. Defendants filed counterclaims against the plaintiffs alleging that they violated noncompete agreements.

The parties seek to enter into a confidentiality agreement but disagree concerning who shall be permitted to have access to items designated as confidential. The parties agree that confidential information may be disclosed to the parties, their lawyers, court personnel and expert witnesses. The plaintiffs also seek to disclose confidential information to "witnesses and potential witnesses." The defendants object to disclosure of confidential information to witnesses and potential witnesses. The portion of the confidentiality

agreement at issue is as follows: (The specific language at issue is highlighted).

> 5. Parties and counsel receiving information designated Confidential shall not use, disclose, make available, or communicate such information to any person, except that:
>
> (a) Counsel may disclose information designated Confidential to the parties to this case, to such other lawyers and paralegal, secretarial, and clerical personnel who are regular employees of said counsel, to the extent that such disclosure is necessary for the preparation for proceedings, hearings, trial, and the appeal of this Case only; the Court and Court personnel, including secretaries, clerks, and court reporters as is necessary for purposes of this Case; testifying and consulting experts specially retained for purposes of this Case; **and other witnesses and potential witnesses whom a Party reasonably believes have a need to know the information and who agree to comply with and be bound by the requirements of this Order.** Neither Counsel nor anyone else bound by this Stipulation and Order may disclose information designated confidential to anyone not designated by this paragraph. All persons to whom Counsel may, and does, disclose such information designated Confidential pursuant to this subparagraph shall be informed of and be bound by the terms of this Stipulation and Order, and shall execute the Confidentiality Agreement attached as Exhibit 1 before they are provided with information designated as Confidential.

The defendants are seeking to protect their confidential business information. The defendants believe that disclosures to witnesses and potential witnesses would destroy the confidentiality of their business information. In addition, since "potential witnesses"

could be anyone who worked for the defendants, the defendants believe that plaintiffs' attorneys may use defendants' confidential business to solicit other clients and/or for purposes that are not related to the claims asserted in this lawsuit.

For the foregoing reasons, the court should rule that witnesses and potential witnesses shall not have access to confidential information.

                                                                _____/s/_____
                                                                 Alan Lescht, Esq.
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Counsel for Defendants
202-463-6036
202-463-6067 (fax)