**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| KATHY RADTKE, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>MARIA CASCHETTA, ET AL.<br><br>Defendants. | Civil Case No.: 06cv02031 (EGS) |

## MEMORANDUM REGARDING CONFIDENTIALITY ORDER

Pursuant to Order of this Court, Plaintiffs Kathy Radtke and Carmen Cunningham, by and through their under-signed counsel, herewith provide their Memorandum as requested by the Court on the dispute as to the scope of the Confidentiality Order.

The Parties have negotiated a proposed confidentiality order which restricts access to information which a Party believes "contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information." *See* draft proposed confidentiality order, attached hereto as Exhibit 1 (reflecting limited amendment not yet discussed by the Parties, such as paragraph headings). The Parties have reached agreement in all matters with one exception. Specifically, the Parties disagree over whether counsel should be permitted to share confidential information (as that term is used in the Order) with prospective witnesses.

Protective orders are governed by Federal Rule of Civil Procedure 26(c) in federal court, which authorizes trial courts to grant protective orders "'for good cause shown." It is axiomatic that information exchanged during discovery as part of a legal proceeding is presumptively not treated as confidential but that the moving party has the burden to prove good cause as to any restrictions

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

on the disclosure of information. In other words, the Defendant has the burden to demonstrate good cause to restrict the Plaintiffs' use of this information.[1]

The presumptive openness of discovery can only be rebutted by making specific factual demonstrations of significant harm that meet the good-cause standard. Conclusory allegations are insufficient to meet this standard.[2]

In this case, the Defendants have articulated no good cause. While it is reasonable to expect that the Parties may exchange confidential information, including compensation information, for example, there is no showing that the Defendants will suffer the sort of meaningful harm required by the Rules if this information is revealed to potential witnesses. In a wage and hour claim such as this one, the Plaintiffs are plainly called upon to determine the authenticity and accuracy of documents, such as documents that purport to demonstrate the hours worked by particular employees. It may be impossible to do this without showing confidential information to the prospective witness.

---

[1] *See*, *e.g*, New York v. Microsoft Corp., 206 F.R.D. 19 (D.D.C. 2002) (holding that Rule 26(c) puts onus on proponent of secrecy to exclude others from discovery by requiring protective order); Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 790 (1st Cir. 1988) ("It is implicit in Rule 26(c)'s 'good cause' requirement that ordinarily (in the absence of good cause) a party receiving discovery materials might make them public."); San Jose Mercury News, Inc. v. United States District Court, 187 F.3d 1096,1103 (9th Cir. 1999) (holding that fruits of discovery are presumptively public in absence of protective order under Rule 26(c)); American Tel. & Tel. Co. v. Grady, 594 F.2d 594, 596-97 (7th Cir. 1978) (("As a general proposition, pre-trial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings.").

[2] Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87 (3d Cir. 1994) (parties must make particularized showings of a clearly defined and serious injury from disclosure); Glenmede Trust Co. v. Hutton, 56 F.3d476, 484 (3d Cir. 1995) (it is party's burden to demonstrate that it will sustain specific injury from public dissemination); Anderson v. Cryovac, 805 F.2d 1,6 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."); 8 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2035, at 264-65 (1970).

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

The Defendants simply do not meet their burden by stating that it has a fear that the Plaintiffs may try to lure the Defendants' employees from them by showing confidential information to them. Not only are the Defendants' vague and uncertain, but they have made no showing of harm.

The Defendants' stated concerns seem to suggest that they believe that the Plaintiffs may try to steal trade secrets or other valuable business information, such as employee lists. However, that information will be available to the Plaintiffs whether or not the restriction which the Defendants seek here is imposed. Furthermore, it would be improper for the Plaintiffs to do that, since the order already provides that the information can only be used for this litigation; this added provision adds nothing. Finally, in this regard, the Defendants have not demonstrated that any of the confidential information which will be protected by this Order would, in fact, be a trade secret. It may be that the information is merely embarrassing to the Defendants; in that case, the Defendants gain no protection at all. Claims that public disclosure would be harmful to a defendant's reputation are not sufficient to warrant a protective order.[3]

Therefore, the Defendants' request that the Plaintiffs be barred from disclosing confidential information to prospective witnesses must be denied.

March 14, 2008                                  Respectfully submitted,

                                                /s
                                                S. Micah Salb
                                                Gwenlynn Whittle D'Souza
                                                Lippman, Semsker & Salb, LLC
                                                7979 Old Georgetown Road, Suite 1100
                                                Bethesda, Maryland  20814
                                                (301) 656-6905

                                                Counsel for Plaintiff

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[3] Wauchop v. Domino's Pizza, Inc., 138 F.R.D. 539, 546 (N.D. Ind. 1991) (citing supporting cases).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KATHY RADTKE, ET AL ) | | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | Civil Action No. 1:06CV02031 | |
| ) | (EGS) | |
| MARIA CASCHETTA, ET AL ) | | |
| ) | | |
| Defendant. ) | | |

**STIPULATION AND ORDER
REGARDING CONFIDENTIAL MATERIAL**

It is hereby stipulated and agreed between Plaintiff and Defendants, that the following provisions shall govern discovery in the above-captioned matter ("this Case"):

1.   **Confidential Information.**   The Parties have agreed that all documents designated as "Confidential" in this matter shall be treated as confidential within the terms of this Stipulation and Order Regarding Confidential Material ("Agreement"), and that one may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information.

2.   **Designation of Confidentiality.**

(a)   Information shall be designated Confidential by placing or affixing on each page (or in the case of non-document information such as data "diskettes," on a label placed on the front or other suitable position on the exterior of the item) containing the information in question (without interfering with the legibility or function thereof) the following or similar notice:  "CONFIDENTIAL".  Any page or item bearing such notice, and the information contained on such pages or item, shall be Confidential unless the Party placing the notice on the

page or item shall clearly indicate thereon that only a portion of that page or item is to be treated as Confidential.

(b) Deposition testimony may be designated Confidential under this Agreement by placing the notice on the transcript pages pursuant to Paragraph 2(c) infra, or by making a statement as to the confidential nature of the testimony on the record.

(c) With respect to deposition transcripts, Counsel for the Parties shall have 30 days after receipt of a transcript to designate in writing all or a portion thereof as Confidential. Further, all testimony relating to the documents identified as "Confidential" shall be treated as "Confidential" under the terms of this Agreement.

(d) The protections and restrictions on use and disclosure of information designated Confidential shall apply to any abstracts, summaries, copies, notes, extracts, and other documents or means of expression of such information. However, the omission of the legend called for by this paragraph shall not effect the confidential nature of the documents.

3. **Challenge to Confidentiality Designation.** Any party can challenge the designation of any material as "Confidential" at any time by providing written notice to the other party (and to the producing entity, if appropriate). Within five (5) business days after the receipt of such notice, the other party and the producing party, if appropriate, will either voluntarily remove the confidential designation or inform the challenging party that it will not remove the confidential designation. If the matter is not resolved thereafter, then the challenging party shall contact this Court in order to resolve any questions regarding the proper application of a claim of confidentiality subject to this order. All documents, testimony, or other matters designated as confidential, however, shall retain their confidential status until such time as the parties' contentions regarding the designation of confidentiality are fully and finally adjudicated, including such appeal(s), as either party may desire.

4. **Restriction as to Use of Confidential Information.** Parties and counsel receiving information designated Confidential shall not use, disclose, make available, or communicate such information to any person, except that:

    (a) Counsel may disclose information designated Confidential to the parties to this case, to such other lawyers and paralegal, secretarial, and clerical personnel who are regular employees of said counsel, to the extent that such disclosure is necessary for the preparation for proceedings, hearings, trial, and the appeal of this Case only; the Court and Court personnel, including secretaries, clerks, and court reporters as is necessary only for purposes of this Case; testifying and consulting experts specially retained for purposes of this Case; and who agree to comply with and be bound by the requirements of this Order.  Neither Counsel nor anyone else bound by this Stipulation and Order may disclose information designated confidential to anyone not designated by this paragraph, including without limitation, current and former employees of Defendants.  All persons to whom Counsel may, and does, disclose such information designated Confidential pursuant to this subparagraph shall be informed of and be bound by the terms of this Stipulation and Order, and shall execute the Confidentiality Agreement attached as Exhibit 1 before they are provided with information designated as Confidential

    (b) Information designated Confidential may be used in connection with the deposition in this case of any person, whether or not the deponent is an officer or an employee of a Party, provided that the deponent and counsel for the deponent, if not otherwise bound by this Stipulation and Order, shall be informed prior to the submission of information designated Confidential that such information is about to be submitted and that a confidentiality agreement in the form attached hereto as Exhibit 1 must be signed and shall be marked as an exhibit to the transcript of the deposition.  In the event of refusal of the witness and/or his counsel to execute such confidentiality agreement, the Party attempting to use such information or any other Party may seek an appropriate order from this Court.

    (c) In the event that information designated Confidential is to be utilized or referred to during a deposition, then only the court reporter, the deponent, his counsel, Counsel, the officers and directors of the Parties and those persons who are bound by the terms of this Stipulation and Order may be present.  Copies of the confidentiality agreement executed by

persons who are present and who are bound shall be furnished to counsel for the Parties in advance of such examination on information designated Confidential.

(d) To the extent that the transcript of any deposition and the exhibits thereto incorporate any information designated Confidential, such transcript and such exhibits shall be designated Confidential and shall be subject to the terms of this Stipulation and Order.

5. All persons to whom Counsel may, and does, disclose information designated Confidential pursuant to this Order shall be informed of and be bound by the terms of this Stipulation and Order, and shall execute the Confidentiality Agreement attached as Exhibit 1. Executed confidentiality agreements in the form attached hereto as Exhibit 1 shall be maintained by Counsel obtaining the execution of such agreements and shall be disclosed prior to the trial of this matter upon order of the Court.

6. Should any information designated Confidential become incorporated in and/or made exhibits to any affidavits, answers to interrogatories, deposition transcripts, briefs, memoranda, hearing transcripts, trial transcripts, or other papers to be filed with this Court, such papers shall be filed with the Clerk of the Court under seal, to be made available only to the Court, court personnel, and Counsel, unless otherwise ordered by this Court upon prior notice to Counsel for the Parties. Counsel will present filings containing information designated as Confidential to the Clerk in envelopes bearing the caption of this case (including the case number) and the following statement:

> "CONFIDENTIAL: This envelope containing documents which are filed in this case by (name of party) is not to be opened nor the contents thereof to be revealed except by court order; provided, however, that counsel of record in this case may open this envelope in the office of the Clerk of this Court and there inspect the contents hereof, without order of Court, and upon completion of each inspection by Counsel, the envelope containing such documents shall be resealed."

Any document submitted to this court, or to any appellate court utilizing this procedure, shall thereby become a part of the record. The Clerk is directed by this order to accept such filings.

7. Nothing contained in this Stipulation and Order shall be construed to prejudice any Party's right to use in open court in this Case and present to the Court and the jury any information designed Confidential or to object thereto, provided the parties agree to utilize their best efforts to find a means for conveying the import of such confidential information without actually disclosing such Confidential information.

8. Information designated Confidential shall not be used by Counsel, or any other person to whom information designated Confidential is disclosed for any purpose other than the preparation for proceedings, hearings, the trial, and the appeal of this Case and shall not be used in this Case for any other purpose or in any other action, claim, or proceeding, or for any other purpose.

9. Within 60 days of final determination of all matters at issue in this Case, either by settlement or final judgment, and after exhaustion of all appeals or expiration of the time for taking such appeals, all copies of all information designated Confidential received by Counsel, and/or experts, and all abstracts, summaries, copies, notes, extracts, or other tangible expression of information designated Confidential, shall be returned to Counsel for the opposing Party or Counsel for Deponent, or destroyed, at the producing party's expense. Notice of such destruction shall be given to opposing counsel or counsel for deponent within the 60-day period described above.

10. Nothing herein shall prevent entry of an order, upon appropriate showing, requiring that any documents designated Confidential shall receive additional protection beyond that provided herein.

11. This Stipulation and Order may be modified upon application to the Court, for good cause shown, upon 10 days written notice to the Parties.

This Agreement has been executed below as of this _____ day of _____, 2008.

Kathy Radtke

_____

Carmen Cunningham

_____

Advanta Medical Solutions, LLC

_____

Maria Caschetta

_____

Lifecare Management Partners

_____

By:

SO ORDERED AND ENTERED this _____ day of _____, 2008.

_____

Judge Sullivan
US District Court for the District of Columbia

**EXHIBIT 1**

CONFIDENTIALITY AGREEMENT

The undersigned, having read and understood the Stipulation and Order Regarding Confidential Material entered in this action on _____, 2008, governing the restricted use of documents and other information designated Confidential obtained by the Parties during discovery in the above-captioned matter, hereby agrees to be bound by the terms of the Stipulation and Order.

Name: _____

Address: _____

_____

_____

Dated: _____, 2007

Witness:

_____    _____

                                                             Signature