IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHY RADTKE, ET AL | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:06CV02031 |
| | ) | (EGS) |
| MARIA CASCHETTA, ET AL | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF ORDER GOVERNING CONFIDENTIAL MATERIAL**

Defendants Maria Caschetta, Advanta Medical Solutions, LLC and LifeCare Management Partners, by counsel, state the following in opposition to Plaintiff's Motion for Entry of Protective Order Governing Confidential Material:

This action arises out of Plaintiff Radtke's employment at the Pentagon, in Virginia, and at Kaiser Permanente in Maryland and Plaintiff Cunningham's employment at Walter Reed Army Medical Center in Washington, DC.  Plaintiffs allege that Defendants violated the Fair Labor Standards Act and breached a contract.  Defendants deny Plaintiffs' allegations.  Defendants filed counterclaims against the Plaintiffs alleging that they violated noncompete agreements.

The parties seek to enter into a confidentiality agreement however Plaintiffs' attorneys are now refusing to sign the agreement.  They appear to be asking this court to hold that the confidentiality agreement binds only the parties and not their attorneys.

In support of their motion, Plaintiffs claim that Defendants are already protected by Rule 1.6 of the D.C. Ethics Rules.  However, Rule 1.6 prevents attorneys from disclosing *client* confidences, not confidential information from the opposing party.  Rule

1.6 does not prevent Plaintiffs' attorneys from disclosing confidential information pertaining to the Defendants.

Plaintiffs also cite D.C. Ethics Op.335. This opinion deals with confidentiality of settlement agreements. It states that a settlement agreement may not require *public* information about a lawsuit to be kept confidential.

The Defendants are not seeking to prevent disclosure of public information. The Defendants are seeking to protect their confidential business information. Defendants' confidential business information will not be protected if Plaintiffs' attorneys are not bound by the confidentiality agreement. The Defendants believe Plaintiffs' attorneys may use defendants' confidential business information to solicit other clients and/or for purposes that are not related to the claims asserted in this lawsuit.

The confidentiality agreement already provides Plaintiffs with a mechanism to challenge the confidentially designation. To the extent Plaintiffs believe the information Defendants seek to keep confidential is already in the public domain, they can file a motion with the court to remove the confidentiality designation.

For the foregoing reasons, the court should reject Plaintiffs' frivolous argument and order Plaintiffs' attorneys to sign the confidentiality agreement along with their clients.

Respectfully submitted,

_____/s/_____
Alan Lescht, Esq.
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Counsel for Defendants
202-463-6036
202-463-6067 (fax)

3