IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, ET AL )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MARIA CASCHETTA, ET AL )<br>)<br>Defendant. ) | Civil Action No. 1:06CV02031<br>(EGS) |

## DEFENDANTS' RESPONSE TO JUNE 9, 2008 ORDER

Defendants by counsel, hereby provide the following pursuant to Judge Sullivan's Order dated June 9, 2008:

I.  Plaintiff's responses to Defendants' discovery—Matters still at issue[1]:

A..  Interrogatories 1-3 requesting that Plaintiffs identify each day they worked over 8 hours, each week they worked over 40 hours and each Federal holiday they worked and to provide the number of hours they worked and the amount of their compensation. Plaintiffs objected based on the privileges for attorney-client communications, joint defense, and work product. This information is not privileged information.

B.  Interrogatories requesting Plaintiffs to itemize all damages and to calculate the amounts Plaintiffs claim Defendants owe them as compensation under FLSA. Plaintiffs objected based on the privileges for attorney-client communications, joint defense, and work product. Plaintiffs' damages are not privileged information.

C.  Interrogatories requesting Plaintiffs to describe in detail the facts supporting the various contentions of Plaintiffs' complaint. Plaintiffs objected based on the privileges for attorney-client communications, joint defense, and work product, for a lack of foundation,

---

[1] Yesterday evening Plaintiffs' attorney supplemented Ms. Radtke's discovery responses. Ms. Cunningham has not supplemented her responses but her attorney indicated that supplementation would be forthcoming.

and calling for speculation. Facts supporting the contentions in a complaint are not privileged information.

D. Interrogatories requesting descriptions of all employment from 2000 and job duties performed for defendants. Plaintiff Radtke objected as not relevant, unduly burdensome and calling for a legal conclusion. This information is relevant to the issues in Plaintiff's complaint.

II. Defendants' Responses to Plaintiff's Discovery—Matters still at issue[2]:

A. Plaintiffs' request for documents reflecting hours worked by Plaintiffs. Defendants have already provided the official timesheets from which Plaintiffs' compensation was calculated. Plaintiffs' request for preliminary timesheets (which were superseded by the official timesheets) or records derived from official timesheets would be unduly burdensome and not relevant to the issues in Plaintiffs' complaint.

B. Plaintiffs' request for Defendants' financial statements and profit and loss statements from 2003 to present. Plaintiffs claim this information is relevant to the issue of joint employer liability. Defendants' position is that this information is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants have already agreed to provide other business documents such as articles of incorporation, bylaws and business plans (to the extent such business plans refer or relate to the work performed by the plaintiffs). These confidential documents will be produced after the Protective Order is signed.

---

[2] Plaintiffs' attorney sent the email attached as Exhibit A to Defendants' counsel yesterday evening describing the issues which were still outstanding. Defendants' counsel will produce statements responsive to requests 3-6 and Defendants will provide responsive confidential documents such as the Walter Reed Contract after the Protective Order is signed. There are issues raised by Plaintiffs' counsel in her status report which were not raised in Exhibit A and therefore, Defendants are not addressing them.

2

Respectfully submitted,
_____/s/_____
Alan Lescht, Esq.
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Counsel for Defendants
202-463-6036/202-463-6067 (fax)

# Alan Lescht

| | |
|---|---|
| From: | Susan Kruger [susan.kruger@verizon.net] |
| Sent: | Tuesday, June 10, 2008 3:52 PM |
| To: | 'Alan Lescht' |
| Subject: | FW: Defendants' Responses to Document Requests |

-----Original Message-----
From: Gwenlynn Whittle D'Souza [mailto:gdsouza@lsslawyers.com]
Sent: Monday, June 09, 2008 6:51 PM
To: Susan Kruger
Subject: Defendants' Responses to Document Requests

Other than the documents not received pursuant to the Protective Order, we are also seeking complete responses to document requests 3-6, 23, and 33-34. Below is a summary of the outstanding document-related disputes.

In Document Requests #3-6, Plaintiff requested any and all statements by the Defendants regarding this matter. A Government Accountability Office Decision indicates that Defendants, when disputing the award of the Walter Reed Contract, made statements about the competitor bids not factoring the Government Services Act overtime pay requirements. This information is relevant because it would show that Defendants had knowledge of Plaintiffs non-exempt status. Additionally, any e-mails to employees about holiday and vacation pay are relevant to the issue of overtime. In Document Request 23, Plaintiff requested any and all records of hours worked by each Plaintiff. Any records derived from the official timesheets, particularly requests for payment pursuant to the Government Services Contract Act, are relevant, because they may indicate Defendants sought higher compensation for work performed over 40 hours a week by the Plaintiffs. Additionally, any preliminary timesheets maintained by any Defendant are relevant to each Defendant's knowledge of the actual time Plaintiffs spent working. Moreover, Defendant document production (poorly redacted without any assertion of
privilege) indicates unemployment insurance payments may have been made for the Plaintiffs. A computation of plaintiff's hours, which includes a notation of hours spent, would be evidence of Defendant's understanding that Plaintiffs were, in fact, employees, rather than independent contractors.
In Document Requests 33-34, Plaintiff have requested financial statements and profit and loss statements. The documentation is relevant to the issue of joint employer liability, particularly any indicia of unified operation or common control.

--

Gwen Whittle D'Souza
Senior Associate

        gdsouza@lsslawyers.com <mailto:msalb@lsslawyers.com>
<http://www.lsslawyers.com>

*Privacy Notice:* This e-mail may contain confidential information that may also be legally privileged and that is intended only for the use of the addressee(s) named above. If you are not the intended recipient or an authorized agent of the recipient, please be advised that any dissemination or copying of this e-mail, or taking of any action in reliance on the information contained herein, is strictly prohibited. If you have received this e-mail in error, please notify me immediately by clicking here
<mailto:msalb@lsslawyers.com>, and then delete the e-mail from your system. Thank you!

*Tax Advice Notice:* We inform you, in accord with IRS Rules governing written tax advice from attorneys, that any U.S. tax advice contained in this email communication (including any attachments) is not intended or written to be used for the purposes of (1) avoiding penalties under federal tax laws, specifically including the Internal Revenue Code, or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.