**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                  |
KATHY RADTKE, ET AL.                        |
                                                                  |
                                                                  |
       Plaintiffs,                                          |
                                                                  |
              v.                                               |      Civil Case No.: 06-2031 (EGS)
                                                                  |
MARIA CASCHETTA, ET AL.                 |
                                                                  |
                                                                  |
       Defendants.                                        |
_____|

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## AMENDED COMPLAINT

Plaintiffs, Kathy Radtke and Carmen Cunningham, by and through their under-signed counsel pursuant to Federal Rule of Civil Procedure 15, respectfully request that the Court grant leave to amend Plaintiffs' Complaint. The grounds for this motion are as follows:

1. Plaintiffs filed a Complaint which includes counts for unpaid wages in violation of The Fair Labor Standards Act, 29 U.S.C. §§ 203 *et. seq.*, and common law breach of contract.

2. Plaintiffs seek to amend the Complaint to add counts for violations of the Maryland Wage and Hour Act, Md. Code, Labor and Employment Article § 3-415 *et. seq.*, as well as the Maryland Wage Payment Collection Act, Md. Code, Labor and Employment Article § 3-505 *et. seq.* Pursuant to Local Rule 7(m), Plaintiffs have sought the consent of the Defendants on June 27, 2008, which was denied.

3. Federal Rules of Civil Procedure 15 provides that leave to amend pleadings, "shall be freely given when justice so requires."

4. The Supreme Court has held that leave to amend a complaint should be granted,

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

Foman v. Davis, 371 U.S. 178, 182 (1962). *See also* Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (acknowledging that it is an abuse of discretion for a district court to deny leave to amend absent a sufficient reason).

5. To determine if the threat of prejudice to the opposing party is sufficiently great to warrant denying leave to amend, generally courts consider, " 'the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.' " Childers v. Mineta, 205 F.R.D. 29, 32 (D.D.C. 2001) (*quoting* 6 Wright, Miller, and Kane, Federal Practice & Procedure, § 1487 at 621, 623 (3d ed. 2001)).

6. If the Motion for Leave to Amend the Complaint were denied, the Plaintiffs (and Defendants) would incur additional costs of a separate action and have a shorter period of recoverable wages.

7. After discovery responses were received in this matter, it became clear that the documentation reflected that Maryland law applied because the relevant Parties tendered and received offers of employment in Maryland.

8. Because the additional counts in the Amended Complaint are based on the same factual issues and do not dramatically alter the nature of this case since both laws deal with overtime violations, granting this Motion will not prejudice the Defendants. Mississippi Assn. of Cooperatives v. Farmers Home Admin., 139 F.R.D. 542, 544 (D.D.C. 1991)(finding prejudice from tangentially related count).

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

9. Additionally as no trial date has been set and because the Parties have a motion to modify the scheduling order pending before the court, granting this Motion will not cause undue delay to these proceedings.

WHEREFORE, Plaintiffs respectfully requests:

a. That this Court grant them leave to file a Amended Complaint and that the Clerk enter the Amended Complaint, *nunc pro tunc* to November 29, 2006;

b. That the proposed Amended Complaint relate back to the date of Plaintiffs' Complaint; and

c. For such other relief as the nature of the case may require.

Respectfully submitted,

/s/
S. Micah Salb#453197
Gwenlynn Whittle D'Souza#453849
Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, Maryland 20814
(301) 656-6905

Counsel for Plaintiffs

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATHY RADTKE <br> 11226 Troy Road <br> Rockville, Maryland 20852 <br><br> AND <br><br> CARMEN CUNNINGHAM <br> 13009 Scalp Duck Court <br> Upper Marlboro, Maryland 20774 <br><br> Plaintiffs, <br><br> v. <br><br> MARIA CASCHETTA <br> 11756 Frederick Road <br> Ellicott City, Maryland 21042 <br><br> AND <br><br> LIFECARE MANAGEMENT PARTNERS <br> 6601 Little River Turnpike, Suite 300 <br> Alexandria, Virginia 22312 <br><br>     SERVE: <br>     Dorothy M. Hesser, Resident Agent <br>     6601 Little River Turnpike, Suite 300 <br>     Alexandria, Virginia 22312 <br><br>     AND <br><br> ADVANTA MEDICAL SOLUTIONS, LLC <br> 11756 Frederick Road <br> Ellicott City, Maryland 21042 <br><br>     SERVE: <br>     Maria Caschetta, Resident Agent <br>     11756 Frederick Road <br>     Ellicott City, Maryland 21042 <br><br> Defendants | Civil Case No.: 06-2031 (EGS) |

**Lippman, Semsker & Salb, LLC** <br> 7700 Old Georgetown Road, Suite 500 <br> Bethesda, MD 20814 <br> Tel. (301) 656-6905 <br> Fax (301) 656-6906

**AMENDED COMPLAINT**

COME NOW the Plaintiffs, Kathy Radtke and Carmen Cunningham, by and through their under-signed attorneys, and sue the Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, and for their causes of action, Plaintiffs declare and aver as follows:

**I. Preliminary Statement.**

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and under the common law tort of Breach of Contract, which arises out of a common nucleus of operative facts, for compensatory damages and equitable relief against Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, growing out of Defendants' refusal to pay to Plaintiffs their proper wages, including overtime wages, often failing to pay Plaintiffs at all for the work they performed, and paying them only partially and in an untimely manner when they did pay Plaintiffs.

**II. Jurisdiction.**

1. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as a case arising under the laws of the United States, and 28 U.S.C. § 1337, as an action arising under the Act of Congress regulating commerce.

2. This Court also has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, as amended.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

3. This Court has jurisdiction over Plaintiffs' pendent state law claim of Breach of Contract pursuant to 28 U.S.C. § 1367(a), in that it arises out of a common nucleus of operative facts and is so related to the claims in this action within such original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiffs have satisfied all private, administrative, and judicial prerequisites to the institution of this action.

### III. Venue.

5. The venue of this action is properly placed in the United States District Court for the District of Columbia pursuant to 29 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia, where the Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, regularly conduct business, and where the majority of the unlawful employment practices were committed.

### IV. Parties.

6. Plaintiff Kathy Radtke is a resident of the State of Maryland. At all times relevant to this cause of action Ms. Radtke was an employee within the meaning of the Fair Labor Standards Act.

7. Plaintiff Carmen Cunningham is a resident of the State of Maryland. At all times relevant to this cause of action, Ms. Cunningham was an employee within the meaning of the Fair Labor Standards Act.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

8.  Defendant Maria Caschetta is a resident of the State of Maryland and is an officer and/or director of Lifecare Management Partners and Advanta Medical Solutions, LLC. Defendant Caschetta is the sole owner of Advanta Medical Solutions, LLC. Upon information and belief, Deefendant Caschetta is a part owner of Lifecare Management Partners.

9.  Defendant Lifecare Management Partners (hereinafter "Lifecare") is incorporated in the Commonwealth of Virginia and is registered to do business in the District of Columbia. Defendant Lifecare Management Partners is an employer within the meaning of the Fair Labor Standards Act.

10. Defendant Advanta Medical Solutions, LLC (hereinafter "Advanta"), is incorporated in the State of Maryland and is registered to do business in the District of Columbia. Advanta is an employer within the meaning of the Fair Labor Standards Act. Advanta was a sub-contractor to Lifecare, which owned the contract to provide services at Walter Reed Army Medical Center Hospital. Advanta is owned in whole by Defendant Maria Caschetta.

### V. Statement of Facts.

11. Defendants Caschetta, Lifecare, and Advanta operated medical record coding businesses which hired employees and contracted them out to perform medical record coding at the sites of various clients.

12. Plaintiff Kathy Radtke was hired by Defendants Caschetta and Advanta in November 2004 as a medical records coder.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

13. As a medical records coder, Plaintiff Radtke was required to report to the Pentagon in Arlington, Virginia, every morning to provide approximately four hours of medical record coding services.

14. Plaintiff Radtke was then required by Defendants Caschetta and Advanta to travel between one and two hours to her afternoon work site, which was Kaiser Permanente, located in Kensington, Maryland.

15. Plaintiff Radtke was required by Defendants Caschetta and Advanta to work at least four hours at the Kaiser site daily.

16. Although required to travel during her normal workday, and although the travel time forced Plaintiff Radtke to be engaged in work activities regularly exceeding nine hours per day and forty-five to fifty hours per week, Plaintiff Radtke was never compensated for her time worked over forty hours per week. Nor was Plaintiff Radtke at any time reimbursed for her travel expenses.

17. Furthermore, Plaintiff Radtke was required to work several federal holidays. Plaintiff Radtke was never paid overtime or holiday pay for these services.

18. Plaintiff Carmen Cunningham was hired by Defendants Caschetta and Lifecare in November 2002 as a medical records coder.

19. Plaintiff Cunningham was assigned by Defendants Caschetta and Lifecare to work at the Walter Reed Army Medical Center.

20. Plaintiff Cunningham was regularly required to work forty-one to fifty-five hours per week. At no time was Plaintiff Cunningham compensated at an overtime rate for her work performed in excess of forty hours per week.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

21. Furthermore, Plaintiff Cunningham was regularly required to work certain holidays. At no time was Plaintiff Cunningham paid overtime or holiday pay for the services she was required to perform on those days.

22. As a result of the aforementioned conduct, Plaintiffs Radtke and Cunningham have suffered a loss of wages and benefits, stress and anxiety, and other non-pecuniary losses.

23. Plaintiffs Radtke and Cunningham have exhausted all administrative remedies and have no plain, adequate, or complete remedy at law to redress the wrongs alleged.

## COUNT ONE
## Violation of Maryland Wage and Hour Law

24. Plaintiffs repeat and reiterate each and every allegation of Paragraphs 1 through 23 of this Complaint as if specifically alleged herein.

25. Defendants failed to pay Plaintiffs promised wages, including overtime, which is due and owing to them.

26. Defendants failed to pay these monies to Plaintiffs at any time on or before the employment relationship between the parties terminated.

27. Defendants' failure to pay Plaintiffs the overtime wages owed to them violates Md. Code, Labor and Employment Article § 3-415.

28. The Court is permitted to award Plaintiffs reasonable counsel fees for any violation of the Maryland Wage and Hour Act. Md. Code, Labor and Employment Article § 3-427.

WHEREFORE, Plaintiffs pray that this Court

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

    a.    Order Defendants to pay Plaintiffs, pursuant to Md. Code, Labor and Employment Article § 3-427(a), the withheld wages plus interest;

    b.    Order Defendants, pursuant to Md. Code, Labor and Employment Article § 3-427, to pay Plaintiffs' reasonable attorney's fees and costs, plus interest; and

    c.    Order such other and further relief as the nature of this matter may require.

## COUNT TWO
### Violation of Maryland Wage Payment and Collection Law

29.    Plaintiffs repeat and reiterate each and every allegation of Paragraphs 1 through 23 of this Complaint as if specifically alleged herein.

30.    Defendants failed to pay Plaintiffs promised wages, including overtime, which is due and owing to them.

31.    Defendants failed to pay these monies to Plaintiffs at any time on or before the employment relationship between the parties terminated.

32.    The aforesaid actions and/or omissions are in contravention of the Maryland Wage Payment and Collection Act. Md. Code, Labor and Employment Article § 3-505.

33.    The Court is permitted to award Plaintiffs treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Act. Md. Code, Labor and Employment Article § 3-507.1.

WHEREFORE Plaintiffs pray that this Court:

    a.    Order the Defendants to pay Plaintiffs, pursuant to Md. Code, Labor and Employment Article § 3-507.1(a), the withheld wages owed and, Md. Code, Labor and Employment Article § 3-507.1(b), three times the amount of wages owed, plus interest;

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

b.  Order the Defendants, pursuant to Md. Code, Labor and Employment Article § 3-507.1, to pay Plaintiffs' reasonable attorney's fees and costs, plus interest; and

c.  Order such other and further relief as the nature of this matter may require.

### COUNT THREE
### Violation of the Fair Labor Standards Act

34. Plaintiffs repeat and reiterate each and every allegation of Paragraphs 1 through 23 of this Complaint as if specifically alleged herein.

35. Pursuant to 29 U.S.C. § 216(b), the Plaintiffs have consented in writing to be party Plaintiffs in this FLSA action. Their written consents are attached to this Complaint.

36. At all times relevant to this action, Plaintiffs were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

37. At all times relevant to this action, Defendants were employers of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

38. At all times relevant to this action, the Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

39. At all times relevant to this action, Plaintiffs were employed by the Defendants in an enterprise engaged in commerce of the production of goods for commerce.

40. The Defendants failed to pay the Plaintiffs minimum wages as required by the FLSA, often failing to pay them at all for the work they performed, and paying them only partially and in an untimely manner when they did pay the Plaintiffs, in violation of the FLSA, 29 U.S.C. §§ 206(a).

41. Upon information and belief, Defendant is without a valid exemption from the Fair Labor Standard Act's minimum wage provision, including exemption under the Portal-to-Portal Exception, pursuant to 29 U.S.C. § 254.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

42. During their employ with Defendants, Plaintiffs have worked in excess of 40 hours per week (including travel time) for which they were not compensated with one-and-a-half times their normal pay, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207(a).

43. Upon information and belief, Defendant is without a valid exemption from the Fair Labor Standards Act's overtime wage provision, including exemption under the Portal-to-Portal Exception, pursuant to 29 U.S.C. § 254.

44. The Defendants' failure to pay the Plaintiffs proper minimum and overtime wages was a willful violation of the Fair Labor Standards Act.

45. As a result of the Defendants' violation of the Fair Labor Standards Act, Plaintiffs are entitled to recover their unpaid minimum and overtime wages, plus an additional and equal amount in liquidated damages, liquidated damages for the late partial payment of a portion of their Fair Labor Standards Act wages, a reasonable attorneys' fee, and costs of this action, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiffs' rights under the Fair Labor Standards Act;

b. Award Plaintiffs lost wages and benefits;

c. Award Plaintiffs appropriate liquidated damages;

d. Award Plaintiffs their costs and attorneys' fees; and

e. Award Plaintiffs such other and further relief as may be deemed just and proper.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

## COUNT FOUR
## Breach of Contract

46. Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 45 of this Complaint as if specifically alleged herein.

47. Pursuant to their employment with Defendants, Defendants agreed to pay Plaintiffs for their services at a specified hourly rate.

48. Defendant failed to provide an accurate and timely accounting of the method of computation of Plaintiffs' pay.

49. Upon information and belief, Plaintiffs were not paid fully for their services.

50. Defendants' actions constitute a breach of contract.

WHEREFORE, Plaintiffs pray that this Court:

a. Declare Defendants' conduct to be a malicious breach of contract;

b. Award Plaintiffs lost wages and benefits;

c. Award Plaintiffs appropriate compensatory damages;

d. Award Plaintiffs their costs and attorneys' fees; and

e. Award Plaintiffs such other and further relief as may be deemed just and proper.

Plaintiffs Kathy Radtke and Carmen Cunningham, by and through their under-signed counsel, herewith demand a trial by jury on all issues in this case.

Respectfully submitted,

_____
S. Micah Salb, #453197

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Gwenlynn D'Souza, #453849
Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland  20814
(301) 656-6905
(301) 656-6906 (fax)

Attorneys for Plaintiffs

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 11 -

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                    |                                    |
|------------------------------------|------------------------------------|
| KATHY RADTKE, ET AL.               |                                    |
|                                    |                                    |
| Plaintiffs,                        |                                    |
|                                    |                                    |
| v.                                 | Civil Case No.: 06-2031 (EGS)      |
|                                    |                                    |
| MARIA CASCHETTA, ET AL.            |                                    |
|                                    |                                    |
| Defendants.                        |                                    |

**ORDER**

Upon consideration of Plaintiff's Motion for Leave to File an Amended Complaint , it is this

_____ day of _____, 2008, hereby:

ORDERED that the Motion be, and hereby is, GRANTED; and it is further

ORDERED that the Amended Complaint is filed *nunc pro tunc* to November 29, 2006.

SO ORDERED.

_____

Judge

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906