IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, ET AL ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. 1:06CV2031 |
| ) | EGS |
| MARIA CASCHETTA, ET AL ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants Maria Caschetta, Advanta Medical Solutions, LLC and LifeCare Management Partners, by counsel, state the following in support of their opposition to Plaintiff's opposition to Plaintiff's Motion For Leave to File Amended Complaint:

**FACTUAL BACKGROUND**

This action arises out of Plaintiff Radtke's employment at the Pentagon, in Virginia, and at Kaiser Permanente in Maryland and Plaintiff Cunningham's employment at Walter Reed Army Medical Center in Washington, DC. Plaintiffs allege that Defendants violated the Fair Labor Standards Act and breached a contract. Defendants deny Plaintiffs' allegations. Defendants filed counterclaims against the Plaintiffs alleging that they violated non-compete agreements.

Plaintiffs filed their lawsuit on November 29, 2006. This Court's Order dated October 9, 2007, provides that amendments to the pleadings shall be made by December 7, 2007. On July 1, 2008, over 18 months after filing their lawsuit, and almost eight months past the deadline for filing amendments to the pleadings, Plaintiffs filed a motion to amend their complaint to include Maryland state law claims.

**LEGAL ARGUMENT**

**I.     Introduction**

Plaintiffs' motion should be denied. First, the amendment is futile as to Plaintiff Cunningham. Second, Plaintiffs' reasons for delay are unjustified. Third, Defendants will be prejudiced by this amendment.

**II.    Standard for Amendment of Pleadings**

Fed. R. Civ. P. 15(a) provides that "a party may amend his pleadings only by leave of the court." Although the rule provides that leave shall be freely given, denial of a motion for leave to amend is appropriate in cases of undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, (1962).

**III.   Plaintiffs' Proposed Amendment Is Futile As To Plaintiff Cunningham**

Amendment of the complaint is futile if the amended complaint cannot withstand a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), *cert. denied*, 464 U.S. 937, 78 L. Ed. 2d 314, 104 S. Ct. 348 (1983). In this case, amendment with respect to Plaintiff Cunningham is futile because the complaint does not allege that she performed any work for Defendants in Maryland.

1.      <u>Maryland Wage Payment and Protection Law</u>.

The Maryland Wage Payment and Protection Law defines "employer" as "any person who employs an individual in the State or a successor of the person. Md. Labor and Employment Code § 3-501 (b). Both the original and the proposed amended complaint allege that Plaintiff Cunningham was employed at Walter Reed Medical

Center which is located in the District of Columbia. There are no allegations that Plaintiff performed any work in Maryland. Thus, Plaintiff Cunningham cannot recover under the Maryland Wage Payment and Collection Act.

2.  <u>Maryland Wage and Hour Law</u>

Although the definition of "employer" in the Maryland Wage and Hour Law appears to be broader than the definition of employer in the Maryland Wage Payment and Collection Law,[1] the Maryland General Assembly makes it clear that the purpose of the Maryland Wage and Hour Law is to set minimum wage standards "*in the State.*" Md. Labor and Employment Code Ann. § 3-402 (emphasis supplied). Thus, even if Plaintiff Cunningham was hired in Maryland, that lone connection with the State of Maryland does not bring Defendants within the purview of the Maryland Wage and Hour Law.

In *Martinez v. Holloway*, Civil Action No. DKC 2003-2118 (D. Md. 2005) (relevant portions of which is attached as Exhibit A), a magistrate judge in the United States District Court for the District of Maryland found that when an employer hired his employees in Maryland but all their work was performed in Pennsylvania, the employer was not subject to liability under either the Maryland Wage and Hour Law or the Maryland Wage Payment and Collection Law. In reaching his decision, the magistrate judge adopted the factors relied upon by the court in *Hodgson v. Flippo Constr. Co.*, 164 Md. App. 263 (Md. Ct. Spec. App. 2005) for determining whether an employee is regularly employed in Maryland for purposes of the Workers' Compensation statute. Those factors included: (1) where the employee was hired; (2) whether the employment arrangement contemplated the employee's regular presence in a particular jurisdiction; (3) the nature of the employer's work; (4) the scope and

---

[1] Md. Labor and Employment Code § 3-401 (b) defines "employer" as a person who acts directly or indirectly in the interest of another employer with an employee.

purpose of the hiring; (5) duration of employment (meaning consistency of the employee's work in a particular jurisdiction); and (6) representations by the employer regarding where the employee would be working.  164 Md. App. at 269.  The magistrate judge concluded that the plaintiffs were not employed in Maryland because only one factor favored their position—they were hired in Maryland.

In this case, Plaintiff Cunningham does not allege that she worked anywhere other than the District of Columbia.  Her only connection to the state of Maryland is that she may have been tendered employment there. (Plaintiffs' motion at para. 7).  Thus, Plaintiff Cunningham cannot recover under either the Maryland Wage and Hour Law or the Maryland Wage Payment and Collection Law.

### IV.     Plaintiffs' Reasons for Delay Are Unjustified

The court should deny Plaintiffs' motion to amend as untimely because the time to amend their complaint expired on December 7, 2007.   Moreover, Plaintiffs do not have good cause for their delay in amending their complaint.  It is disingenuous for Plaintiffs to contend that for the past 18 months they did not know that Maryland law could apply to this case when their complaint alleges that Plaintiff Radtke worked at least four hours a day at Kaiser Permanente located in Kensington, Maryland (Complaint, para. 14).  Likewise, the court should reject Plaintiffs' contention that they did not know where they had received their offers of employment until they reviewed documents produced in discovery.   Plaintiffs were present when the offers of employment were tendered and signed and cannot now claim that they lacked knowledge of what state they were in when this occurred.

### V.     Defendants Will Be Prejudiced By the Amendment

4

The possibility of prejudice to the opposing party is the most important factor the Court must consider when deciding whether to grant a motion for leave to amend. *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006).  In this case, Plaintiffs are attempting to add two new causes of action that could potentially subject Defendants to significant additional damages as well as penalties.  Moreover, Plaintiffs are asking the court to relate the proposed amendment back to the date of Plaintiff's complaint, thus avoiding Maryland's three year statute of limitations which would bar any claim prior to July 2005 if a new lawsuit were filed today.   *See* Md. Courts and Judicial Proceedings Code § 5-101.

In this case, discovery is well under way and certain deadlines, such as the time for expert disclosures under Rule 26(a)(2), have already passed.  Thus, amendment at this late date would be highly prejudicial to Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend their complaint to include Maryland state law claims should be denied.

_____/s/_____
Alan Lescht, Esq.
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Counsel for Defendants
202-463-6036
202-463-6067 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BYRON MARTINEZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. DKC-03-2118 |
| | ) | |
| JERHONDA B. HOLLOWAY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On August 12, 2005, the Honorable Deborah K. Chasanow referred this case to the undersigned in accordance with 28 U.S.C. § 636 for determination of damages after the entry of default.[1] *See* Docket No. 39. On August 18, 2005, the undersigned issued an Order scheduling a damages hearing for September 27, 2005. *See* Docket No. 40. The Order was sent by electronic notice, via the Court's CM/ECF System, to Plaintiffs' counsel. The Order was sent by regular mail and registered mail/return receipt requested to the three individual Defendants.[2] The evidentiary hearing commenced on September 27, 2005 and continued and concluded on

---

[1] Order of September 23, 2004. *See* Docket No. 19. On January 14, 2005, Defendants filed a combined Motion to Vacate Entry of Default Order and Motion to Dismiss Case as to Erma Holloway and Jerhonda Holloway. *See* Docket No. 32. On May 18, 2005, Defendants filed a Reply to Plaintiffs' Opposition to Defendants' Motion to Vacate Entry of Default Order and Motion to Dismiss. *See* Docket No. 35. Five days later Judge Chasanow directed Defendants to provide original documents within 15 days. *See* Docket No. 36. On August 9, 2005, Judge Chasanow denied Defendants' Motion to Vacate Default since Defendants failed to file original documents with original signatures as ordered on May 23, 2005. *See* Docket No. 37, at 1-2. At the evidentiary hearing Defendant Cornell Holloway denied receiving the August 9, 2005 Order. *See* Tr. 9:17 - 10:5.

[2] Defendant Cornell Holloway claimed he received the August 18, 2005 Order the week before September 27, 2005. Defendant Holloway acknowledged that he has all business mail sent to this mailbox. Defendant Holloway could not explain the discrepancy between the return receipt card, postmarked August 22, 2005, and his assertion that the undersigned's Order was not received until the week of September 19, 2005. *See* Tr. 7:11 - 9:2.

1

| Mayorga | $912.00 | $912.00 | $1,824.00 |
|---------|---------|---------|-----------|

221. Plaintiffs also seek unpaid minimum wages and overtime compensation under the Maryland Wages and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-413, 3-415, and treble damages under the Maryland Wage Payment and Collection Law, Md. Code. Ann., Lab. & Empl. § 3-507(b).

222. Plaintiffs acknowledge that the work they performed for the Defendants occurred in the Commonwealth of Pennsylvania and the State of Ohio. Nevertheless, Plaintiffs contend the Maryland Wages and Hour Law regulates their employment.

223. Plaintiffs argue they were employed by the Defendants in the State of Maryland, that the Defendants specifically came to Maryland to recruit them and the arrangements for the employment were made in Maryland. Moreover, the employer provided transportation from Maryland to Pennsylvania.

224. According to Plaintiffs, it was well known in the immigrant community in Langley Park, Maryland that the Defendants were recruiting workers from Maryland.

225. Further, when wages were not paid, Plaintiffs made telephone calls to N. Martinez in Maryland. "Phone calls were made back to Maryland and promises were made, inducements were given to the workers for them to continue their labor." Tr. 152:14 - 16.

226. Plaintiffs claim there is significant contact with the State of Maryland regarding their employment and thus their employment falls within the ambit of the Maryland Wages and Hour Law.

227. The Maryland Wages and Hour Law defines employer as "includ[ing] a person

who acts directly or indirectly in the interest of another employer with an employee." Md. Code. Ann., Lab. & Empl., § 3-401(c).

228. The undersigned notes the General Assembly explained the purpose of this law, to set minium wage standards in the State of Maryland. *See* Md. Code Ann., Lab. & Empl., § 3-402(b).

229. The undersigned has not found any Maryland cases delineating the factors which establish that a person is employed in the State of Maryland and thus making that employment subject to the Maryland Wages and Hour Law and the Maryland Wage Payment and Collection Law.

230. Plaintiffs' counsel acknowledges this is an issue of first impression.

231. Relying upon the definition of employ, meaning to engage an individual to work, *see* Md. Code Ann., Lab. & Empl. § 3-101(c), Plaintiffs argue the Defendants employed or engaged them to work in the State of Maryland, although the work was performed outside the State, and thus Maryland law applies.

232. Plaintiffs' counsel informed the court of an unpublished decision concerning a Workers Compensation claim that is adverse to Plaintiffs' position. That case is *Hodgson v. Flippo Constr. Co.*, No. 861, 2005 WL 2233240 (Md. Ct. Spec. App. Sept. 15, 2005).

233. In determining whether an employee is "regularly employed" in Maryland for purposes of Section 9-203 under the Workers' Compensation statute, the Maryland Court of Special Appeals considered the following factors: (1) where the employee was hired; (2) whether the employment arrangement contemplated the employee's regular presence in a particular jurisdiction; (3) the nature of the employer's work; (4) the scope and purpose of the hiring; (5)

33

duration of the employment (meaning consistency of the employee's work in a particular jurisdiction); and (6) representations by the employer regarding where the employee would be working. *Hodgson*, 2005 WL 2233240, at 3.

234. The undersigned finds the *Hodgson* factors persuasive and will apply them to this case.

235. Only one factor favors Plaintiffs' position — they were hired in Maryland.

236. When each Plaintiff accepted Defendants' offer of employment, each Plaintiff knew he would work in Pennsylvania. Defendants represented to the Plaintiffs that the work would be in Pennsylvania. Except for Plaintiff Castenda, who worked in the State of Ohio, the other ten Plaintiffs worked exclusively in Pennsylvania.

237. The undersigned finds the Plaintiffs were not employed in the State of Maryland.

238. Plaintiffs are not entitled to unpaid minimum wages and overtime compensation under the Maryland Wages and Hour Law.

239. Plaintiffs are not entitled to treble damages under the Maryland Wage Payment and Collection Law.

240. Plaintiffs' counsel is not entitled to reasonable counsel fees and other costs under the Maryland Wage Payment and Collection Law.

241. Under the FLSA an employee, as the prevailing party, is entitled to reasonable attorney's fees and costs of the action to be paid by the Defendant. "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216. *See Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1994) ("The payment of attorney's fees to

249. That unpaid minimum wages and overtime compensation not be awarded to Plaintiffs pursuant to the Maryland Wages and Hour Law.

250. That treble damages not be awarded to Plaintiffs pursuant to the Maryland Wage Payment and Collection Law.

251. That reasonable counsel fees and other costs not be awarded to Plaintiffs' counsel pursuant to the Maryland Wage Payment and Collection Law.

252. That Defendants be ordered to pay attorney's fees to Plaintiffs' counsel in the amount of $2,628.00.

Respectfully submitted,

/s/

William Connelly
United States Magistrate Judge

November 23, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, ET AL ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Civil Action No. 1:06CV02031 |
| ) | (EGS) |
| MARIA CASCHETTA, ET AL ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Upon consideration of the plaintiffs' motion to amend the complaint, and the opposition thereto, it is hereby ORDERED: that the motion is DENIED.

So ORDERED this _____ day of _____, 2008.

_____
Judge Emmet G. Sullivan