UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE<br>11226 Troy Road<br>Rockville, Maryland  20852 | |
| AND | |
| CARMEN CUNNINGHAM<br>13009 Scalp Duck Court<br>Upper Marlboro, Maryland  20774 | |
| Plaintiffs, | |
| v. | Civil Case No.: 06-2031 (EGS) |
| MARIA CASCHETTA<br>11756 Frederick Road<br>Ellicott City, Maryland  21042 | |
| AND | |
| LIFECARE MANAGEMENT PARTNERS<br>6601 Little River Turnpike, Suite 300<br>Alexandria, Virginia  22312 | |
| SERVE:<br>Dorothy M. Hesser, Resident Agent<br>6601 Little River Turnpike, Suite 300<br>Alexandria, Virginia  22312 | |
| AND | |
| ADVANTA MEDICAL SOLUTIONS, LLC<br>11756 Frederick Road<br>Ellicott City, Maryland  21042 | |
| SERVE:<br>Maria Caschetta, Resident Agent<br>11756 Frederick Road<br>Ellicott City, Maryland  21042 | |
| Defendants | |

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

**AMENDED COMPLAINT**

COME NOW the Plaintiffs, Kathy Radtke and Carmen Cunningham, by and through their under-signed attorneys, and sue the Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, and for their causes of action, Plaintiffs declare and aver as follows:

### I.  Preliminary Statement.

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Maryland State Wage Payment and Collection Act, the Maryland Wage and Hour Law and under the common law tort of Breach of Contract, which arises out of a common nucleus of operative facts, for compensatory damages and equitable relief against Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, growing out of Defendants' refusal to pay to Plaintiffs their proper wages, including overtime wages, often failing to pay Plaintiffs at all for the work they performed, and paying them only partially and in an untimely manner when they did pay Plaintiffs.

### II.  Jurisdiction.

1.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as a case arising under the laws of the United States, and 28 U.S.C. § 1337, as an action arising under the Act of Congress regulating commerce.

2.      This Court also has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, as amended.

- 2 -

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

3.      This Court has jurisdiction over Plaintiffs' pendent state law claim of Breach of Contract pursuant to 28 U.S.C. § 1367(a), Maryland Wage Payment and Collection claim, and Maryland Wage and Hour Claim, in that it arises out of a common nucleus of operative facts and is so related to the claims in this action within such original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

4.      Plaintiffs have satisfied all private, administrative, and judicial prerequisites to the institution of this action.

### III.  Venue.

5.      The venue of this action is properly placed in the United States District Court for the District of Columbia pursuant to 29 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia, where the Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, regularly conduct business, and where the majority of the unlawful employment practices were committed.

### IV.  Parties.

6.      Plaintiff Kathy Radtke is a resident of the State of Maryland.  At all times relevant to this cause of action Ms. Radtke was an employee within the meaning of the Fair Labor Standards Act, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Act.

7.      Plaintiff Carmen Cunningham is a resident of the State of Maryland.  At all times relevant to this cause of action, Ms. Cunningham was an employee within the meaning of the Fair

- 3 -

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Labor Standards Act, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Act.

8.     Defendant Maria Caschetta is a resident of the State of Maryland and is an officer and/or director of Lifecare Management Partners and Advanta Medical Solutions, LLC.  Defendant Caschetta is the sole owner of Advanta Medical Solutions, LLC.   Upon information and belief, Deefendant Caschetta is a part owner of Lifecare Management Partners.

9.     Defendant Lifecare Management Partners (hereinafter "Lifecare") is incorporated in the Commonwealth of Virginia and is registered to do business in the District of Columbia. Defendant Lifecare Management Partners is an employer within the meaning of the Fair Labor Standards Act, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Act.

10.     Defendant Advanta Medical Solutions, LLC (hereinafter "Advanta"), is incorporated in the State of Maryland and is registered to do business in the District of Columbia.  Advanta is an employer within the meaning of the Fair Labor Standards Act, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Act.  Advanta was a sub-contractor to Lifecare, which owned the contract to provide services at Walter Reed Army Medical Center Hospital. Advanta is owned in whole by Defendant Maria Caschetta.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 4 -

## V.  Statement of Facts.

11.    Defendants Caschetta, Lifecare, and Advanta operated medical record coding businesses which hired employees and contracted them out to perform medical record coding at the sites of various clients.

12.    Plaintiff Kathy Radtke was hired in Maryland by Defendants Caschetta and Advanta in November 2004 as a medical records coder.

13.    As a medical records coder, Plaintiff Radtke was required to report to the Pentagon in Arlington, Virginia, every morning to provide approximately four hours of medical record coding services.

14.    Plaintiff Radtke was then required by Defendants Caschetta and Advanta to travel between one and two hours to her afternoon work site, which was Kaiser Permanente, located in Kensington, Maryland.

15.    Plaintiff Radtke was required by Defendants Caschetta and Advanta to work at least four hours at the Kaiser site daily.

16.    Although required to travel during her normal workday, and although the travel time forced Plaintiff Radtke to be engaged in work activities regularly exceeding nine hours per day and forty-five to fifty hours per week, Plaintiff Radtke was never compensated for her time worked over forty hours per week.  Nor was Plaintiff Radtke at any time reimbursed for her travel expenses.

17.    Furthermore, Plaintiff Radtke was required to work several federal holidays.  Plaintiff Radtke was never paid overtime or holiday pay for these services.

18.    Plaintiff Carmen Cunningham was hired by Defendants Caschetta and Lifecare in Maryland in November 2002 as a medical records coder.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 5 -

19.     Plaintiff Cunningham was first hired by Defendants Advanta and Caschetta to work at Kaiser Permanente in Maryland.  Plaintiff Cunningham was later assigned by Defendants Caschetta and Lifecare to work at the Walter Reed Army Medical Center.

20.     Plaintiff Cunningham was regularly required to work forty-one to fifty-five hours per week.  At no time was Plaintiff Cunningham compensated at an overtime rate for her work performed in excess of forty hours per week.

21.     Furthermore, Plaintiff Cunningham was regularly required to work certain holidays. At no time was Plaintiff Cunningham paid overtime or holiday pay for the services she was required to perform on those days.

22.     As a result of the aforementioned conduct, Plaintiffs Radtke and Cunningham have suffered a loss of wages and benefits, stress and anxiety, and other non-pecuniary losses.

23.     Plaintiffs Radtke and Cunningham have exhausted all administrative remedies and have no plain, adequate, or complete remedy at law to redress the wrongs alleged.


**COUNT ONE**
**Violation of Maryland Wage and Hour Law**

24.     Plaintiffs repeat and reiterate each and every allegation of Paragraphs 1 through 23 of this Complaint as if specifically alleged herein.

25.     Defendants failed to pay Plaintiffs promised wages, including overtime, which is due and owing to them.

26.     Defendants failed to pay these monies to Plaintiffs at any time on or before the employment relationship between the parties terminated.

- 6 -

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

27.     Defendants' failure to pay Plaintiffs the overtime wages owed to them violates Md. Code, Labor and Employment Article § 3-415.

28.     The Court is permitted to award Plaintiffs reasonable counsel fees for any violation of the Maryland Wage and Hour Act.  Md. Code, Labor and Employment Article § 3-427.

WHEREFORE, Plaintiffs pray that this Court

a.     Order Defendants to pay Plaintiffs, pursuant to Md. Code, Labor and Employment Article § 3-427(a), the withheld wages plus interest;

b.     Order Defendants, pursuant to Md. Code, Labor and Employment Article § 3-427, to pay Plaintiffs' reasonable attorney's fees and costs, plus interest; and

c.     Order such other and further relief as the nature of this matter may require.

## COUNT TWO
### Violation of Maryland Wage Payment and Collection Law

29.     Plaintiffs repeat and reiterate each and every allegation of Paragraphs 1 through 28 of this Complaint as if specifically alleged herein.

30.     Defendants failed to pay Plaintiffs promised wages, including overtime, which is due and owing to them.

31.     Defendants failed to pay these monies to Plaintiffs at any time on or before the employment relationship between the parties terminated.

32.     The aforesaid actions and/or omissions are in contravention of the Maryland Wage Payment and Collection Act. Md. Code, Labor and Employment Article § 3-505.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

33.     The Court is permitted to award Plaintiffs treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Act. Md. Code, Labor and Employment Article § 3-507.1.

WHEREFORE Plaintiffs pray that this Court:

a.     Order the Defendants to pay Plaintiffs, pursuant to Md. Code, Labor and Employment Article § 3-507.1(a), the withheld wages owed and, Md. Code, Labor and Employment Article § 3-507.1(b), three times the amount of wages owed, plus interest;

b.     Order the Defendants, pursuant to Md. Code, Labor and Employment Article § 3-507.1, to pay Plaintiffs' reasonable attorney's fees and costs, plus interest; and

c.     Order such other and further relief as the nature of this matter may require.

## COUNT THREE
## Violation of the Fair Labor Standards Act

34.     Plaintiffs repeat and reiterate each and every allegation of Paragraphs 1 through 33 of this Complaint as if specifically alleged herein.

35.     Pursuant to 29 U.S.C. § 216(b), the Plaintiffs have consented in writing to be party Plaintiffs in this FLSA action.  Their written consents are attached to this Complaint.

36.     At all times relevant to this action, Plaintiffs were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

37.     At all times relevant to this action, Defendants were employers of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

38.     At all times relevant to this action, the Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 8 -

39.     At all times relevant to this action, Plaintiffs were employed by the Defendants in an enterprise engaged in commerce of the production of goods for commerce.

40.     The Defendants failed to pay the Plaintiffs minimum wages as required by the FLSA, often failing to pay them at all for the work they performed, and paying them only partially and in an untimely manner when they did pay the Plaintiffs, in violation of the FLSA, 29 U.S.C. §§ 206(a).

41.     Upon information and belief, Defendant is without a valid exemption from the Fair Labor Standard Act's minimum wage provision, including exemption under the Portal-to-Portal Exception, pursuant to 29 U.S.C. § 254.

42.     During their employ with Defendants, Plaintiffs have worked in excess of 40 hours per week (including travel time) for which they were not compensated with one-and-a-half times their normal pay, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207(a).

43.     Upon information and belief, Defendant is without a valid exemption from the Fair Labor Standards Act's overtime wage provision, including exemption under the Portal-to-Portal Exception, pursuant to 29 U.S.C. § 254.

44.     The Defendants' failure to pay the Plaintiffs proper minimum and overtime wages was a willful violation of the Fair Labor Standards Act.

45.     As a result of the Defendants' violation of the Fair Labor Standards Act, Plaintiffs are entitled to recover their unpaid minimum and overtime wages, plus an additional and equal amount in liquidated damages, liquidated damages for the late partial payment of a portion of their Fair Labor Standards Act wages, a reasonable attorneys' fee, and costs of this action, pursuant to 29 U.S.C. § 216(b).

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 9 -

WHEREFORE, Plaintiffs pray that this Court:

a.    Declare Defendant's conduct to be in violation of Plaintiffs' rights under the Fair Labor Standards Act;

b.    Award Plaintiffs lost wages and benefits;

c.    Award Plaintiffs appropriate liquidated damages;

d.    Award Plaintiffs their costs and attorneys' fees; and

e.    Award Plaintiffs such other and further relief as may be deemed just and proper.

## COUNT FOUR
### Breach of Contract

46.    Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 45 of this Complaint as if specifically alleged herein.

47.    Pursuant to their employment with Defendants, Defendants agreed to pay Plaintiffs for their services at a specified hourly rate.

48.    Defendant failed to provide an accurate and timely accounting of the method of computation of Plaintiffs' pay.

49.    Upon information and belief, Plaintiffs were not paid fully for their services.

50.    Defendants' actions constitute a breach of contract.

WHEREFORE, Plaintiffs pray that this Court:

a.    Declare Defendants' conduct to be a malicious breach of contract;

b.    Award Plaintiffs lost wages and benefits;

c.    Award Plaintiffs appropriate compensatory damages;

d.    Award Plaintiffs their costs and attorneys' fees; and

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 10 -

e.      Award Plaintiffs such other and further relief as may be deemed just and proper.


Plaintiffs Kathy Radtke and Carmen Cunningham, by and through their under-signed counsel, herewith demand a trial by jury on all issues in this case.

Respectfully submitted,

_____
S. Micah Salb, #453197
Gwenlynn D'Souza, #453849
Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland  20814
(301) 656-6905
(301) 656-6906 (fax)

Attorneys for Plaintiffs

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 11 -