IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, ET AL )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MARIA CASCHETTA, ET AL )<br>)<br>Defendants. ) | Civil Action No. 1:06CV2031<br>EGS |

DEFENDANTS' MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER GRANTING PLAINTIFFS LEAVE
TO FILE AN AMENDED COMPLAINT

Defendants Maria Caschetta, Advanta Medical Solutions, LLC and LifeCare Management Partners, by counsel, move this court for reconsideration of its July 30, 2008 Order granting Plaintiffs leave to file an amended complaint pursuant to Fed. R. Civ. P. 54(b). In support of this motion, Defendants submit the attached memorandum of points and authorities.

Respectfully submitted,

_____/s/_____
Alan Lescht, Esq.
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Counsel for Defendants
202-463-6036
202-463-6067 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, ET AL )<br>)<br>         Plaintiff, )<br> vs. )<br>)<br>MARIA CASCHETTA, ET AL )<br>)<br>         Defendants. ) | Civil Action No. 1:06CV2031 EGS |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT**

Defendants Maria Caschetta, Advanta Medical Solutions, LLC and LifeCare Management Partners, by counsel, have moved for reconsideration of this Court's July 30, 2008 Order granting Plaintiffs leave to file an amended complaint, pursuant to Fed. R. Civ. P. 54(b). In support of this motion, Defendants state the following:

**FACTUAL BACKGROUND**

This action arises out of Plaintiff Radtke's employment at the Pentagon, in Virginia, and at Kaiser Permanente in Maryland and Plaintiff Cunningham's employment at Walter Reed Army Medical Center in Washington, DC. Plaintiffs allege that Defendants violated the Fair Labor Standards Act and breached a contract. Defendants deny Plaintiffs' allegations. Defendants filed counterclaims against the Plaintiffs alleging that they violated non-compete agreements.

Plaintiffs filed their lawsuit on November 29, 2006. This Court's Order dated October 9, 2007, provides that amendments to the pleadings shall be made by December 7,

2

2007. On July 1, 2008, over 18 months after filing their lawsuit, and almost eight months past the deadline for filing amendments to the pleadings, Plaintiffs filed a motion to amend their complaint to include Maryland state law claims.

On November 2, 2006, several weeks prior to filing their lawsuit, Plaintiffs' attorney sent a letter to Defendants stating that "Maryland Code § 3-507.1(a) authorizes treble damages…" *See* November 2, 2006 letter from S. Micah Salb, Esq. attached.

## LEGAL ARGUMENT

### I. Introduction

The court should reconsider its Order granting Plaintiffs' motion to amend their Complaint. Plaintiffs' reasons for delay are unjustified. The attached letter from Plaintiffs' attorney demonstrates that Plaintiffs were aware that they may have had claims under Maryland law prior to filing their lawsuit.

### II. Standard for Motion for Reconsideration

As this Court recently explained in *Radtke v. Caschetta*, 2007 U.S. Dist. LEXIS 35285 (D.D.C. May 15, 2007), under Fed. R. Civ. P. 54(b), a district court may revise its own interloculatory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." *Reed v. Islamic Republic of Iran*, 242 F.R.D. 125, 128-29 (D.D.C. 2007). Reconsideration of an interlocutory decision is available under the standard, "as justice requires." *Childers v. Slater*, 197 F.R.C. 185, 190 (D.D.C. 2000). In this case, justice requires reconsideration of the Court's July 30, 2008 Order because the attached letter from Plaintiffs' attorney demonstrates that

Plaintiffs were aware that they may have had claims under Maryland law several weeks prior to filing their lawsuit.

## II. Standard for Amendment of Pleadings

Fed. R. Civ. P. 15(a) provides that "a party may amend his pleadings only by leave of the court." Although the rule provides that leave shall be freely given, denial of a motion for leave to amend is appropriate in cases of undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, (1962).

## III. Plaintiffs' Reasons for Delay Are Unjustified

The court should deny Plaintiffs' motion to amend as untimely because the time to amend their complaint expired on December 7, 2007. Moreover, Plaintiffs do not have good cause for their delay in amending their complaint. The attached letter from Plaintiffs' attorney demonstrates that Plaintiffs were aware that they may have had claims under Maryland law several weeks prior to filing their lawsuit. In addition, it is disingenuous for Plaintiffs to contend that for the past 18 months they did not know that Maryland law could apply to this case when their complaint alleges that Plaintiff Radtke worked at least four hours a day at Kaiser Permanente located in Kensington, Maryland (Complaint, para. 14).

Likewise, the court should reject Plaintiffs' contention that they did not know where they had received their offers of employment until they reviewed documents produced in discovery. Plaintiffs were present when the offers of employment were tendered and signed and cannot now claim that they lacked knowledge of what state they were in when this occurred.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration of the Court's July 30, 2008 Order should be granted.

_____/s/_____
Alan Lescht, Esq.
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Counsel for Defendants
202-463-6036
202-463-6067 (fax)

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHY RADTKE, ET AL | ) | |
| | ) | |
|        Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:06CV2031 |
| | ) | EGS |
| MARIA CASCHETTA, ET AL | ) | |
| | ) | |
|        Defendants. | ) | |

**ORDER**

Upon consideration of the Defendants' Motion for Reconsideration of the Court's July 30, 2008 Order, it is this ____ day of _____, 2008, by this Court,

ORDERED, that Defendants' Motion for Reconsideration is GRANTED.

_____
United States District Judge



# LIPPMAN, SEMSKER & SALB, LLC

Founded Solaman G. Lippman 1972 – 2002

November 2, 2006

Mark J. Swerdlin, Esq.
Shawe & Rosenthal, LLP
20 S. Charles Street, Eleventh Floor
Baltimore, Maryland 21202

   Re: <u>Radtke, et al. v. Caschetta</u>.

Dear Mr. Swerdlin:

This Firm represents Kathy Radtke and Carmen Cunningham. Ms. Radtke and Ms. Cunningham were employed by Maria Caschetta as medical coders and compensated at an hourly wage but they were not paid overtime. Nor was Ms. Radtke compensated for the time she spent driving from her first work site at the Pentagon to her second work site at Kaiser Permanente each day. These practices are in violation of the Fair Labor Standards Act and the Service Contract Act. Ms. Radtke and Ms. Cunningham have therefore employed this Firm to bring an action for breach of contract and violation of the Fair Labor Standards Act.

We write now in an effort to avert litigation, if that is possible. As your client likely knows, Ms. Radtke has suffered damages of approximately $4,700 and Ms. Cunningham has suffered damages of approximately $18,000. Attorneys fees are approximately $5,400 as of the date of this letter. Moreover, Maryland Code § 3-507.1(a) authorizes treble damages and 29 U.S.C. § 216 authorizes an amount equal to unpaid wages as liquidated damages. We hope to resolve this case now because our clients' financial investments in the case remain moderate and because a speedy resolution will prevent the expense of litigation as well as the need to involve the United States Government. These facts cause us to hope that you might have some interest in an amicable resolution.

Enclosed please find a courtesy copy of the Complaint which we have filed. We provide this copy to you with the desire that it might provide you more information with which to consider our claim. However, because the Rules require prompt service, we must request that you contact us immediately to discuss this matter further.

Very truly yours,
LIPPMAN, SEMSKER & SALB, LLC

by S. Micah Salb, Esq.

7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814

Tel: 301.656.6905
Fax: 301.656.6906

www.lsslawyers.com