IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHY RADTKE, ET AL | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 1:06CV2031 |
| | ) | EGS |
| MARIA CASCHETTA, ET AL | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF CUNNINGHAM'S CLAIMS IN COUNTS ONE AND TWO OF THE AMENDED COMPLAINT OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

Defendants Maria Caschetta, Advanta Medical Solutions, LLC and LifeCare Management Partners, by counsel, move this court, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Cunningham's claims in Counts One and Two of the Amended Complaint. In support of this motion, Defendants submit the attached memorandum of points and authorities.

Respectfully submitted,

_____/s/_____
Alan Lescht, Esq.
Susan L. Kruger, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Counsel for Defendants
202-463-6036
202-463-6067 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, ET AL ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. 1:06CV2031 |
| ) | EGS |
| MARIA CASCHETTA, ET AL ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF CUNNINGHAM'S CLAIMS IN COUNTS ONE AND TWO OF THE AMENDED COMPLAINT**

Defendants Maria Caschetta, Advanta Medical Solutions, LLC and LifeCare Management Partners, by counsel, have moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Cunningham's claims in Counts One and Two of the Amended Complaint for failure to state a claim upon which relief may be granted. In support of this motion, Defendants state the following:

**PRELIMINARY STATEMENT**

This action arises out of Plaintiff Radtke's employment at the Pentagon, in Virginia, and at Kaiser Permanente in Maryland and Plaintiff Cunningham's employment at Walter Reed Army Medical Center in Washington, DC. Plaintiffs allege that Defendants violated the Fair Labor Standards Act and breached a contract. Defendants deny Plaintiffs' allegations.

On August 6, 2008, Plaintiffs amended their complaint to include Maryland state law claims. Plaintiffs claim that Defendants violated the Maryland Wage and Hour Act

2

and the Maryland Wage Payment and Collection Law; however, paragraph 19 of her original complaint in this case alleged, "Plaintiff Cunningham was assigned by Defendants Caschetta and Lifecare to work at the Walter Reed Army Medical Center" and the Amended Complaint does not state that she worked in Maryland, or the dates/hours worked in Maryland which form the basis for liability and damages under the Maryland laws.

## FACTS

The Amended Complaint states:

1. Plaintiff Carmen Cunningham was hired by Defendants Caschetta and Lifecare in Maryland in November 2002 as a medical records coder (Amended Complaint, ¶ 18).

2. Plaintiff Cunningham was first hired by Defendants Advanta and Caschetta to work at Kaiser Permanente in Maryland. Plaintiff Cunningham was later assigned by Defendants Caschetta and Lifecare to work at the Walter Reed Army Medical Center (Amended Complaint, ¶ 19).

Paragraph 19 of her original complaint filed in this case alleged, "Plaintiff Cunningham was assigned by Defendants Caschetta and Lifecare to work at the Walter Reed Army Medical Center".

## LEGAL ARGUMENT

**I.     Introduction**

Based on the pleadings, plaintiff Cunningham has not alleged that she worked in Maryland so as to avail herself of the protections of the Maryland wage laws.

Consequently, plaintiffs' Maryland state law claims should be dismissed as to Plaintiff Cunningham because the amended complaint does not allege that she worked in Maryland.

A. **Maryland Wage Payment and Protection Law.**

The Maryland Wage Payment and Protection Law defines "employer" as "any person who employs an individual in the State or a successor of the person. Md. Labor and Employment Code § 3-501 (b). The amended complaint does not allege that Plaintiff Cunningham performed any work in Maryland.[1] Thus, the Court should dismiss Plaintiffs' claim under the Maryland Wage Payment and Protection Law.

B. Maryland Wage and Hour Law

Although the definition of "employer" in the Maryland Wage and Hour Law appears to be broader than the definition of employer in the Maryland Wage Payment and Collection Law,[2] the Maryland General Assembly makes it clear that the purpose of the Maryland Wage and Hour Law is to set minimum wage standards "*in the State.*" Md. Labor and Employment Code Ann. § 3-402 (emphasis supplied). Thus, even if Plaintiff Cunningham was hired in Maryland, that lone connection with the State of Maryland does not bring Defendants within the purview of the Maryland Wage and Hour Law.

In *Martinez v. Holloway*, Civil Action No. DKC 2003-2118 (D. Md. 2005) (copy attached as Exhibit A), a magistrate judge in the United States District Court for the District of Maryland found that when an employer hired his employees in Maryland but all their work was performed in Pennsylvania, the employer was not subject to liability under either the Maryland Wage and Hour Law or the Maryland Wage Payment and Collection Law. In

---

[1] Although the Amended Complaint alleges that Plaintiff Cunningham was first hired by Defendants Advanta and Caschetta to work at Kaiser Permanente in Maryland, the Amended Complaint does not allege that Plaintiff performed any work in Maryland.
[2] Md. Labor and Employment Code § 3-401 (b) defines "employer" as a person who acts directly or indirectly in the interest of another employer with an employee.

reaching his decision, the magistrate judge adopted the factors relied upon by the court in *Hodgson v. Flippo Constr. Co.*, 164 Md. App. 263 (Md. Ct. Spec. App. 2005) for determining whether an employee is regularly employed in Maryland for purposes of the Workers' Compensation statute. Those factors included: (1) where the employee was hired; (2) whether the employment arrangement contemplated the employee's regular presence in a particular jurisdiction; (3) the nature of the employer's work; (4) the scope and purpose of the hiring; (5) duration of employment (meaning consistency of the employee's work in a particular jurisdiction); and (6) representations by the employer regarding where the employee would be working. 164 Md. App. at 269. The magistrate judge concluded that the plaintiffs were not employed in Maryland because only one factor favored their position—they were hired in Maryland.

In this case, Plaintiff Cunningham does not allege that she worked anywhere other than the District of Columbia. Her only connection to the state of Maryland is that she was hired there. Thus, Plaintiff Cunningham cannot recover under either the Maryland Wage and Hour Law or the Maryland Wage Payment and Collection Law.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff Cunningham's claims under Maryland State law should be granted.

Alternatively, if the court is not inclined to grant this motion, defendants respectfully request that the court order plaintiffs to file a new complaint stating the factual basis upon which liability and damages should attach under the new Maryland claims, including the dates/hours worked in Maryland for which compensation is sought to be obtained in this case.

                                                          _____/s/_____  
                                                          Alan Lescht, Esq.  
                                                          Susan L. Kruger, Esq.  
                                                          Alan Lescht & Associates, P.C.  
                                                          1050 17th Street, N.W., Suite 220  
                                                          Washington, DC  20036  
                                                          Counsel for Defendants  
                                                          202-463-6036  
                                                          202-463-6067 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, ET AL ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. 1:06CV2031 |
| ) | EGS |
| MARIA CASCHETTA, ET AL ) | |
| ) | |
| Defendants. ) | |

## ORDER

Upon consideration of the Defendants' Motion to Dismiss Plaintiff Cunningham's Claims in Counts One and Two of the Amended Complaint, it is this ____ day of _____, 2008, by this Court,

ORDERED, that Defendants' Motion for to Dismiss Plaintiff Cunningham's Claims in Counts One and Two of the Amended Complaint is GRANTED.

_____
United States District Judge