UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHY RADTKE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARIA CASCHETTA, et al.,<br><br>    Defendants. | Civil Action No. 06-2031<br>EGS/DAR |

**REPORT AND RECOMMENDATION**

Pending for consideration by the undersigned United States Magistrate Judge are Plaintiffs' Motion for Summary Judgment (Document No. 74), and Defendants' Cross Motion for Summary Judgment (Document No. 78).

Upon consideration of the motions, the memoranda in support thereof and in opposition thereto and the entire record herein, the undersigned will recommend that both motions be denied.

**BACKGROUND**

Plaintiff Kathy Radtke is a former employee of Advanta Medical Solutions, LLC ("Advanta"), a medical records coding business. Plaintiff Carmen Cunningham is a former employee of Lifecare Management Partners ("Lifecare"), a medical records coding business. Both Plaintiffs bring this action against Defendants Advanta, Lifecare, and Maria Caschetta, "an

Radtke, et al. v. Caschetta, et al.                                                                                                           2

officer and/or director" of the businesses.[1]  At the time they commenced this action, Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and breach of their employment contracts.

Plaintiff Radtke was hired by Defendants Caschetta and Advanta in November, 2004 as a medical records coder.  Complaint, ¶ 12.  Plaintiff Radtke alleges that she was "required to report to the Pentagon in Arlington, Virginia, every morning to provide approximately four hours of medical record coding services."  *Id.*, ¶ 13.  Plaintiff Radtke further alleges that she was "required by Defendants Caschetta and Advanta to travel between one and two hours to her afternoon work site, which was Kaiser Permanente, located in Kensington, Maryland."  *Id.*, ¶ 14.  Plaintiff Radtke alleges that she was "required by Defendants Caschetta and Advanta to work at least four hours at the Kaiser site daily."  *Id.*, ¶ 15.  Plaintiff Radtke further alleges that she was "[neither] compensated for her time worked over forty hours per week[,] [n]or was [she] at any time reimbursed for her travel expenses."  *Id.*, ¶ 16.  Furthermore, Plaintiff Radtke alleges that she was not compensated for overtime or holiday pay for working on several federal holidays.  *Id.*, ¶ 17.

Plaintiff Cunningham was hired by Defendants Caschetta and Lifecare in November, 2002 as a medical records coder.  Complaint, ¶ 18.  Plaintiff Cunningham states that she was assigned by Defendants Caschetta and Lifecare to work at the Walter Reed Army Medical Center.  *Id.*, ¶ 19.  Plaintiff Cunningham further alleges that she was "regularly required to work forty-one to fifty-five hours per week."  *Id.*, ¶ 20.  Also, Plaintiff Cunningham alleges that "[a]t

---

[1] Plaintiffs characterize Defendant Advanta "as a sub-contractor to Lifecare," and allege that Lifecare "owned the contract to provide services at Walter Reed Army Medical Center Hospital."  Plaintiffs further allege that "Advanta is owned in whole by Defendant Caschetta."  Complaint (Document No. 1), ¶ 10.

Radtke, et al. v. Caschetta, et al.                                                                                      3

no time was [she] [] compensated at an overtime rate for her work performed in excess of forty hours per week." *Id.* Plaintiff Cunningham, like Plaintiff Radtke, alleges that she was required to work certain holidays and was not compensated for the services that she performed on those days. *Id.*, ¶ 21.

More specifically, both Plaintiffs allege that "Defendants failed to pay the Plaintiffs the minimum wages as required by the FLSA, often failing to pay them at all for the work they performed, and paying them only partially and in an untimely manner when they did pay. . . , in violation of FLSA, 29 U.S.C. §§ 206(a)." Complaint, ¶ 30. In addition, Plaintiffs allege that "[d]uring their employ[ment] with Defendants, Plaintiffs . . . worked in excess of 40 hours per week (including travel time) for which they were not compensated with one-and-a-half times their normal pay, in violation of the Fair Labor Standards Act, 29 U.S.C. § 254." *Id.*, ¶ 31.[2]

With respect to their breach of contract claim, Plaintiffs allege that Defendants agreed to pay Plaintiffs for their services at a specified hourly rate, and that Defendants failed to do so. Complaint, ¶¶ 37, 39. Plaintiffs further allege that "Defendant[s] failed to provide an accurate and timely accounting of the method of computation of Plaintiffs' pay." *Id.*, ¶ 38.

Both Plaintiffs alleged that as a result of the conduct of Defendants, they have suffered a loss of wages and benefits, as well as stress, anxiety, and other non-pecuniary losses. Complaint, ¶ 22.

On January 22, 2007, Defendants Caschetta and Advanta moved to dismiss the claims of Plaintiff Radtke for improper venue. Defendants' Motion to Dismiss the Claims of Radtke for

---

[2] Plaintiffs allege that Defendants are "without a valid exemption" from the FLSA's minimum wage and overtime provisions. *Id.*, ¶¶ 31, 33.

Radtke, et al. v. Caschetta, et al.                                                                                                           4

Improper Venue (Document No. 2).  On that same date, Defendants Caschetta and Advanta moved, by separate motion, to dismiss the claims of Plaintiff Radtke for lack of personal jurisdiction.  Defendants Caschetta and Advanta's Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 3).  All Defendants moved to sever the claims of the two Plaintiffs on the ground that their claims "did not arise out of the same transaction or occurrence." Defendants' Motion to Sever Claims (Document No. 4).  All Defendants also moved for an order directing both Plaintiffs to serve more definite statement.  Defendants' Motion for a More Definite Statement (Document No. 5).  Finally, Defendants Caschetta and Advanta moved to compel arbitration pursuant to the Federal Arbitration Act of the claims asserted by Plaintiff Cunningham.  Defendants Caschetta and Advanta's Motion to Dismiss the Claims of Cunningham and Compel Arbitration (Document No. 6).  On May 15, 2007, the court (Sullivan, J.) granted Defendants' motion to sever the claims of Plaintiff Radtke from the claims of Plaintiff Cunningham; denied Defendants' motion for a more definite statement, and denied without prejudice Defendants Caschetta and Advanta Medical Solutions, LLC's motion to compel arbitration.  Order (Document No. 11); *see also* Memorandum Opinion (Document No. 12).  In the Memorandum Opinion, the court, in addressing Defendants' motions to dismiss pursuant to Rule 12 (b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, held that "with regard to Radtke's claims, the Court does not have personal jurisdiction over the defendants," and  directed the parties "to file a supplemental memorandum discussing the most appropriate transfer destination for Radtke's claims."  Memorandum Opinion at 11.

      On May 24, 2007, Defendants filed their answer to Plaintiff Cunningham's complaint, and asserted a counterclaim against her.  Defendants' Answer to Complaint and Counterclaims

Radtke, et al. v. Caschetta, et al.                                                                                                       5

Against Cunningham (Document No. 13).  Defendants deny Plaintiff Cunningham's allegations that she was not compensated for the hours she worked each week in excess of 40 hours; not reimbursed for her travel expenses, and required to work on federal holidays.  *Id.*, ¶¶ 14, 19, 22.  In their counterclaim, Defendants allege that on November 28, 2002, Plaintiff Cunningham entered into a non-compete agreement with Defendant Lifecare for a one-year period.  Counterclaim, ¶¶ 1-4.  Defendants further allege that within one year of the end of Plaintiff Cunningham's employment with Defendant Lifecare, Plaintiff Cunningham became employed by another employer in breach of the non-compete agreement.  *Id.*  In their Amended Counterclaim, Defendants allege that they have sustained monetary damages, including loss of income and profits, as a result of Plaintiff Cunningham's breach.  Defendants' First Amended Answer to Cunningham Complaint and Counterclaims Against Cunningham (Document No. 17) at 4.

Plaintiffs moved for reconsideration of the court's May 15, 2007 order granting the motion to sever Plaintiff Radtke's and Plaintiff Cunningham's claims.  Plaintiffs' Motion[] for Reconsideration of Order to Sever (Document No. 15).  The court granted the motion, and vacated the May 15, 2007 order with regard to Defendants' motion to sever.  Order (Document No. 24) at 1.  At the same time, the court denied Defendants' motions to dismiss Plaintiff Radtke's claims for lack of personal jurisdiction and improper venue.  *Id.*; *see also* Memorandum Opinion (Document No. 25) at 4-8.[3]

On August 2, 2007, Defendants filed their answer with respect to both Plaintiffs, and their counterclaim against both Plaintiffs.  Defendants' Answer to Complaint and Counterclaims

---

[3] More specifically, the court found that "[Plaintiff] Radtke has presented evidence that her claims are linked to defendants' contacts in the District as she has stated that she provided services 'on the Walter Reed contract' at the 'Walter Reed contract site at the Pentagon.'" Memorandum Opinion at 4-8.

Radtke, et al. v. Caschetta, et al.                                                                                                6

(Document No. 26).  In that pleading, Defendants deny the allegations regarding the violations of the FLSA, and maintain that "[t]o the extent Plaintiffs were not paid overtime for any hours worked over forty (40) in any pay period, Defendants state that Plaintiffs were exempt and not entitled to such overtime payments under the Fair Labor Standards Act."  *Id.*, ¶ 4 (Affirmative Defenses).³  Defendants also deny Plaintiffs allegations of breach of contract.  *Id.*, ¶ 22.  Defendants assert a counterclaim against both Plaintiffs identical to the one initially asserted against Plaintiff Cunningham.  Counterclaim, ¶¶ 1-8.

On July 1, 2008, Plaintiffs filed a motion for summary judgment with respect to Defendants' counterclaim.  Plaintiffs' Motion for Summary Judgment (Document No. 46).  By minute order, the court denied the motion without prejudice.  07/07/2008 Minute Entry.

On July 1, 2008, Plaintiffs moved for leave to file an amended complaint to "add counts for violations of the Maryland Wage and Hour Act, Md. Code, Labor and Employment Article § 3-415 *et seq.*, as well as the Maryland Wage Payment Collection Act, Md. Code, Labor and Employment Article § 3-505 *et seq.*"  Plaintiffs' Motion for Leave to File Amended Complaint (Document No. 45), ¶ 2.  The court granted the motion.  *See* 07/30/2008 Minute Order.  Defendants filed their answer to the amended complaint on September 4, 2008.  Defendants' Answer to Amended Complaint (Document No. 55).

On January 8, 2010, Plaintiffs filed their motion for summary judgment that is pending for consideration by the undersigned.  On January 29, 2010, Defendants filed their pending cross motion.

Counsel appeared before the undersigned on February 4, 2011, for a status hearing. The

---

³ *See* n.2, *supra*.

parties were ordered to advise the court of the significance, if any, of *Kasten v. Saint-Gobain Performance Plastics Corporation*, ____ U.S. ____, 131 S. Ct. 1325 (2011), an appeal of an action in which the anti-retaliation provision of the FLSA was at issue, which was then under advisement by the United States Supreme Court. The parties filed a joint status report on February 9, 2011, in which they indicated that "the parties have conferred and determined that there is no reason to delay decisions on the pending motions." Joint Status Report (Document No. 93).

The undersigned, in the course of consideration of the motions for summary judgment following the February status hearing, identified a number of discrepancies in the parties' references to exhibits offered in support of, and in opposition to, the motions. During a subsequent status hearing, the undersigned directed the parties to re-file the exhibits which were either incomplete or inaccurately numbered, and, to the extent necessary, correct the references to such exhibits in their memoranda and Local Civil Rule 7(h) statements. 06/16/2011 Minute Order; *see* Defendants' Memorandum of Points and Authorities ("Defendants' Memorandum") (Document No. 95-1); Plaintiffs' Memorandum of Points and Authorities In Support of Corrected Motion for Summary Judgment ("Plaintiffs' Memorandum") (Document No. 96-1).

**CONTENTIONS OF THE PARTIES**

Plaintiffs move for summary judgment in their favor with respect to both their claims against Defendants, and Defendants' counterclaims against them. More specifically, they assert that (1) Defendants' own records demonstrate that Defendants failed to pay Plaintiffs "time and a half" for work in excess of forty hours per week; (2) Plaintiffs were not exempt, either by law or

by operation of Lifecare's contract with Walter Reed, from the provisions of the FLSA; (3) because Defendants violated the overtime pay provisions willfully and not in good faith, Plaintiffs should be awarded liquidated damages for three years pursuant to federal law, and treble damages pursuant to Maryland law; (4) Defendants are liable for breach of contract pursuant to Maryland law, and (5) this court must grant summary judgment to Plaintiffs on Defendants' counterclaim for the alleged breach of the agreements not to compete. *See* Plaintiffs' Memorandum at 15-40.

In support of their motion, Plaintiffs offer 53 exhibits, including Plaintiffs' employee time sheets; depositions and affidavits of employees familiar with the business operations of Defendants; contracts, including the consulting agreement between Plaintiff Cunningham and Advanta, and the WRAMC contract between Defendant Lifecare and the government, e-mails between Plaintiffs and other employees, and letters from Defendant Caschetta to Plaintiffs. Plaintiffs maintain that these exhibits demonstrate that there is no genuine issue of material fact in dispute. Statement of Material Facts Not In Dispute (Document No. 96-1), ¶¶ 1-61.

Defendants move for summary judgment in their favor with respect to their counterclaims against Plaintiffs, and Plaintiffs' claims against them. Defendants argue that (1) Plaintiffs are exempt from the FLSA's overtime requirements; (2) Defendants are not liable to Plaintiffs for breach of contract under Maryland law; (3) Plaintiff Cunningham's case should be dismissed because she committed perjury at her deposition and in her responses to discovery; (4) summary judgment should be granted against Plaintiff Radtke for lack of jurisdiction; (5) summary judgment should be granted against Plaintiff Cunningham on her claims under the Maryland Wage Act, because she alleged no claims of any work performed for Defendants in the state of

*Radtke, et al. v. Caschetta, et al.* 9

Maryland; (6) Plaintiffs' damage calculations are incorrect; (7) Plaintiffs are not entitled to liquidated damages, because Defendant Lifecare signed a contract with the government requesting an exemption from the Service Contract Act and had reasonable grounds to believe that Plaintiffs were not entitled to overtime; (8) liability under the FLSA, if any, is limited to two years; (9) Plaintiffs are not entitled to treble damages under the Maryland Wage Payment and Collection Act; (10) Defendants are not "joint employers[,]" and (11) Plaintiffs are not entitled to summary judgment on Defendants' counterclaims.  *See* Defendants' Memorandum at 27-53; *see also* Defendants' Statement of Undisputed Facts, ¶¶ 1-148.

In support of their opposition and cross motion, Defendants offer 24 exhibits, including declarations and depositions of Plaintiffs and other employees, e-mails from Plaintiff Radtke, and Plaintiffs' employment records.  However, Defendants' opposition is not "accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there is a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement[]" (*see* LcvR 7(h)(1)); instead, Defendants purport to answer each of the statements set forth by Plaintiffs in Plaintiffs' "Statement of Material Facts Not in Dispute[.]"  *See* Defendants' Responses to Plaintiffs' Statement of Material Facts Not in Dispute (Document No. 78-1), ¶¶ 1-148.

Similarly, Plaintiffs in their opposition to Defendants' cross motion and reply, offer a list of 148 responses to Defendants' so-called statement of undisputed facts.  Plaintiffs' Corrected Responses to the Defendants' Statement of Undisputed Facts in Support of Defendants' Cross Motion for Summary Judgment ("Plaintiffs' Responses") (Document No. 96-9).  Among these responses, Plaintiffs dispute that (1) Lifecare actually required an exemption from the Service

Contract Act; (2) Walter Reed granted Lifecare an exemption from the Service Contract; (3) the employees needed to perform the work specified in the contract were "professionals"; (4) Plaintiff Cunningham was hired to do more than medical records coding; (5) medical coders created their own schedules, and (6) Plaintiffs was were not required to work set hours. Plaintiffs' Corrected Responses to the Defendants' Statement of Undisputed Facts in Support of Defendants' Cross Motion for Summary Judgment, ¶¶ 10, 14, 16, 30, 52, 115.

With respect to compensation, Plaintiffs deny that "Lifecare" paid Ms. Radtke a salary as the term is defined in the FLSA. Plaintiffs' Corrected Responses to the Defendants' Statement of Undisputed Facts in Support of Defendants' Cross Motion for Summary Judgment, ¶ 124.[4] Plaintiffs, however, admit that in addition to her base salary Lifecare twice paid Plaintiff Cunningham $500, which it specifically designated as a bonus. *Id.*, ¶ 125. Moreover, Plaintiffs deny that Plaintiff Radtke ever received any bonus payment. *Id.*, ¶ 126. Plaintiffs, with respect to Defendants' counterclaims, deny damages as a result of Plaintiff Cunningham's employment by Wright Solutions, and Plaintiff Radtke's employment by AT&T. *Id.*, ¶¶ 143, 144, 148.

**APPLICABLE STANDARD**

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995); *Beckett v. Air Line Pilots Ass'n*, 995 F.2d 280, 284 (D.C. Cir. 1993).

"Under the summary judgment standard, the moving party bears the 'initial responsibility

---

[4] The court understands based on the parties' filings that Plaintiff Radtke was employed by Advanta.

of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Payne v. District of Columbia*, 741 F. Supp. 2d 196, 208 (D.D.C. 2010) (citing *Celotex*, 477 U.S. at 323). "By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment." *Hunter v. Sprint Corp.*, 453 F. Supp. 2d 44, 49 (D.D.C. 2006) (citing *Celotex*, 477 U.S. at 322).

In opposition to a motion for summary judgment, "the non-moving party must 'go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Payne,* 741 F. Supp. 2d at 208*.* (citing *Celotex*, 477 U.S. at 324). The nonmoving party may defeat a motion for summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record." *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (citing *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)). The burden is upon the non-moving party to demonstrate that there are materials facts in dispute. *Celotex*, 477 U.S. at 324.

To be considered a material fact, "the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier of fact could find for the nonmoving party." *Payne*, 741 F. Supp. 2d at 208 (citing *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987)).

A "party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, . . . affidavits or

Radtke, et al. v. Caschetta, et al.                                                                                                              12

declarations . . . or other materials . . . or [by] showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute." *Thompson v. Linda and A., Inc. et al.*, 2011 WL 1602337, at *4 (D.D.C. April 29, 2011) (citing FED. R. CIV. P. 56(c)(1)).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by FED. R. CIV. P. 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." FED. R. CIV. P. 56(e). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute. *Ruffin v. New Destination, LLC*, 2011 WL 1126054, at *2 (D.D.C. March 29, 2011) (citing *Ass'n of Flight Attendants-CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009)).

On a motion for summary judgment, the Court "must 'eschew making credibility determinations or weighing the evidence.'" *Morales v. Landis Const. Corp.*, 715 F. Supp. 2d 86, 88 (D.D.C. 2010) (quoting *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007)). All evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**DISCUSSION**

*Fair Labor Standards Act*

Through the Fair Labor Standards Act of 1938 (FLSA), Congress established employment rules concerning minimum wages, maximum hours, and overtime pay. *See* 29 U.S.C. § 201 *et seq.*; *see also Carter v. Panama Canal Co.*, 463 F.2d 1289, 1300 (D.C. Cir. 1972) ("The general rules embodied in the FLSA are those concerning the establishment of minimum allowable wage

Radtke, et al. v. Caschetta, et al.                                                                                         13

rates that an employer may pay his employees for the hours they work."). The FLSA requires every "employer" to pay "each of his employees" a minimum wage. 29 U.S.C. § 206(a). Under the FLSA, an "employer" is any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency but does not include any labor organization . . . or anyone acting in the capacity of an officer or agent of such labor organization." 29 U.S.C. § 203(d). An "employee" means any individual employed by an employer. 29 U.S.C. § 203(e)(1).[5]

To establish an overtime claim, an employee bringing suit for overtime wages under the FLSA has the burden of proving that he performed work for which he was not compensated in accordance with the statute. *See Hunter*, 453 F. Supp. 2d at 52. The Supreme Court has held that an employee can satisfy her burden of proof by relying on the employer's records of the employee's work hours and wages. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds, Carter*, 463 F.2d at 1293.

"Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. § 785.38; *Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of America*, 25 U.S. 161, 164 (1945).

The FLSA exempts from its coverage several categories of employees. *See* 29 U.S.C. § 213. These exemptions are treated as affirmative defenses to liability under the Act, which means that the defendant-employer has the burden of proving that the exemption applies to the plaintiff-

---

[5] The statute includes exceptions for individuals employed by a public agency; individuals employed by an employer engaged in agriculture, and individuals who volunteers to perform services for a public agency of a state.

employee. *Hunter*, 453 F. Supp. 2d at 49.

The exemptions at issue here require that Defendants show that Plaintiffs' pay passes the Salary Level Test (29 C.F.R. § 541.600),[6] the Salary Basis Test (29 C.F.R. § 541.602), and the Job Duties Test (29 C.F.R. § 541.700) with respect to the administrative exemption; with respect to the learned professional exemption, 29 C.F.R. § 541.301(a) requires that an employer satisfy three elements: (1) the employee must perform work requiring advanced knowledge; (2) the advanced knowledge must be in a field of science or learning; and (3) the advanced knowledge must be customarily acquired by a prolonged course of specialized instruction. This court, in *D'Camera v. District of Columbia*, 693 F. Supp. 2d 1208 (D.D.C. 1988), held that "in order to claim exempt status under the FLSA, an employer must meet every aspect of the definition for an exempt employee." *Id.* at 1213.

For the reasons discussed herein, the court finds that genuine issues with respect to virtually every aspect of the FLSA provisions at issue here preclude summary judgment.[7]

### *Overtime Payment*

Plaintiffs rely on the time sheets maintained by Defendants in support of their contention that they worked in excess of 40 hours each week and that they were not compensated for the additional hours. *See* Plaintiffs' Exhibit 16 (Radtke Timesheets); Plaintiffs' Exhibit 29 (Cunningham Timesheets); Plaintiffs' Exhibit 43 (Radtke Pay Records); Plaintiffs' Exhibit 44

---

[6] Plaintiffs concede that the Salary Level Test requires only that an employee earn at least $450 per week, and that Plaintiffs satisfy that test; their exemption argument rests on Defendants' failure to satisfy the remaining two tests. Plaintiff's Memorandum at 23 n.5.

[7] For this reason, the undersigned has omitted any discussion of the Maryland statutes which are the subject of the additional claims pled by Plaintiffs in their Amended Complaint.

(Cunningham Pay Records). However, Defendants – albeit inartfully – submit that there is a genuine issue with respect to the accuracy of the records. Defendants' Statement of Undisputed Facts, ¶ 132; Defendants' Exhibit 3 (Sworn Declaration of Joseph C. Molina ("Molina Declaration")), ¶¶ 6-13; Defendants' Exhibit 6 (Sworn Declaration of Eileen Wyant ("Wyant Declaration")), ¶¶ 6-12.

The court finds neither side has demonstrated that it is entitled to summary judgment in its favor. As was the case in *Morales*, there is a genuine issue of material fact that exists with respect to the number of hours Plaintiffs worked. In *Morales*, the plaintiff argued that he was entitled to a presumption that his calculation of unpaid overtime hours is correct because defendants' records were inadequate. *Id.* at 89. Similarly, Plaintiffs in this action offer the same argument. *See* Plaintiffs' Memorandum at 21 ("[E]mployees who have not been properly compensated are not required to recreate with precision the record of hours worked which their employer – in violation of the law – failed to keep.").

However, in *Morales*, the court found that the affidavits offered by the defendants in an effort to rebut the plaintiff's argument were sufficient to raise a genuine issue of material fact regarding the number of hours worked during the relevant time period. *Morales*, 715 F. Supp. 2d at 89-90. For the same reasons, the undersigned finds that there is a genuine issue of material fact regarding the number of hours these Plaintiffs worked during the relevant time period. *See also id.* at 88 (in its evaluation of a motion for summary judgment, the court "must 'eschew making credibility determinations or weighing the evidence.'") (citing *Czekalski*, 475 F.3d at 363).

Radtke, et al. v. Caschetta, et al.                                                                                                          16

### *FLSA Exemptions*

Plaintiffs, in moving for summary judgment, assert that the FLSA administrative and learned professional exemptions are inapplicable to them in this case. Plaintiffs offer the Department of Labor opinion in support of their position. Plaintiffs' Exhibit 31 ("It is our opinion that Medical Coders are not exempt from the minimum wage and overtime requirements of the FLSA."). Defendants maintain that the evidence they offer, including the request under the Walter Reed Army Medical Center contract for an exemption from the Service Contract Act, warrant judgment in their favor.

"Exemptions from the Act are narrowly construed against the employer in order to further Congress's goal of affording broad federal government protection." *Hunter*, 453 F. Supp. 2d at 50 (citing *Danesh v. Rite Aid Corp.*, 39 F. Supp. 2d 7, 10 (D.D.C. 1999)) (internal quotations omitted); *see also McKinney v. United Stor-All Centers LLC*, 656 F. Supp. 2d 114, 121 (D.D.C. 2009) (the Department of Labor regulations are entitled to judicial deference and are the primary source of guidance for determinating the scope of exemptions to the FLSA) (internal quotations and citations omitted).

Adhering to the narrow construction of the FLSA exemptions described in *Hunter,* the court finds that Defendants have failed to demonstrate that there is no genuine issue of material fact in dispute. While it appears that Plaintiffs were compensated based on salary, a genuine issue of material fact exists regarding Plaintiffs' actual work activities. *See, e.g.,* Plaintiffs' Exhibits 13, 27, 28, 36 and 39; Defendants' Exhibits 9, 10, 11, 13, 17, 18 and 20. "Whether an employee is exempt is determined by the employee's actual work activities, not by the employer's characterization of those activities . . . ." *Hunter*, 453 F. Supp. 2d at 51 (citation omitted); *see*

also *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 206 (2d Cir. 2009) ("We therefore hold that an employee is not an exempt professional unless his work *requires knowledge that is customarily acquired after a prolonged study*.") (emphasis added).

### *Breach of Contract Claims and Counterclaims*

To prevail on a state claim for breach of contract, a party must allege (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty, and (4) damages caused by the breach. *Fennell v. AARP*, 770 F. Supp. 2d 118, 131 (D.D.C. 2011) (citing *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). Where, as here,

> the parties dispute the material facts related to the existence of a contract, that dispute requires the finder of fact to determine what facts are true. This is nothing more than the application of the principle that the existence of a genuine issue of material fact defeats a motion for summary judgment.

*C. Robert Suess v. Federal Deposit Ins. Corp.*, 770 F. Supp. 2d 32, 43 (D.D.C. 2011) (citations omitted).

The undersigned finds that the parties, with respect to their breach of contract claims and counterclaims, rely largely on the same evidence and arguments offered with respect to the FLSA claims. Because the undersigned, in evaluating a motion for summary judgment, cannot weigh the evidence or make credibility determinations, summary judgment on the breach of contract claims and counterclaims cannot be entered in favor of either side.

**CONCLUSION**

Genuine issues with respect to facts material to Plaintiffs' FLSA claims, and the parties'

Radtke, et al. v. Caschetta, et al.    18

breach of contract claims and counterclaims, preclude entry of summary judgment in favor of any party. It is, therefore, **RECOMMENDED** that Plaintiffs' Motion for Summary Judgment (Document No. 74) be **DENIED**, and that Defendants' Cross Motion for Summary Judgment (Document No. 78) also be **DENIED**.

/s/
DEBORAH. A. ROBINSON
United States Magistrate Judge

**Within fourteen days of being served, any party may file written objections to this Report and Recommendation. The objections shall specifically identify the portions of the findings and recommendations to which objection is made, and the basis of the objection. In the absence of timely objections, further review of issues addressed herein may be deemed waived.**