**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

---

|                                        |   |                                    |
|----------------------------------------|---|------------------------------------|
| KATHY RADTKE, ET AL.                   | \| |                                    |
|     Plaintiffs,    | \| |                                    |
|                                        | \| |                                    |
| v.                                     | \| | Civil Case No.: 06cv02031 (EGS)    |
|                                        | \| |                                    |
| MARIA CASCHETTA, ET AL.                | \| |                                    |
|                                        | \| |                                    |
|     Defendants     | \| |                                    |


**PLAINTIFFS' PROPOSED ADDITIONAL JURY INSTRUCTIONS**

**A.**     **Response to District of Columbia Standard Civil Jury Instructions.**

Plaintiffs have no objection to any of the District of Columbia Standard Civil Jury Instructions except for Burden of Proof (page 7).

Plaintiffs do not expect to need the instructions on Expert Opinion or Depositions as Evidence.

**B.**     **The Plaintiffs propose the addition of the attached jury instructions relevant to the laws that govern this dispute.**


       /s/  S. Micah Salb, Esq.
S. Micah Salb, Esq.
Mary E. Kuntz, Esq.
LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814
Phone: (301) 656-6905

*Counsel for Plaintiffs*

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 1

### Broad Instruction

This case arises under the three laws:

The first law is the Fair Labor Standards Act, a federal law that provides for the payment of time-and-a-half overtime pay.

The second law is the Maryland Wage and Hour Law, a state law that provides for the payment of time-and-a-half overtime pay.

And the third law is the Maryland Wage Payment and Collection Law.

In addition, the Plaintiffs allege a Breach of Contract

The Plaintiffs claim that the Defendants did not pay them the legally required overtime pay.

The Plaintiffs must prove each of the following by a preponderance of the evidence:

1.      the Defendants employed the Plaintiffs during the time period involved;

2.      the Plaintiffs' work was engaged in commerce; and

3.      Defendant failed to pay the Plaintiffs the overtime pay required by law.

The second element — that the plaintiffs' work was engaged in commerce — is not disputed by the Parties, so you will not have to consider that element.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

### PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 2

### Determination of Hours Worked

You must determine the number of hours worked by the Plaintiffs based on all of the evidence.

The Defendants were legally required to maintain accurate records of its employees' hours worked.  If you find that the Defendants failed to maintain records of the Plaintiffs' hours worked or that the records kept by the Defendants are inaccurate, you must accept Plaintiffs' estimate of hours worked, unless you feel that Defendants were able to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the Plaintiffs' evidence.[1]

---

[1] Newell v. Runnels, 407 Md. 578, 649 (2009) (Stating that the FLSA is "State parallel" to the MWHL; Friolo v. Frankel, 373 Md. 501, 515 (2003) ("The [MWHL] shares the benevolent purpose of its Federal partner, the [FLSA]").

29 U.S.C. § 211(c) (The FLSA requires employers to "make, keep and preserve such records of the persons employed by him and of wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator [of the Department of Labor's Wage and Hour Division] as he shall prescribe by regulation or order . . . ."; Dole v. Alamo Foundation, 915 F.2d 349, 351 (8th Cir. 1990) (Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. Instead, the employees "are to be awarded compensation on the most accurate basis possible."); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946) (The plaintiff bears the burden of proving the extent of any uncompensated work, but may satisfy that burden by "just and reasonable inference." Once the plaintiff has produced such evidence of uncompensated work, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence").

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 3

### Definition of Hours Worked

The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.  Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed.[2]

Lippman, Semsker & Salb, LLC

7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[2] Newell v. Runnels, 407 Md. 578, 649 (2009) (Stating that the FLSA is "State parallel" to the MWHL; Friolo v. Frankel, 373 Md. 501, 515 (2003) ("The [MWHL] shares the benevolent purpose of its Federal partner, the [FLSA]").

29 U.S.C. § 203(g) ("Employ" means "to suffer or permit to work" and the "suffer or permit" test provides that time spent on a "principal activity" for the benefit of the employer, with the employer's knowledge, is considered to be hours worked and therefore is compensable.); see Blair v. Wills, 420 F.3d 823, 829 (8th Cir. 2005); Anderson v. Mount Clemens Pottery Co., 328 U.S. 680, 598 (1946) (stating the workweek typically includes "all the time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place").

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 4

### Employer's Burden of Proof

In this case, the Defendants claim that it is entitled to benefit from two exemptions from the overtime pay provisions of the laws.

The employer has the burden of establishing by a preponderance of the evidence that it is entitled to the benefit of an exemption under the Fair Labor Standards Act.[3]

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[3] Dybach v. State of Florida Dept. of Corrections, 942 F.2d 1562, 1566 n.5 (11th Cir. 1991); Dalheim v. KDFW-TV, 918 F.2d 1220, 1224 (5th Cir. 1990); Hays v. City of Pauls Valley, 74 F.3d 1002, 1005 (10th Cir. 1996).

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 5

### Test For Administrative Exemption

The first of the two exemptions claimed by the Defendant is what we call the bona fide administrative exemption.

To receive the benefit of this exemption, the Defendant must prove by a preponderance of the evidence that:

First, that the employee is paid a salary of at least $250.00 per week exclusive of board, lodging, or other facilities. The parties do not disagree about this.

Second, that the employee's primary duty consists of the performance of office or non-manual work directly related to management policies or general business operations of the company or the company's customers;

And third that the employee's work requires the exercise of discretion and independent judgment.[4]

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[4] 29 C.F.R. §541.2(e)(2).

- 6 -

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 6

### Test For Professional Exemption

The second exemption claimed by the Defendants is what we call the bona fide professional exemption.

To receive the benefit of this exemption, the Defendants must prove by a preponderance of the evidence the following elements:

First, that the employee earns a salary of at least $250.00 per week.  This, the parties agree, is true.

Second, that the employee's primary duty consists of the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

And third that the employee performs work requiring the consistent exercise of discretion and judgment.[5]

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[5] 29 C.F.R. §541.3(e).

## **PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 7**

### **Construction**

Exemptions from the overtime provisions of the Fair Labor Standards Act are to be narrowly construed against the employer.[6]

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[6] Tony & Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 296 (1985); Birdwell v. City of Gadsden, Alabama, 970 F.2d 802, 805 (11th Cir. 1992).

- 8 -

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 8

### Suffered or Permitted to Work

  Work not requested but suffered or permitted is counted as work time.  If the employer knew or had reason to believe that the employee was continuing to work, then the time is work time and it is compensable.[7]

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[7] 29 C.F.R. §785.11

## **PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 9**

### **Ordinary Commuting Time**

An employee who travels from home before her regular work day and returns to her home at the end of the work day is engaged in ordinary home to work travel which is a normal part of employment.  Normal travel from home to work is not work time and is not compensable.[8]

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[8] 29 C.F.R. §785.35

- 10 -

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 10

### Weekly Commission

When a commission is paid on a weekly basis, it is added to the employee's other earnings for that work week and the total earnings are divided by the total number of hours in the work week to obtain the employee's regular hourly rate for that particular work week.  The employee must then be paid extra compensation at one-half of that rate for each hour worked in that work week in excess of 40 hours.[9]

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[9] 29 C.F.R. §778.118

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 11

### Travel Between Working Locations

      If you find that Ms. Radtke was required to travel between two work locations, you must find that her travel time between work locations is part of her day's work, and such time must be counted as hours worked.  Neither contract, custom, nor practice can change that.[10]

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[10] 29 C.F.R. § 785.38; Friolo v. Frankel, 373 Md. 501, 513, 819 A.2d 354, 361 (2003) ("Maryland law incorporates the [FLSA]"); IBP, Inc. v. Alvarez, 546 U.S. 21, 29?30 (2005), quoting Steiner v. Mitchell, 350 U.S. 247, 252?53 (1956) (Employees are entitled to full compensation for all activities which are an "integral and indispensable part" of their job duties); Ross v. Wolf Fire Prot., Inc., 799 F. Supp. 2d 518, 525 (D. Md. 2011) (denying summary judgment on the issue of whether "travel from the warehouse to the job site and the return to the warehouse at the end of the day are 'part of the day's work' requiring compensation); Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1289 (10th Cir. 2006) ("If the plaintiffs' first principal activity took place at [a] convenience store before traveling to the [work] site, and their last principal activity took place at the [convenience store] after returning from the [work] site, then . . . their travel time would be included in their workday."); Dunlop v. City Electric, Inc., 527 F.2d 394, 398 (5th Cir. 1970) (The definition of "work" is to be construed liberally and includes "any work of consequence performed for an employer no matter when the work is performed."); see also Cleary v. Tren Servs., 2012 U.S. Dist. LEXIS 49552, *5 (D. Va. April 9, 2012).

**<u>PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 12</u>**

**Joint Employers**

An employee may have more than one employer at a given time.  In this situation, "joint employers" are liable, both individually and jointly, for compliance with all of the applicable provisions of the Wage and Hour Laws.

You must determine whether Advanta and Lifecare are joint employers.  The pertinent considerations are whether Advanta (1) had the power to hire and fire the employees of IE; (2) supervised and controlled employee work schedules or conditions of Lifecare employees; (3) determined the rate and method of payment of Lifecare employees; and (4) maintained employment records of Lifecare employees, or vice-versa.  If you find these factors are present, you must find that Advanta and Life care are joint employers.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 13 -

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 13

### Employer's Duty to Pay Wages

Employers are obligated to set regular pay periods and to pay each employee at least once in every two weeks or twice in each month. If an employer fails to pay an employee all wages due in the regularly scheduled pay period, and if two weeks have elapsed since the wages should have been paid, the employee may recover the unpaid wages.

If you find that any one or more of the Defendants in this case, acting as an employer of the Plaintiffs, failed to pay any of the Plaintiffs all wages due, you shall find in favor of the Plaintiffs and determine the total amount of unpaid wages owed to each Plaintiff.

If you find that the failure to pay wages was not the result of a good faith dispute, you may award up to three times the amount of the wages that was not the result of a good faith dispute.[11]

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[11] Md. Code Ann., Lab & Empl. Sec. 3-502(a); Ocean City Chamber of Commerce v. Barufaldi, 2013 Md. LEXIS 593 (Sept. 24, 2013).

- 14 -

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 14

### Owner Liability

When an employee has not been properly paid all of his wages, the owners of the company can be found to be personally liable for the unpaid wages. In assessing whether personal liability should be imposed in this case you should follow the "economic reality" test, for which the pertinent considerations include whether an alleged employer had the authority to: (1) hire and fire employees, (2) supervise and control employee work schedules or conditions of employment, (3) determine the rate and method of payment, and (4) maintain employment records.

If you find Maria Caschetta, Joseph Molina, or both, meet the foregoing test, you shall find them to be personally liable for the wages owed to the Plaintiffs.[12]

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[12] Campusano v. Lusitano Constr. LLC, 208 Md. App. 29, 36 (Nov. 21, 2012); Newell v. Runnels, 407 Md. 578, 649-54, 967 A.2d 729 (2009).

## PLAINTIFFS' REQUEST FOR INSTRUCTION NO. 15

### Damages

The measure of damages is the difference between what the employee should have been paid under the Fair Labor Standards Act and the amount that she was actually paid.

In the event that you are convinced by the evidence that the Defendant did violate the Fair Labor Standards Act, then you must determine the amount of damages the Plaintiff has suffered. With regard to Plaintiff's allegations of Fair Labor Standards Act violations, you must determine the difference between what the Plaintiff was paid and what you, as jurors, decide that she should have been paid. That difference is the amount of damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiff's damages, no more, and no less.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. Damages also do not include sums for court costs or attorney fees.  Neither can damages be based on speculation or guesswork because only actual damages, what the law calls compensatory damages, can be recovered.[13]

Lippman, Semsker & Salb, LLC

7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[13] Source of Instruction: 29 U.S.C. §216(b); Pattern Jury Instructions, Federal Claims Instruction No. 9.1 and Damages Instruction No. 1.1 (11th Cir. 1990 ed.); Pattern Jury Instructions, Labor and Employment Claims, No. 11.1 (5th Cir. 1992 ed.).