# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KATHY RADTKE, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-2031 (JMF)** |
| | ) | |
| **MARIA CASCHETTA, *et al.*,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OMNIBUS POST-TRIAL ORDER

A jury trial on this matter was held from January 13 – 17, 2014. The remaining outstanding issues are addressed in this Order.

### A.  Statute of Limitations

Plaintiffs argue that Maryland's three-year statute of limitations applies to plaintiff Cunningham because defendant Lifecare was an employer under Maryland law. See Plaintiffs' Report Regarding Damages Calculation [#157] at 2-3.[1] To support this proposition, plaintiffs claim that "Lifecare has offices in Maryland, was operated from Maryland as it relates to Ms. Cunningham's work, interviewed Ms. Cunningham in Maryland, extended employment to Ms. Cunningham in Maryland, and supervised her work (through Advanta) in Maryland." Id. at 3. These claims are either not supported by the record or have been rejected by the jury. With respect to the claim that Lifecare had an office in Maryland, Joseph Molina testified that the office has existed only for the past four years, see Transcript of Trial at 117:16, Radtke v. Caschetta Civil Action No. 06-2031 (Jan. 13, 2014), so defendant Lifecare was not a Maryland employer at the time that it employed plaintiff Cunningham. Furthermore, the jury determined

---

[1] Although not captioned a motion, because plaintiffs' filing seeks various forms of relief, it will be deemed as such and ruled on accordingly.

that defendants Lifecare and Advanta were not joint employers, thus negating any liability for defendant Lifecare under Maryland law based on the actions of defendant Advanta.

There is no dispute that Maryland's three-year statute of limitations does apply to plaintiff Radtke, entitling her to any damages that occurred since October 27, 2004—when she started her employment with defendant Advanta. However, because plaintiff Cunningham's claims are not subject to Maryland law, the applicable statute of limitations must be determined under federal law. The jury determined that the defendants did not willfully violate the Fair Labor Standards Act ("FLSA"), meaning that plaintiff Cunningham is only entitled to recover damages since November 29, 2004. See 29 U.S.C. § 255(a).[2] Plaintiffs' motion to have a three-year statute of limitations apply to plaintiff Cunningham is **DENIED**.

### B. Plaintiffs' Rule 50 Motions

Plaintiffs continue to argue that plaintiff Cunningham was not an independent contractor of defendant Advanta and that defendant Advanta was a joint employer with defendant Lifecare. The jury has rendered a verdict to the contrary. To the extent that plaintiffs intend their motions to be motions pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, seeking judgment as a matter of law, these motions are **DENIED**.

### C. Defendants' Motion With Respect to Plaintiff Radtke's Travel Time

The defendants make the bizarre claim that, because the "verdict form did not give the jury the option of choosing one hour or ten minutes" for plaintiff Radtke's travel time between the Pentagon and Kaiser Permanente, "it is unclear . . . whether the jury determined that Ms. Radtke should be compensated" for one hour of travel time or ten minutes of travel time. Defendants' Objections to Plaintiffs' Report Regarding Damages Calculations [#158] at 1.[3]

---

[2] All references to the United States Code are to the electronic versions that appear in Westlaw or Lexis.
[3] Because defendants' filing also seeks relief, it, too, will be deemed a motion and resolved accordingly.

The Court finds defendants' argument baffling. The Court instructed the jury as follows: "[Time] spent by an employee in travel as part of her principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. You must therefore determine whether the time spent by plaintiff Radtke travelling from the Pentagon to Kaiser Permanente was time spent as part of the principal activity of her workday." Transcript of Trial (A.M. Session) at 51:25, Radtke v. Caschetta Civil Action No. 06-2031 (Jan. 17, 2014). The verdict form asked the jury whether the time plaintiff Radtke spent travelling between the Pentagon and Kaiser Permanente "was part of her principal activity," and the jury found that it was. Verdict Form for Plaintiff Kathy Radtke [#152]. The jury's verdict is clear: plaintiff Radtke must be compensated for the entire amount of time she spent traveling between the Pentagon and Kaiser Permanente. Whether this was one hour or ten minutes is irrelevant because the parties agreed on a specific amount of damages and a specific formulation before the jury was instructed.[4] The defendants cannot now claim that the result of the jury's verdict is somehow unclear. Defendants' motion is **DENIED**.

### D.  Liquidated Damages

An employer who violates the Fair Labor Standards Act "shall be liable" for the unpaid wages and for "an additional equal amount as liquidated damages." 29 U.S.C. § 216. An employer can avoid this penalty only if it shows "to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that this act or omission was not in violation of the Fair Labor Standards Act." 29 U.S.C. § 260. Thus, the burden of proof is on the defendants to show that they acted "in good faith" and had "reasonable grounds for believing" that they were not violating the FLSA.

---

[4] At the request of both parties, the Court informed that jury that, if it found plaintiff Radtke should "be reimbursed for her full travel time," she was owed $3,245.66; if not, she was owed $721.73.

3

The jury has already reached a verdict with respect to two related matters: the defendants did not act "willfully" in violating the FLSA, and the dispute between the parties was not "not bona fide." With respect to this second finding, the double negative is an unfortunate result of the poor construction of the relevant Maryland statute. <u>See</u> Md. Lab. & Empl. Code Ann. § 3-507.2(b) ("If, in an action under subsection (a) of this section, a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs."). The Court instructed the jury that "[a] finding of no 'bona fide' dispute is essentially a finding that the defendants acted in bad faith." <u>See</u> <u>Ocean City, Md., Chamber of Commerce, Inc. v. Barufaldi</u>, 75 A.3d 952 (Md. 2013) ("A finding of 'no bona fide dispute' is essentially a finding that the defendant acted in bad faith."). Thus, the jury has already determined that plaintiffs failed to prove that defendants acted with bad faith.

The Court recognizes that, because of the shifting burdens of proof, a defendant under the FLSA can simultaneously be found to not have acted willfully by a jury yet still have liquidated damages assessed against it by a court. <u>Rodriguez v. Farm Stores Grocery</u>, 518 F.3d 1259, 1274 (11th Cir. 2008) ("For the willfulness issue on which the statute of limitations turns, the burden is on the employee; for the good faith issue on which liquidated damages turns, the burden is on the employer. Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.").

Nevertheless, this Court is persuaded that the defendants have met their burden for the same reasons that the jury was persuaded that the plaintiffs had not met theirs. Joseph Molina and defendant Caschetta both testified that they asked the government for exemptions from the overtime requirements for their medical coding employees because they were paying the

employees at a higher rate than the government's request for bids required. They also testified

that the government—at least implicitly—approved their waivers. Two key documents were

introduced into evidence. The first was a letter from Christopher Mendez that told the

government that the defendants intended to treat their medical coders as exempt because they

were paying the coders at a higher wage than was required. See Joint Exhibit 1. The second

document was the contract that the defendants submitted to the government—complete with

Molina's handwritten request for a waiver. See Defendant's Exhibit 4 at 20. Defendant Caschetta

also testified that she spoke to Kim Barnes, who signed the contract on behalf of the government,

and Vivian Detter, who replaced Barnes. Both of those individuals never raised any concerns

about the defendants' business practices despite knowing that the defendants were treating the

plaintiffs as exempt employees. In light of this, the Court finds that the defendants did act

reasonably and in good faith by not paying overtime to the plaintiffs. The plaintiffs' motion for

liquidated damages is **DENIED**.[5]

### E.  Plaintiffs' Breach of Contract Claim

Plaintiffs have provided no evidence to support their claim for breach of contract—which

is, in any event, a claim that is duplicative of others and would thus not allow separate recovery.

See Medina v. District of Columbia, 643 F.3d 323 (D.C. Cir. 2011). Furthermore, at the pretrial

conference, plaintiffs' counsel admitted that he "did not know" why he included a breach of

contract claim, only that it would be "malpractice" not to include it. Thus, as indicated on the

record, Count Four of plaintiff's Amended Complaint [#50] at 10 is **DISMISSED**. See

---

[5] The plaintiffs incorrectly claim that the Court may award liquidated damages under Maryland law. Such an award
is left solely to the jury, which is why the jury was so instructed—and why the plaintiff did not object at the time to
the issue being given to the jury. See Barufaldi, 75 A.3d at 397 ("But in a wage payment action, the factfinder—in
this case, a jury—must find that there was 'no bona fide dispute' . . .").

Transcript of Trial (A.M. Session) at 5:17, Radtke v. Caschetta Civil Action No. 06-2031 (Jan. 17, 2014).

### F.  The Amount of Damages to Be Awarded

In principle, the parties agreed that the amount of damages was a simple matter of arithmetic that turned on legal disputes to be resolved by the jury. They therefore agreed that there was no need for the jury to calculate damages.

The parties initially submitted several different damage calculations. In their first damage calculations submission, the plaintiffs sought (excluding interest) $5,962.55 for plaintiff Radtke and $8,845.59 for plaintiff Cunningham. See Kathy Radtke's OT Hours [#117-1] at 19; see also Kathy Radtke's OT Hours [#117-2] at 28.[6] Plaintiffs later revised these figures to $3,243.28 for plaintiff Radtke and $8,893.43 for plaintiff Cunningham. See Damage Calculation for Kathy Radtke [#127-1] at 28; see also Calculation of Damages Suffered by Carmen Cunningham [#127-2] at 18. Defendants, in response, filed both their own damage calculations and objections to plaintiffs'. See Defendants' Objections to Plaintiffs' Proposed Damage Calculations [#121].

Both before and during the trial, the Court repeatedly asked the parties whether they could agree on a specific damage calculation, and plaintiffs' counsel, Micah Salb—without disagreement from the defendants' counsel—repeatedly assured the Court that the parties would be able to agree on the numbers. See, e.g., Transcript of Trial at 113:23, Radtke v. Caschetta Civil Action No. 06-2031 (Jan. 15, 2014) ("I suspect that there will not be any conflict as to the calculation. When I go home tonight I will run some new numbers, send them to the other side. I'm sure we'll be on the same page."); see also Transcript of Trial at 5:2, Radtke v. Caschetta Civil Action No. 06-2031 (Jan. 16, 2014) ("Our expectation though is that there is a fairly good

---

[6] Plaintiffs erred by using Kathy Radtke's name in the heading for both damage calculations. It is clear, however, that the second listing of damages is actually for Carmen Cuningham. See Plaintiffs' Amended Pretrial Statement [#119] at 33.

chance that when we look at the changes and so on that we will be able to come to agreement."). However, such agreed numbers were never presented to the Court as plaintiffs promised.

The parties did, eventually, arrive at four agreed numbers that they asked the Court to read to the jury before it retired for its second round of deliberations.[7] Pursuant to this request, the Court informed the jury that—depending on its verdict on plaintiff Radtke's travel time between the Pentagon and Kaiser and its verdict on plaintiff Cunningham's work at Kaiser— plaintiff Radtke would be entitled to either $721.73 or $3,245.66 and plaintiff Cunningham would be entitled to either $2,583.18 or $3,597.77. This represented a significant decrease from what plaintiffs had told the Court they were seeking.

While the jury deliberated, the Court provided each party with a list of eight damage calculations per plaintiff that it needed in order to enter judgment. This list accounted for potential variations in the jury's verdict. Following the jury's verdict, the Court instructed the parties to confer and present the Court with final, agreed upon damage calculations. When asked by the Court to fill out the form and with appropriate damage calculations, Mr. Salb said, "I will." See Transcript of Trial at 6:12, Radtke v. Caschetta Civil Action No. 06-2031 (Jan. 17, 2014). Plaintiffs have still not done so. Defendants, though, did follow the Court's instruction and provided the Court with damage calculations that remained relevant in light of the jury's verdict. See Required Damage Calculations [#158-1]. The plaintiffs wove some damage calculations into a substantive motion. See [#157].

The following chart indicates what the parties agreed should be told the jury, the answers provided by the defendants on the list of damage calculations requested by the Court, and plaintiffs' asserted damages in their post-trial filing:

---

[7] Counsel for defendants asked that the Court include these numbers in the verdict form, but the Court declined to do so.

| Name of Plaintiff | Trial Agreement Submitted to Jury | Defendants' Repose to Court's Order | Plaintiffs' Statement in Post-Trial Filing |
|---|---|---|---|
| Kathy Radtke | $721.73 or $3,245.66 | $721.73 or $3,245.66 | $3,245.66 |
| Carmen Cunningham | $2,583.18 or $3,597.77 | $445.34 or $2,583.18 | $2,583.18 |

First, defendants' tender of $721.73 for plaintiff Radtke is based on their theory that she is only entitled to compensation for ten minutes of travel time rather than the entire amount of time spent travelling between the Pentagon and Kaiser Permanente. Based on the jury's verdict, the Court has rejected that theory and there is therefore agreement that her damages are $3,245.66.

Second, plaintiffs ignored the Court's order to fill out the form—a violation that might have led the Court to not award any damages at all. Additionally, the statement in the post-trial filing is unexplained but does agree with the amount told the jury. There is absolutely no explanation anywhere in the record of how it was derived, although both parties agreed that it be one of the two amounts submitted to the jury. Nevertheless, the Court presumes that $2,583.18 is the amount to which plaintiff Cunningham would be entitled if her legal theories regarding the statute of limitations were accepted by the Court and the jury. They were not, of course, and are therefore useless at this stage of the case as a damage award.  The Court will instead accept defendants' figure and conclude that: 1) defendant Advanta is liable to plaintiff Radtke in the amount of $3,245.66; and 2) defendant Lifecare is liable to plaintiff Cunningham in the amount of $445.34.

## G.  Prejudgment Interest

Although the D.C. Circuit has not directly addressed whether prejudgment interest should be awarded in an FLSA case, see Lopez v. Rodriguez, 688 F.2d 1376, 1381 n.10 (D.C. Cir. 1981) ("We express no opinion as to whether a court may award prejudgment interest [when

liquidated damages are not awarded].”), appellate courts in other circuits have made such an award when liquidated damages are not awarded. See, e.g., Ford v. Alfaro, 785 F.2d 835, 842 (9th Cir. 1986) (“It is well established in other circuits that, in the absence of a liquidated damage award, pre-judgment interest is necessary to fully compensate employees [in an FLSA case] for the losses they have suffered.”); see also Brock v. Richardson, 812 F.2d 121, 126 (3d Cir. 1987) (citing cases and applying presumption in favor of award of prejudgment interest).

The parties have not, however, provided the Court with the information necessary to accurately calculate prejudgment interest. It is clear from the final amounts for which the defendants are liable that the damage calculations submitted before trial are inaccurate and, at this point, useless. Although the parties have submitted final figures that purport to include prejudgment interest, they have not explained to the Court how they arrived at the figures presented. Before the Court exercises its equitable powers to award prejudgment interest, it must ensure that such an award is calculated accurately using an appropriate method.

Accordingly, the parties are instructed to file a joint statement by Friday, February 14, 2014. Based on the amount of damages that the Court is awarding, this statement must specify— for each calendar year—how much money in overtime pay is owed each plaintiff. For plaintiff Radtke, the joint statement must separately state the amount of overtime pay due in each year: 2004, 2005, and 2006. For plaintiff Cunningham, the joint statement must separately state the amount of overtime pay due in each year: 2004 and 2005. These figures must exclude interest, which the Court shall then determine and enter judgment.

In the past, the parties have had difficulty agreeing and filing joint statements. Such behavior shall not be tolerated with respect to this joint statement, which is now nothing more than arithmetic.

**SO ORDERED.**


_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE