## RETAINER AGREEMENT

Kathy Radtke, whose mailing address is 11226 Troy Road, Rockville, MD, 20852, herewith retains LIPPMAN, SEMSKER & SALB, LLC (hereinafter "Lippman") as legal counsel to investigate her claims of violation of the Service Contract Act, in a matter involving Lifecare Management Partners, in accordance with the limitations set forth in Paragraph 7, below.

In consideration for legal services rendered, and to be rendered, by Lippman on behalf of Radtke in this cause of action, Radtke and Lippman agree to the following terms:

1.    **Billing**.  **Radtke's Attorneys' Fee Payment shall be paid through a contingency fee as described in Paragraph 3.**  Radtke will be responsible for paying out-of-pocket expenses as described in Paragraph 4.

2.    **Billing Rate**.  The Billing Rate for Lippman's services shall be $365.00 per hour for the services of Mr. Semsker; $275.00 per hour for the services of Mr. Salb; $175.00 per hour for the services of any associate working on this matter; $95.00 per hour for the services of any law clerk; and $75.00 per hour for the services of any paralegal.  Lippman reserves the right to adjust these Billing Rates to reflect changed prevailing rates.  Time billed will be billed in six-minute increments.  **These rates are listed for record keeping purposes only.**

3.    **Contingency Fee**.  Lippman shall be entitled to a fee equal to 35% of all monies, compensation, benefits, attorneys' fees, and any other damages of any type awarded by judgment or settlement (hereinafter the "Contingency Fee").  The amount of the Contingency Fee shall be computed prior to payment of any outstanding out-of-pocket expenses.  The Contingency Fee shall be due and payable to Lippman within three business days after receipt or collection of such amounts by Fellows if delivered directly to Fellows.  If the sum subject to the Contingency Fee includes an award of Attorneys' Fees, the amount of Lippman's Contingency Fee will not be less than the Attorneys' Fees award, notwithstanding any other provision of this Agreement.

4.    **Out-of-Pocket Expenses and Travel Time**.  Radtke shall be jointly and severally responsible for all out of pocket expenses in the case along with the other persons who are investigating a claim against Lifecare and Advanta.  These expenses shall include but are not limited to photocopying, filing fees, on-line research costs, printing, postage, couriers, facsimiles, travel, witness fees, and other necessary and direct expenditures.  Local counsel fees, if any, shall also be billed to Radtke as an out-of-pocket expense.  Nothing in this Agreement shall obligate Lippman to advance out-of-pocket expenses.

5.    **Fees and Expenses Payment**.  Payment for all expenses are due within twenty (20) days of the invoice date.  Radtke agrees that Lippman shall charge her interest at the rate of 5% per annum, compounded monthly, on unpaid past-due balances.  Radtke further agrees to reimburse Lippman for any collection costs and attorneys' fees incurred as the result of her failure to timely pay any invoices.  If Radtke does not timely pay her invoices, Lippman may obtain and perfect an attorneys' lien against her documents, property,



money, or other rights, in accord with applicable law.

6. **Duty to Keep Informed**. Radtke agrees to keep Lippman informed of her current mailing address and telephone number and to keep Lippman fully informed of all material developments in her case. Radtke understands that her failure to do so may result in Lippman's withdrawal from representation. Lippman shall keep Radtke fully apprized of all the events concerning this cause of action and shall not accept any resolution without her express consent.

7. **NOTHING IN THIS AGREEMENT OBLIGATES LIPPMAN TO PURSUE THIS MATTER IN ANY COURT, APPELLATE BODY, OR OTHER TRIBUNAL. Nor is Lippman obligated to pursue or continue to pursue this matter should Lippman determine at any time that the matter lacks sufficient merit. In the event it is necessary and both Lippman and Radtke desire to pursue any additional legal remedy or right, Lippman and Radtke shall meet to execute a new mutually satisfactory agreement.**

8. **Designation of Counsel**. Lippman retains the right to associate with other counsel as it deems necessary at any time during the pendency of this matter. Lippman reserves the responsibility to designate the appropriate attorney(s) to render services under this Agreement. Lippman will designate the appropriate attorney(s) and other staff based on the complexity of the matter, the skill and availability of the staff involved, your request, and other factors.

9. **Escrow Account**. Lippman's escrow account is an "IOLTA" account, which means that interest from any funds in that account may go, after bank fees, to a Legal Services Corporation entity (which provides legal assistance to the poor). Radtke agrees that Lippman may keep any funds entrusted by her to Lippman in this IOLTA account.

10. **Right to Terminate**. Radtke retains the right at any time to terminate Lippman's representation of her. However, Radtke agrees that if she withdraws from this litigation she shall pay Lippman the amount of Lippman's legal fees at the hourly rates set forth in Paragraph (2), above, and/or Lippman shall receive a pro rata portion of whatever contingency fee is derived from the matter if the case continues, whichever is greater. Radtke remains responsible for all fees incurred and all fees incurred during this course of withdrawal.

11. **Fee Disputes**. Radtke and Lippman agree that in the event that they have any dispute regarding attorney's fees or costs, and they are unable to reach agreement, they will attempt to mediate the dispute before the Maryland State Bar Association's Committee on the Resolution of Fee Disputes, and if that mediation is unsuccessful, Radtke and Lippman agree to submit the dispute to binding arbitration before the Montgomery County Bar Associations Committee on the Resolution of Fee Disputes.

12. **Expression of Opinion**. Radtke understands that Lippman will use its best efforts to represent her. However, Lippman makes no promises or guarantees regarding the

outcome of any case or the time frame in which a case will be resolved. Any comments by Lippman as to the likely outcome of any case are mere expressions of opinion.

13. **Review**. Radtke has, before signing this Agreement, read it and she has been given an opportunity to ask questions and she understands each of the provisions set forth herein.

14. **Integration**. This Agreement contains the entire, integrated agreement between Lippman and Radtke, and it supersedes all prior oral or written agreements, commitments, or understandings with respect to the matters provided for herein, and no modification shall be binding on the affected party unless set forth in writing and duly executed by that party.

15. **Invalidity or Unenforcability**. The invalidity or unenforcability of any particular provision of this Agreement shall not affect any other provision(s) herein, and this Agreement shall be construed in all respects as if any such invalid provision were omitted from this Agreement.

16. **Covenants**. All of the covenants and agreements in this Agreement shall bind and inure to the benefit of our respective heirs, guardians, personal and legal representatives, successors, and permitted assigns.

Agreed and accepted:

_Kathy S Radtke_____     _2/18/06_____
Kathy Radtke                         Date

LIPPMAN, SEMSKER & SALB, LLC

_____     _2/23/06_____
by S. Micah Salb, Esq.               Date

## <u>RETAINER AGREEMENT</u>

Carmen Cunningham, whose mailing address is 13009 Scalp Duck Court, Upper Marlboro, MD, 20774, herewith retains LIPPMAN, SEMSKER & SALB, LLC (hereinafter "Lippman") as legal counsel to investigate her claims of violation of the Service Contract Act, in a matter involving Lifecare Management Partners, in accordance with the limitations set forth in Paragraph 7, below.

In consideration for legal services rendered, and to be rendered, by Lippman on behalf of Cunningham in this cause of action, Cunningham and Lippman agree to the following terms:

1.    **<u>Billing</u>. Cunningham's Attorneys' Fee Payment shall be paid through a contingency fee as described in Paragraph 3.** Fellows will be responsible for paying out-of-pocket expenses as described in Paragraph 4.

2.    <u>Billing Rate</u>. The Billing Rate for Lippman's services shall be $365.00 per hour for the services of Mr. Semsker; $275.00 per hour for the services of Mr. Salb; $175.00 per hour for the services of any associate working on this matter; $95.00 per hour for the services of any law clerk; and $75.00 per hour for the services of any paralegal. Lippman reserves the right to adjust these Billing Rates to reflect changed prevailing rates. Time billed will be billed in six-minute increments. **These rates are listed for record keeping purposes only.**

3.    <u>Contingency Fee</u>. Lippman shall be entitled to a fee equal to 35% of all monies, compensation, benefits, attorneys' fees, and any other damages of any type awarded by judgment or settlement (hereinafter the "Contingency Fee"). The amount of the Contingency Fee shall be computed prior to payment of any outstanding out-of-pocket expenses. The Contingency Fee shall be due and payable to Lippman within three business days after receipt or collection of such amounts by Fellows if delivered directly to Fellows. If the sum subject to the Contingency Fee includes an award of Attorneys' Fees, the amount of Lippman's Contingency Fee will not be less than the Attorneys' Fees award, notwithstanding any other provision of this Agreement.

4.    <u>Out-of-Pocket Expenses and Travel Time</u>. Cunningham agrees to reimburse Lippman for all out-of-pocket expenses incurred in connection with this case. These expenses shall include but are not limited to photocopying, filing fees, on-line research costs, printing, postage, couriers, facsimiles, travel, witness fees, and other necessary and direct expenditures. Local counsel fees, if any, shall also be billed to Cunningham as an out-of-pocket expense. Nothing in this Agreement shall obligate Lippman to advance out-of-pocket expenses.

5.    <u>Fees and Expenses Payment</u>. Payment for all expenses are due within twenty (20) days of the invoice date. Cunningham agrees that Lippman shall charge her interest at the rate of 5% per annum, compounded monthly, on unpaid past-due balances. Cunningham further agrees to reimburse Lippman for any collection costs and attorneys' fees incurred as the result of her failure to timely pay any invoices. If Cunningham does not timely


Send to client & File

pay her invoices, Lippman may obtain and perfect an attorneys' lien against her documents, property, money, or other rights, in accord with applicable law.

6. **Duty to Keep Informed**. Cunningham agrees to keep Lippman informed of her current mailing address and telephone number and to keep Lippman fully informed of all material developments in her case. Cunningham understands that her failure to do so may result in Lippman's withdrawal from representation. Lippman shall keep Cunningham fully apprized of all the events concerning this cause of action and shall not accept any resolution without her express consent.

7. **NOTHING IN THIS AGREEMENT OBLIGATES LIPPMAN TO PURSUE THIS MATTER IN ANY COURT, APPELLATE BODY, OR OTHER TRIBUNAL. Nor is Lippman obligated to pursue or continue to pursue this matter should Lippman determine at any time that the matter lacks sufficient merit. In the event it is necessary and both Lippman and Cunningham desire to pursue any additional legal remedy or right, Lippman and Cunningham shall meet to execute a new mutually satisfactory agreement.**

8. **Designation of Counsel**. Lippman retains the right to associate with other counsel as it deems necessary at any time during the pendency of this matter. Lippman reserves the responsibility to designate the appropriate attorney(s) to render services under this Agreement. Lippman will designate the appropriate attorney(s) and other staff based on the complexity of the matter, the skill and availability of the staff involved, your request, and other factors.

9. **Escrow Account**. Lippman's escrow account is an "IOLTA" account, which means that interest from any funds in that account may go, after bank fees, to a Legal Services Corporation entity (which provides legal assistance to the poor). Cunningham agrees that Lippman may keep any funds entrusted by her to Lippman in this IOLTA account.

10. **Right to Terminate**. Cunningham retains the right at any time to terminate Lippman's representation of her. However, Cunningham agrees that if she withdraws from this litigation she shall pay Lippman the amount of Lippman's legal fees at the hourly rates set forth in Paragraph (2), above, and/or Lippman shall receive a pro rata portion of whatever contingency fee is derived from the matter if the case continues, whichever is greater. Cunningham remains responsible for all fees incurred and all fees incurred during this course of withdrawal.

11. **Fee Disputes**. Cunningham and Lippman agree that in the event that they have any dispute regarding attorney's fees or costs, and they are unable to reach agreement, they will attempt to mediate the dispute before the Maryland State Bar Association's Committee on the Resolution of Fee Disputes, and if that mediation is unsuccessful, Cunningham and Lippman agree to submit the dispute to binding arbitration before the Montgomery County Bar Associations Committee on the Resolution of Fee Disputes.

12. **Expression of Opinion**. Cunningham understands that Lippman will use its best efforts

to represent her.  However, Lippman makes no promises or guarantees regarding the outcome of any case or the time frame in which a case will be resolved.  Any comments by Lippman as to the likely outcome of any case are mere expressions of opinion.

13.    **Review**.  Cunningham has, before signing this Agreement, read it and she has been given an opportunity to ask questions and she understands each of the provisions set forth herein.

14.    **Integration**.  This Agreement contains the entire, integrated agreement between Lippman and Cunningham, and it supersedes all prior oral or written agreements, commitments, or understandings with respect to the matters provided for herein, and no modification shall be binding on the affected party unless set forth in writing and duly executed by that party.

15.    **Invalidity or Unenforcability**.  The invalidity or unenforcability of any particular provision of this Agreement shall not affect any other provision(s) herein, and this Agreement shall be construed in all respects as if any such invalid provision were omitted from this Agreement.

16.    **Covenants**.  All of the covenants and agreements in this Agreement shall bind and inure to the benefit of our respective heirs, guardians, personal and legal representatives, successors, and permitted assigns.

Agreed and accepted:

Carmen Cunningham                    2/7/06
Carmen Cunningham                    Date


LIPPMAN, SEMSKER & SALB, LLC


by S. Micah Salb, Esq.                    Date        2/8/06