

**LIPPMAN, SEMSKER & SALB, LLC**

Founded Solaman G. Lippman 1972 – 2002

November 2, 2006

Mark J. Swerdlin, Esq.
Shawe & Rosenthal, LLP
20 S. Charles Street, Eleventh Floor
Baltimore, Maryland 21202

      Re:    <u>Radtke, et al. v. Caschetta</u>.

Dear Mr. Swerdlin:

This Firm represents Kathy Radtke and Carmen Cunningham. Ms. Radtke and Ms. Cunningham were employed by Maria Caschetta as medical coders and compensated at an hourly wage but they were not paid overtime. Nor was Ms. Radtke compensated for the time she spent driving from her first work site at the Pentagon to her second work site at Kaiser Permanente each day. These practices are in violation of the Fair Labor Standards Act and the Service Contract Act. Ms. Radtke and Ms. Cunningham have therefore employed this Firm to bring an action for breach of contract and violation of the Fair Labor Standards Act.

We write now in an effort to avert litigation, if that is possible. As your client likely knows, Ms. Radtke has suffered damages of approximately $4,700 and Ms. Cunningham has suffered damages of approximately $18,000. Attorneys fees are approximately $5,400 as of the date of this letter. Moreover, Maryland Code § 3-507.1(a) authorizes treble damages and 29 U.S.C. § 216 authorizes an amount equal to unpaid wages as liquidated damages. We hope to resolve this case now because our clients' financial investments in the case remain moderate and because a speedy resolution will prevent the expense of litigation as well as the need to involve the United States Government. These facts cause us to hope that you might have some interest in an amicable resolution.

Enclosed please find a courtesy copy of the Complaint which we have filed. We provide this copy to you with the desire that it might provide you more information with which to consider our claim. However, because the Rules require prompt service, we must request that you contact us immediately to discuss this matter further.

Very truly yours,
LIPPMAN, SEMSKER & SALB, LLC

by S. Micah Salb, Esq.

7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814

Tel: 301.656.6905
Fax: 301.656.6906

www.lsslawyers.com

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| KATHY RADTKE<br>11226 Troy Road<br>Rockville, Maryland 20852<br><br>AND<br><br>CARMEN CUNNINGHAM<br>13009 Scalp Duck Court<br>Upper Marlboro, Maryland 20774<br><br>       Plaintiffs,<br><br>       v.<br><br>MARIA CASCHETTA<br>11756 Frederick Road<br>Ellicott City, Maryland 21042<br><br>AND<br><br>LIFECARE MANAGEMENT PARTNERS<br>6601 Little River Turnpike, Suite 300<br>Alexandria, Virginia 22312<br><br>    SERVE:<br>    Dorothy M. Hesser, Resident Agent<br>    6601 Little River Turnpike, Suite 300<br>    Alexandria, Virginia 22312<br><br>AND<br><br>ADVANTA MEDICAL SOLUTIONS, LLC<br>11756 Frederick Road<br>Ellicott City, Maryland 21042<br><br>    SERVE:<br>    Maria Caschetta, Resident Agent<br>    11756 Frederick Road<br>    Ellicott City, Maryland 21042<br><br>       Defendants. | Civil Case No.: _____ |

## **COMPLAINT**

COME NOW the Plaintiffs, Kathy Radtke and Carmen Cunningham, by and through their under-signed attorneys, and sue the Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, and for their causes of action, Plaintiffs declare and aver as follows:

### I. Preliminary Statement.

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and under the common law tort of Breach of Contract, which arises out of a common nucleus of operative facts, for compensatory damages and equitable relief against Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, growing out of Defendants' refusal to pay to Plaintiffs their proper wages, including overtime wages, often failing to pay Plaintiffs at all for the work they performed, and paying them only partially and in an untimely manner when they did pay Plaintiffs.

### II. Jurisdiction

1. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as a case arising under the laws of the United States, and 28 U.S.C. § 1337, as an action arising under the Act of Congress regulating commerce.

2. This Court also has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, as amended.

3. This Court has jurisdiction over Plaintiffs' pendent state law claim of Breach of Contract pursuant to 28 U.S.C. § 1367(a), in that it arises out of a common nucleus of operative facts and is so related to the claims in this action within such original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

4.  Plaintiffs have satisfied all private, administrative, and judicial prerequisites to the institution of this action.

### III. Venue.

5.  The venue of this action is properly placed in the United States District Court for the District of Columbia pursuant to 29 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia, where the Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, regularly conduct business, and where the majority of the unlawful employment practices were committed.

### IV. Parties.

6.  Plaintiff Kathy Radtke is a resident of the State of Maryland and at all times relevant to this cause of action, was an employee within the meaning of the Fair Labor Standards Act.

7.  Plaintiff Carmen Cunningham is a resident of the State of Maryland and at all times relevant to this cause of action, was an employee within the meaning of the Fair Labor Standards Act.

8.  Defendant Maria Caschetta is a resident of the State of Maryland and is an officer and/or director of Lifecare Management Partners and Advanta Medical Solutions, LLC.

9.  Defendant Lifecare Management Partners is incorporated in the Commonwealth of Virginia and is registered to do business in the District of Columbia. Defendant Lifecare Management Partners is an employer within the meaning of the Fair Labor Standards Act.

10. Defendant Advanta Medical Solutions, LLC, is incorporated in the State of Maryland and is registered to do business in the District of Columbia. Defendant Advanta Medical Solutions, LLC, is an employer within the meaning of the Fair Labor Standards Act.

## V. Statement of Facts.

11. Defendants Maria Caschetta, Lifecare Management Partners, and Advanta Medical Solutions, LLC, operated medical record coding businesses which hired employees and contracted them out to perform medical record coding at the sites of various clients.

12. Plaintiff Kathy Radtke was hired by Defendants Maria Caschetta and Advanta Medical Solutions, LLC, in November 2004 as a medical records coder.

13. As a medical records coder, Plaintiff Radtke was required to arrive at the Pentagon in Arlington, Virginia, every morning to provide approximately four hours of medical record coding.

14. Plaintiff Radtke was then required by Defendants Maria Caschetta and Advanta Medical Solutions, LLC, to travel between one and two hours to her afternoon work site, which was Kaiser Permanente in Kensington, Maryland.

15. Plaintiff Radtke was required by Defendants Maria Caschetta and Advanta Medical Solutions, LLC, to work at least four hours at the Kaiser site daily.

16. Although required to travel during her normal workday, and although the travel time forced Plaintiff Radtke to be engaged in work activities regularly exceeding nine hours per day and forty-five to fifty hours per week, Plaintiff Radtke was at no time compensated for her time worked over forty hours per week nor was Plaintiff Radtke at any time reimbursed for her travel expenses.

17. Furthermore, Plaintiff Radtke was regularly required to work certain holidays. At no time was Plaintiff Radtke paid overtime or holiday pay for the services she was required to perform on those days.

18. Plaintiff Carmen Cunningham was hired by Defendants Maria Caschetta and Lifecare Management Partners in November 2002 as a medical records coder.

19. Plaintiff Cunningham was assigned by Defendants Maria Caschetta and Lifecare

Management Partners to work at Walter Reed Army Medical Center.

20. Plaintiff Cunningham was regularly required to work forty-one to fifty-five hours per week. At no time was Plaintiff Cunningham compensated at an overtime rate for her work performed in excess of forty hours per week.

21. Furthermore, Plaintiff Cunningham was regularly required to work certain holidays. At no time was Plaintiff Cunningham paid overtime or holiday pay for the services she was required to perform on those days.

22. As a result of the aforementioned conduct, Plaintiffs Radtke and Cunningham have suffered a loss of wages and benefits, stress and anxiety, and other non-pecuniary losses.

23. Plaintiffs Radtke and Cunningham have exhausted all administrative remedies and have no plain, adequate, or complete remedy at law to redress the wrongs alleged.

## COUNT ONE

### Violation of the Fair Labor Standards Act

24. Plaintiffs repeat and reiterate each and every allegation of Paragraphs 1 through 23 of this Complaint as if specifically alleged herein.

25. Pursuant to 29 U.S.C. § 216(b), the Plaintiffs have consented in writing to be party Plaintiffs in this FLSA action. Their written consents are attached to this Complaint.

26. At all times relevant to this action, Plaintiffs were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

27. At all times relevant to this action, Defendants were employers of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

28. At all times relevant to this action, the Defendants employed Plaintiffs within the

meaning of 29 U.S.C. § 203(g).

29. At all times relevant to this action, Plaintiffs were employed by the Defendants in an enterprise engaged in commerce of the production of goods for commerce.

30. The Defendants failed to pay the Plaintiffs minimum wages as required by the FLSA, often failing to pay them at all for the work they performed, and paying them only partially and in an untimely manner when they did pay the Plaintiffs, in violation of the FLSA, 29 U.S.C. §§ 206(a).

31. Upon information and belief, Defendant is without a valid exemption from the Fair Labor Standard Act's minimum wage provision, including exemption under the Portal-to-Portal Exception, pursuant to 29 U.S.C. § 254.

32. During their employ with Defendants, Plaintiffs have worked in excess of 40 hours per week (including travel time) for which they were not compensated with one-and-a-half times their normal pay, in violation of the FLSA, 29 U.S.C. §§ 207(a).

33. Upon information and belief, Defendant is without a valid exemption from the Fair Labor Standards Act's overtime wage provision, including exemption under the Portal-to-Portal Exception, pursuant to 29 U.S.C. § 254.

34. The Defendants' failure to pay the Plaintiffs proper minimum and overtime wages was a willful violation of the FLSA.

35. As a result of the Defendants' violation of the FLSA, Plaintiffs are entitled to recover their unpaid minimum and overtime wages, plus an additional and equal amount in liquidated damages, liquidated damages for the late partial payment of a portion of their FLSA wages, a reasonable attorneys' fee, and costs of this action, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiffs' rights under the FLSA;

b.      Award Plaintiffs lost wages and benefits;

c.      Award Plaintiffs appropriate liquidated damages;

d.      Award Plaintiffs their costs and attorneys' fees; and

e.      Award Plaintiffs such other and further relief as may be deemed just and proper.

## COUNT TWO

### Breach of Contract

36.     Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 35 of this Complaint as if specifically alleged herein.

37.     Pursuant to their employment with Defendants, Defendants agreed to pay Plaintiffs for their services at a specified hourly rate.

38.     Defendant failed to provide an accurate and timely accounting of the method of computation of Plaintiffs' pay.

39.     Upon information and belief, Plaintiffs were not paid fully for their services.

40.     Defendants' actions constitute a breach of contract.

WHEREFORE, Plaintiffs pray that this Court:

a.      Declare Defendants' conduct to be a malicious breach of contract;

b.      Award Plaintiffs lost wages and benefits;

c.      Award Plaintiffs appropriate compensatory damages;

d.      Award Plaintiffs their costs and attorneys' fees; and

e.      Award Plaintiffs such other and further relief as may be deemed just and proper.

Plaintiffs Kathy Radtke and Carmen Cunningham, by and through their under-signed counsel, herewith demand a trial by jury on all issues in this case.

Respectfully submitted,

_____
S. Micah Salb, #453197
Richard H. Semsker, #413886
Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road
Suite 500
Bethesda, Maryland 20814
(301) 656-6905
(301) 656-6906 (fax)
Attorneys for Plaintiffs