December 28, 2006

Alan Lescht, Esq.
Alan Lescht & Associates, P.C.
1050 17th Street, N.W.
Suite 220
Washington, DC  20036
***VIA FACSIMILE TO (202) 463-6067; ORIGINAL TO FOLLOW VIA U.S. MAIL.***

     Re:    <u>Radtke, et al. v. Caschetta et al.</u>;
               Civil Action No. 06-2031 (EGS).

Dear Mr. Lescht:

We write for the purpose of exploring the possibility of early settlement with you.

As we have previously communicated to Mr. Swerdlin, our clients have suffered damages caused by your clients's violation of the Fair Labor Standards Act amounting to approximately $23,000. As you certainly know, Section 216(b) of the Act provides that <u>payment of double damages is mandatory</u> unless the employer proves that its failure to pay overtime "was in good faith *and* that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260 (2000) (emphasis added). If an employer proves <u>both</u> of those criteria, then the court may <u>choose</u> to award less than double damages. However, the District Court for the District of Columbia has repeatedly embraced a strong presumption in favor of awarding double damages. *See*, *e.g.*, <u>Westfall v. District of Columbia</u>, 30 Wage & Hour Cas. (BNA) 4 (D.D.C. 1991).

For those reasons, we expect that our clients will receive an award of $46,000. The Plaintiffs will also be awarded their attorney's fees, which are currently $6,600, so that the total award will be $52,600. Of course, this number will increase precipitously when litigation commences, as attorney's fees will quickly mount.

Nevertheless, Ms. Cunningham and Ms. Radtke have authorized me to propose an early resolution of this matter in order to avoid the burdens associated with litigation. They have instructed me that they will accept a settlement amount of $25,000, which is less than half of the amount that they expect to receive if this case is litigated. We expect that this amount reflects substantially less than the amount which your clients will pay in attorney's fees to litigate this case, which makes this settlement of further value to the Defendants.

Alan Lescht, Esq.
December 28, 2006
Page 2


This is an exceedingly reasonable settlement demand which cannot, given the costs of litigation, remain open indefinitely. We understand that you will need some time to share this offer with your client, but we would appreciate your letting us know your thoughts as soon as possible.


Very truly yours,
LIPPMAN, SEMSKER & SALB, LLC


_____
by S. Micah Salb, Esq.