UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

KATHY RADTKE, et al.,                          |
|
Plaintiffs,              |
|
v.                          |          Civil Case No.: 06cv02031 (RCL)
|
LIFECARE MANAGEMENT PARTNERS,      |
et al.,                                          |
|
Defendants.              |
_____ |

## PLAINTIFFS' RENEWED MOTION
## FOR ATTORNEY'S FEES AND COSTS

COME NOW Plaintiffs Kathy Radtke and Carmen Cunningham, by and through their

undersigned counsel, and respectfully request that this Honorable Court award Plaintiffs

their attorney's fees and costs pursuant to 29 U.S.C. § 216(b), Rule 54 of the Federal Rules

of Civil Procedure, and Md. Code Ann., Labor & Employ. Art., §§ 3-427(d).

Plaintiffs make this motion for the reasons stated in the attached Memorandum of

Points and Authorities.

Respectfully submitted,


_____/s/ S.  Micah Salb_____
S.  Micah Salb, Esq.
Dennis Chong, Esq.
LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814
Phone: (301) 656-6905

*Counsel for Plaintiffs*

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| |
|---|
| KATHY RADTKE, et al., |
| |
| Plaintiffs, |
| |
| v. |
| |
| LIFECARE MANAGEMENT PARTNERS, et al., |
| |
| Defendants. |

Civil Case No.: 06cv02031 (RCL)

---

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS

COME NOW Plaintiffs Kathy Radtke and Carmen Cunningham, by and through their undersigned counsel, and respectfully request that this Honorable Court award Plaintiffs their attorney's fees and costs pursuant to 29 U.S.C. § 216(b), Rule 54 of the Federal Rules of Civil Procedure, and Md. Code Ann., Labor & Employ. Art., §§ 3-427(d).

On February 18, 2014, a jury rendered a verdict for the Plaintiffs in their overtime pay case. The Plaintiffs are therefore prevailing parties, and so they are entitled to be awarded their attorney's fees and costs. Computed at prevailing rates, the Plaintiffs incurred fees of about $530,000 over the course of the ten-year prosecution of this case, including two appeals. Plaintiffs seek to recover $435,000 of that amount, after deducting about $60,000 in fees for time that the Plaintiffs believe should be excluded from their fee petition *as well as* a ten percent "up front" reduction which the Plaintiffs propose as an efficient method of addressing the possibility of duplicative or excessive time charges. Plaintiffs also seek an award of $2,559.28 in unreimbursed costs.

In support thereof, Plaintiffs state as follows:

<div style="writing-mode: vertical">

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

</div>

# I.  BACKGROUND AND RELEVANT PROCEDURAL HISTORY.

In 2006, Radtke and Cunningham brought suit against Advanta Medical Solutions, Lifecare Management Partners, and Maria Caschetta (the "Employers") for failure to pay overtime wages in violation of the Fair Labor Standards Act and Maryland state law. Plaintiffs prevailed in a jury trial held in January of 2014.  The jury awarded the Plaintiffs damages of $5,844.29.

After trial, the Plaintiffs filed a motion for attorney's fees and costs as provided for in the FLSA and state law.  *See* 29 U.S.C. § 216(b).  By that time, the Plaintiffs had incurred fees and costs in excess of $325,000 at then-prevailing rates and sought recompense of approximately $256,000 of that amount (after reductions to account for the possibility of improper, duplicative, or excessive time charges).  On December 30, 2014, Judge Facciola issued an order awarding fees and costs of about $56,500.  [Docket No. 196.]

The Defendants appealed the jury decision against them, arguing that they had been harmed by several erroneous decisions by the trial court and that they were entitled to judgment as a matter of law.  On July 28, 2015, the Court of Appeals soundly rejected their arguments. Radtke v. Lifecare Management Partners, 795 F.3d 159 (hereinafter "*Radtke I*"), *rehearing en banc denied* (D.C.Cir. 2015).

Meanwhile, the Plaintiffs appealed this Court's Order regarding attorneys' fees, contending that this Court's decision striking 80% of the fees earned was improper.[1]  Judge Facciola had held that the number of hours spent in the litigation was reasonable and that

---

[1] The Defendants cross-appealed, contending that the fees awarded were excessive, and the Court of Appeals consolidated the Defendants' appeal with the Plaintiffs'.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

the Plaintiffs' proposed billing rates — including the use of then-current *Laffey* rates (rather than the rates that applied when the work was done) to account for the lengthy litigation — were fair and reasonable. But Judge Facciola also found that the fee award should be reduced to $56,000 because of "plaintiffs' counsel [sic] inability to provide a meaningful demand for the actual damages suffered." The Court wrote, "[i]t was not until the eve of trial, and several years into the litigation, that counsel provided th[e] Court with any calculation of plaintiff's damages," causing unnecessary delay and the resulting inflation of attorney's fees. *See* Order of Dec. 30, 2014 [Docket No. 196], at 10-11.

The Court of Appeals reversed, finding that the trial court's conclusions were plainly incorrect. "The error here is quite clear." Radtke v. Caschetta, --- F.3d ---, 2016 WL 1743399 at *4, 26 Wage & Hour Cas.2d (BNA) 629 (D.C.Cir. May 3, 2016) (hereinafter "*Radtke II*"). The Court noted that the "appellants were not negligent or dilatory in providing a damages estimate; they did so time and again, including before they filed suit." *Id.* The Court of Appeals vacated the trial court's decision and remanded for a determination of fees *de novo*.

## II. ARGUMENT.

**A.    The Award of Attorney's Fees to Prevailing Plaintiffs Is Mandatory in FLSA Claims.**

In claims brought under the Fair Labor Standards Act, the award of attorney's fees to prevailing plaintiffs is mandatory.[2] The court "shall, in addition to any judgment awarded

---

[2] The Plaintiffs are prevailing parties because judgment was entered in this case in favor of Ms. Radtke as against Advanta Medical Solutions and in favor of Ms. Cunningham as against

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

to the plaintiff or plaintiffs, allow a reasonably attorney's fee to be paid by defendant, and the costs of the action." 29 U.S.C. § 216(b); <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983) (fees should be awarded to the prevailing plaintiff unless the circumstances in a particular case indicate some good reason why a fee award is not appropriate); *see also* <u>Burnley v. Short</u>, 730 F.2d 136, 141 (4th Cir. 1984). This is effectively required under Maryland law as well. The Maryland Court of Appeals has held that although the statute states that attorney's fees "may" be awarded to the prevailing plaintiff, "the Legislature intended that discretion to be exercised liberally in favor of awarding fees...." <u>Friolo v. Frankel</u>, 373 Md. 501, 515 (2003).

**B.     THE COURT IS TO USE THE LODESTAR METHOD TO DETERMINE THE FEE AWARD.**

Under both the federal and Maryland laws, the court must apply the "lodestar" method to determine the proper amount of a fee award. <u>Copeland v. Marshall</u>, 641 F.2d 880, 905 (D.C.Cir. 1980); <u>Friolo v. Frankel</u>, 403 Md. 443 (2008). The lodestar method consists of a calculation of the "the number of hours reasonably expended, multiplied by a reasonable hourly rate" with "excessive, redundant, or otherwise unnecessary" hours excluded. *Hensley*, 461 U.S. at 433-34; *Friolo*, 403 Md. at 453.

─────────────────

Defendant Lifecare Management Partners. <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 603 (2001) (holding that a "prevailing party" is "one who has been awarded some relief by the court...."). The Court of Appeals has determined that the Plaintiffs are "prevailing parties" and therefore this Court need not revisit that analysis here. *Radtke II*, 2016 WL 1763399, at *1 ("Because appellants successfully recovered unpaid wages, the Fair Labor Standards Act entitled them to reasonable attorney's fees."); *id.* at *4 (reiterating determination that the Plaintiffs are entitled to fees).

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**C.     LITIGATION OF THIS CASE, INCLUDING APPEALS, CONSUMED ABOUT 1,400 HOURS OF PROFESSIONAL TIME.**

As with most wage and hour litigation, the successful prosecution of the Plaintiffs' case required substantial investigation, thorough discovery, and careful preparation for trial.  This work consumed in excess of 1,400 hours.  *See* Salb Affidavit, attached hereto as Exhibit 1, ¶63.  Plaintiffs' counsel have been cognizant throughout the case that litigation should be conducted efficiently and that time records should be kept carefully.  This fee petition is based on the contemporaneous time and expense records maintained by Plaintiffs' counsel's firm and have been carefully reviewed to ensure that only work required of the Plaintiffs in the diligent prosecution of their claim has been billed.  *Id.* ¶¶ 64-68.

The time records in this case demonstrate that before filing the complaint, Plaintiffs' counsel carefully investigated Plaintiffs' claims, including the factual underpinnings and applicable statutes.  Counsel interviewed the Plaintiffs and potential witnesses.  Counsel also reviewed all documentation that was then available.  *Id.* ¶ 59.  In addition, Plaintiffs' counsel attempted to settle the case before filing suit but the Defendants did not respond to the Plaintiffs' settlement proposals.  *See*, *e.g.*, Three Demand Letters from S. Salb to Defendants' counsel (Nov. 2, 2006; Dec. 1, 2006; and Dec. 28, 2006), attached hereto as Exhibit 2.

Counsel devoted reasonable time for the drafting, service, and filing of the Complaint, Amended Complaint, and other pleadings.

After the Defendants were served, they filed a volley of five motions: (a) a motion to dismiss for want of personal jurisdiction, (b) a motion to sever the claims, (c) a motion

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 5 -

for a more definite statement, (d) a motion to change venue, and (e) a motion to compel arbitration. [Dkt. Nos. 2-6.] In addition, after failing to block the Plaintiffs' effort to file an Amended Complaint, the Defendants filed yet another pre-Answer motion — a motion to dismiss certain of Ms. Cunningham's claims. [Dkt. No. 54.] Of course, each of these motions required the Plaintiffs to expend attorney time and effort in response.

After the Plaintiffs defeated the Defendants' numerous preliminary motions, the Defendants filed a counter-claim, contending that the Plaintiffs had breached an agreement not to compete. [Dkt. No. 26]. This too had the effect of requiring the expenditure of additional time by the Plaintiffs' attorneys.

The Plaintiffs engaged in extensive discovery. Discovery was unusually contentious in this case, and Plaintiffs were required to file several discovery motions. The Defendants produced hundreds of pages of payroll checks and time records that needed to be carefully reviewed. Because the Defendants produced these documents entirely without order, the review was particularly time-consuming. *See* Salb Affd., Exh. 1, ¶ 54.

Plaintiffs deposed the Plaintiffs' supervisors to obtain their testimony regarding the Plaintiffs' work duties and responsibilities. Salb Affd., Exh. 1, ¶ 59. The deposition transcripts were used throughout the trial. The Defendants deposed the Plaintiffs. *Id.* ¶ 59.

The Plaintiffs hoped to shorten the litigation by filing a motion for summary judgment in 2008. [Dkt. No. 46.] The Court denied it without prejudice. [Dkt. Entry 7/7/08.] The Plaintiffs sought summary judgment again in 2010 [Dkt. No. 74] and the Defendants filed a cross-motion [Dkt. No. 78]. The Court denied both motions. [Dkt. Nos. 97, 98.]

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

The Plaintiffs began to prepare for trial in earnest when it became clear that no settlement would occur. Trial preparation included extensive preparation with the Plaintiffs, both of whom were largely unfamiliar with court proceedings and procedures. *See* Salb Affd., Exh. 1, ¶ 60.

Plaintiffs' counsel spent significant time reviewing all documents produced by the Defendants and reviewing the deposition transcripts and discovery responses in order to prepare for witness examinations. Plaintiffs' counsel drafted the Joint Pretrial Order, prepared trial exhibits, and the like. Plaintiffs' counsel researched a number of issues relevant to the case and legal issues that counsel needed to be prepared to argue. *Id.*

During trial, Plaintiff's counsel conducted research on legal issues that arose during the trial and worked at length on calculating the Plaintiffs' damages for submission to the jury. Those calculations were complicated by not knowing what categories of damages would ultimately be applicable. *Id.*

The trial itself was conducted in an efficient manner. The Plaintiffs were represented at trial by two attorneys (Micah Salb and Mary Kuntz), both of whom were actively engaged in the tasks of trial, including eliciting testimony, keeping notes regarding testimony, exhibits, and legal issues, and the like. *Id.* ¶ 61.

Following trial, there was very extensive post-trial litigation, including proceedings related to the amount of damages, the amount of fees, and the merits of the case. These post-trial proceedings included the Plaintiffs' motion for attorney's fees. Plaintiffs' counsel has sought to be efficient in the preparation of this motion and its supporting documentation, but the steps required to prepare a proper fee application are necessarily

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

time-consuming.[3]  Some of the time in this category was expended reviewing time sheets and ensuring that the time entries adequately explained the tasks involved.  Substantial time was expended in analyzing the inclusion or exclusion of each entry in preparation for the fee petition and Bill of Costs.  Counsel has sought to adequately explain the work necessary that led to the judgment in the Plaintiffs' favor with the hope that the time records and explanation of work involved will reduce the Court's and the Defendants' time in addressing this application.  Salb Affd., Exh. 1, ¶ 66.

Throughout this litigation — and, indeed, even before this litigation — the Plaintiffs devoted substantial time in their efforts to settle this case, including attending two settlement conferences with Mag. Judge Facciola.  [*See* docket entries dated Dec. 14, 2007 and March 18, 2009.]  Unfortunately, the Defendants demonstrated no interest in settlement at any time during the litigation.  To the contrary, they insisted that for the case would settle, the *Plaintiffs* would have to pay the *Defendants* (instead of the other way around), based on the Defendants' baseless counter-claim — which the Defendants dismissed on the eve of trial.  *See* Salb Affd., ¶ 51-52.

The Plaintiffs' fee petition also includes work required for the appeals in this case.  There were effectively three appeals: The Defendants' appeal of the entry of judgment against them; the Plaintiffs' appeal of the trial court's decision to reduce the award of attorneys' fees; and the Defendants' cross-appeal of the attorney's fees award.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[3] Time and expenses required for the preparation of a motion for attorneys' fees and costs are compensable.  Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest., 771 F.2d 521, 528 (D.C.Cir. 1985) (it is "[s]ettled in this circuit" that "[h]ours reasonably devoted to a request for fees are compensable"); Sierra Club v. EPA, 769 F.2d 796, 811 (D.C.Cir. 1985).

D.     THE "*LAFFEY* MATRIX" SHOULD GUIDE THIS COURT'S DETERMINATION OF THE REASONABLENESS OF THE RATES THAT PLAINTIFFS SEEK.

In determining whether the hourly rates sought by an attorney are reasonable, a court must examine "the prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895.  The appropriate rates for this case are the rates earned by private counsel in other complex litigations. *See* Covington v. DC, 57 F.3d 1101, 1105 (D.C.Cir. 1995); Farbotko v. Clinton Cty., 433 F.3d 204, 211 (2d Cir. 2005) (explaining that, "[Congress] intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation. . . .").  Similarly, in Admiral Mortgage, Inc. v. Cooper, 357 Md. 533, 552 (2000), the Maryland Court of Appeals equated litigation brought under the Maryland Wage Payment and Collection Law case to Section 1988 cases, stating, "[a]lthough we presently have no rule comparable to Fed. R. Civ. P. 54(d)(2) or the procedure set forth in 42 U.S.C. § 1988, a generally similar post-verdict approach may be used."

In Laffey v. Northwest Airlines, Inc., this Court awarded fees at levels designed to reflect prevailing market rates for similar complex litigations.  572 F.Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C.Cir. 1984).  The rates permitted in *Laffey* have since become the guidestar for rate levels in fee awards.  The United States Attorney's Office in Washington, D.C. — a frequent litigator of employment discrimination cases from the defense side — issues an updated *Laffey* Matrix each year, reflecting its views of appropriate hourly rates, by updating the rates applied in *Laffey*

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

based on the Consumer Price Index.[4]  *See* U.S. Attorney's <u>*Laffey* Matrix Rates</u> statements (collected), attached hereto as Exhibit 3.

Use of the *Laffey* Matrix was implicitly endorsed by the Circuit Court of Appeals in <u>Save Our Cumberland Mountains v. Hodel</u>, 857 F.2d 1516, 1525 (D.C.Cir. 1988) (*en banc*) and has subsequently been recognized as evidence of prevailing market rates for litigation by this Court and many others in the years since.  *See* <u>Act Now to Stop War and End Racism Coalition v. DC</u>, 286 F.R.D. 145, 149 (D.D.C. 2012) (using the *Laffey* Matrix to determine reasonable rate for nonprofit legal group when imposing fees against DC for violation of scheduling order); <u>Covington v. DC</u>, 57 F.3d 1101, 1105 & n.14, 1109 (D.C.Cir. 1995); <u>Hall v. CIA</u>, 115 F.Supp.3d 24, 32 (D.D.C. 2015) (reasonable hourly rate is guided by *Laffey* matrix); <u>Berke v. Fed. Bureau of Prisons</u>, 942 F.Supp.2d 71, 77 (D.D.C. 2013) (holding that the *Laffey* matrix is "widely accepted"); <u>Heller v. DC</u>, 832 F.Supp.2d 32, 48 (D.D.C. 2011) (same); <u>Miller v. Holzmann</u>, 575 F.Supp.2d 2, 18 n.29 (D.D.C. 2008) (noting the "widespread acceptance" of the *Laffey* matrix); <u>Pleasants v. Ridge</u>, 424 F.Supp.2d 67, 71 n.2 (D.D.C. 2006) (referring to the *Laffey* Matrix as "the benchmark for reasonable fees in this Court").

The rates that the Plaintiffs' attorneys typically charge for plaintiff-side employment law services are usually lower than market rates for lawyers performing complex litigation.

---

[4] The determination of applicable rates may derive from the U.S. Attorney's calculations or from a litigants' own survey of prevailing market rates in the community. *Covington*, 57 F.3d at 1109. Based on that, some fee applicants have sought and been awarded fees at rates calculated by use of the Legal Services Component of the Consumer Price Index, which produces *higher* hourly rates than does the U.S. Attorney's calculation. *See*, *e.g.*, <u>Salazar v. DC</u>, 809 F.3d 58 (D.C.Cir. 2015) (holding that the Legal Services Index calculation "is probably a conservative estimate of the actual cost of legal services in this area"). Plaintiffs have determined that the value of the time that they spent on this case using the LSI calculation would be about $965,000 — nearly double the $530,000 in fees that Plaintiffs present here based on the CPI.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

This is because of the civil rights and economic justice objectives which govern the firm's employment law practice. *See* <u>Salb Affd.</u>, Exh. 1, at ¶ 42-45. But that is not relevant to the determination of a reasonable rate for purposes of a fee petition:

> Attorneys who practice privately and for profit but charge "reduced rates reflecting noneconomic goals" are entitled to receive attorneys' fees based on the prevailing market rate. <u>Save Our Cumberland Mountains, Inc. v. Hodel</u>, 857 F.2d 1516, 1524 (D.C.Cir.1988) (concluding that "Congress did not intend the private but public-spirited rate-cutting attorney to be penalized for his public spiritedness by being paid on a lower scale than either his higher priced fellow barrister from a more established firm or his salaried neighbor at a legal services clinic").

<u>Does I, II, III v. DC</u>, 448 F.Supp.2d 137, 141 (D.D.C. 2006); *see also* <u>Griffin v. Wash. Conv. Ctr.</u>, 172 F.Supp.2d 193, 198 (D.D.C. 2001) (*following Save Our Cumberland Mountains*).

**E.    BECAUSE OF THE LENGTHINESS OF THIS LITIGATION AND OTHER FACTORS, CURRENT *LAFFEY* RATES SHOULD BE USED.**

Receiving fees for work long after the work is done imposes an enormous cost to Plaintiffs' counsel. This is well-reflected in the law. As the Supreme Court has explained:

> compensation received several years after the services were rendered—as it frequently is in complex civil rights litigation—is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings. We agree, therefore, that an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise—is within the contemplation of the statute.

<u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 283-84 (1989); *see* <u>Harvey v. Mohammed</u>, 951 F.Supp.2d 47, 55 (D.D.C. 2013) (applying *Jenkins*); <u>McKesson Corp. v. Islamic Republic of Iran</u>, 935 F.Supp.2d 34, 43 (D.D.C. 2013) (same).

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Furthermore, the Court of Appeals has directed that the "'lodestar' fee may be increased to reflect the possibility that the litigation would not be successful and that no fee ultimately would be obtained." *Copeland*, 641 F.2d at 906.

Thus, there are several factors that warrant the use of current, rather than historical *Laffey* rates in this case:

❖ the Defendants' extra-ordinary zeal in their conduct of this litigation, including their refusal to even *consider* settlement throughout the case, thereby forcing protracted litigation;

❖ the passage of *ten years* since the start of the litigation;

❖ the Plaintiffs' proposed use of the *Laffey* Matrix based on the U.S. Attorney's calculation instead of the more realistic (and much higher) LSI calculation (see note 4, page 10 above); and

❖ the fact that the Plaintiffs' attorneys incurred substantial economic risk by agreeing to a representation with a contingency fee rather than regular hourly earnings.

**F.    THE RATES SOUGHT FOR THE WORK OF THE PLAINTIFFS' LAWYERS.**

**1.    Rates and Fee Calculation for Mr. Salb.**

Mr. Salb completed law school and passed the Bar Exam in 1994, first becoming licensed in early 1995. He now has more than twenty years of experience. When this case was filed, he had 11 years' experience. He has practiced employment litigation throughout his career, with the first half of his career devoted exclusively to employment litigation. *See* Salb Affd., Exh. 1, at ¶ 9. Mr. Salb was twice elected to serve on the Steering Committee of the District of Columbia Bar's Section on Labor and Employment Law, and served as its co-chair. *Id.* at ¶ 6. He has also served on the executive board of the Metropolitan Washington Employment Lawyers' Association. *Id.* at ¶ 7.

- 12 -

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

The following table details the number of hours that Mr. Salb worked on this case during each year that the case was pending and the years of experience that he had at that time. It calculates the value of his time spent each year based on the actual rates that were billed when the work was done, the *Laffey* rates in effect at the time of service, and the most recent *Laffey* rates:

| Micah Salb | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Yrs of Exp** | **11** | **12** | **13** | **14** | **15** | **16** | **17** | **18** | **19** | **20** | **21** |
| **Year** | 2005-2006 | 2006-2007 | 2007-2008 | 2008-2009 | 2009-2010 | 2010-2011 | 2011-2012 | 2012-2013 | 2013-2014 | 2014-2015 | 2015-2016 |
| **Hrs Billable** | 2.7 | 3.8 | 23.1 | 24.9 | 45.9 | 41.5 | 7.0 | 0.1 | 41.5 | 206.1 | 81.2 |
| **Actual Billed** | $285 | $285 | $305-375 | $375 | $375 | $375 | $375 | $400 | $400 | $450 | $500 |
| **Actual Value** | $770 | $1083 | $7046 | $9338 | $17213 | $15563 | $2625 | $40 | $16600 | $92745 | $40600 |
| **Historic Laffey** | $360 | $375 | $390 | $410 | $410 | $420 | $435 | $445 | $450 | $520 | $530 |
| **Historic Value** | $972 | $1425 | $9009 | $10209 | $18819 | $17430 | $3045 | $45 | $18675 | $107172 | $43036 |
| **Current Laffey** | $455 | $455 | $455 | $455 | $455 | $504 | $504 | $504 | $504 | $504 | $530 |
| **Current Value** | $1229 | $1729 | $10511 | $11330 | $20885 | $20916 | $3528 | $50 | $20916 | $103874 | $43036 |

| Summary | |
|---|---|
| Actually-Billed Rates | $203,620.50 |
| Historic Laffey Rates | $229,836.50 |
| Current Laffey Rates | $238,002.80 |

Plaintiffs therefore seek $238,000 in recompense for the time spent by Mr. Salb on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

- 13 -

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

2.      Rates and Fee Calculation for Dr. Kuntz.

Mary Kuntz began practicing law in 2008.  *See* <u>Salb Affd.</u>, Exh. 1, ¶ 17, 19.  Before attending law school, she was a tenured professor with extensive leadership, analytic, advocacy, and writing experience.  *Id.* at ¶ 16.  The following table details the value of the time that Dr. Kuntz devoted to this case at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates:

| Mary Kuntz | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Yrs of Exp** | **1** | **2** | **3** | **4** | **5** | **6** | **7** | **8** |
| **Year** | 2008-2009 | 2009-2010 | 2010-2011 | 2011-2012 | 2012-2013 | 2013-2014 | 2014-2015 | 2015-2016 |
| **Hrs Billable** | 64.7 | 82.3 | 69.3 | 4.7 | 0 | 27.8 | 86.7 | 3.2 |
| **Actual Billed Rate** | $245 | $245 | $245 | $245 | $245 | $325 | $325 | $325 |
| **Actual Value** | $15852 | $20164 | $16979 | $1152 | $0 | $9035 | $28178 | $1040 |
| **Historic Laffey Rate** | $225 | $225 | $230 | $285 | $290 | $295 | $300 | $386 |
| **Historic Value** | $14558 | $18518 | $15939 | $1340 | $0 | $8201 | $26010 | $1235 |
| **Current Laffey Rate** | $284 | $315 | $315 | $325 | $325 | $332 | $332 | $386 |
| **Current Value** | $18375 | $25925 | $21830 | $1528 | $0 | $9230 | $28784 | $1235 |

| Summary | |
|---|---|
| Actually-Billed Rates | $92,397.50 |
| Historic Laffey Rates | $85,799.70 |
| Current Laffey Rates | $106,905.50 |

Plaintiffs seek $107,000 in recompense for the time Dr. Kuntz spent on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 14 -

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

### 3.      Rates and Fee Calculation for Mr. Chong.

Dennis Chong is a graduate of the American University's Washington College of Law, where he served as an Articles Editor for the <u>American University Law Review</u>. <u>Chong Declaration</u>, attached hereto as Exhibit 4, at ¶ 3. After law school, he clerked in the Superior Court for the Hon. Rufus King III, then the Presiding Judge of the Civil Division, followed by a shorter term with Senior Judge Leonard Braman. *See id.* ¶ 5. He first passed the Bar in 1997 and now has more than twenty years of experience. *Id.* ¶ 4. Mr. Chong has devoted his career to plaintiff-side employment litigation. *Id.* He is a former board member of the Metropolitan Washington Employers Association and remains a member to this day. *Id.* ¶ 7. Mr. Chong was also a member of the National Employment Lawyers Association. *Id.* Mr. Chong joined Lippman, Semsker & Salb in late 2014, at which time he had 17 years of experience as an attorney. Mr. Chong's work in this case has primarily been on the appeals. *See id.* at ¶ 2. The following table details the value of the time that Mr. Chong devoted to this case at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates:

| Dennis Chong | | |
|---|---|---|
| **Years of Exp** | **17** | **18** |
| **Year** | 2014-2015 | 2015-2016 |
| **Hrs Billable** | 34.3 | 68.5 |
| **Actual Billed Rate** | $375 | $375 |
| **Actual Value** | $12862 | $25688 |
| **Historic Laffey Rate** | $300 | $386 |
| **Historic Value** | $10290 | $26441 |
| **Current Laffey Rate** | $504 | $504 |
| **Current Value** | $17287 | $34524 |

- 15 -

| Summary | |
|---|---|
| Actually-Billed Rates | $38,550.00 |
| Historic Laffey Rates | $36,731.00 |
| Current Laffey Rates | $51,811.20 |

Plaintiffs therefore seek $51,800 in recompense for the time spent by Mr. Chong on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

### 4.    Rates and Fee Calculation for Ms. Wu.

Clare Wu graduated from Cornell University's School of Industrial and Labor Relations in 2001. She is a 2004 graduate of the American University's Washington College of Law. *See* Salb Affd., Exh. 1, at ¶ 21. Ms. Wu was first admitted to practice law in Maryland in December 2004 and became a member of the District of Columbia Bar in July 2007. *Id.* ¶ 22.

Ms. Wu became an Associate Attorney at Lippman, Semsker & Salb in June 2006. She had about two years of experience as an employment law litigator at that time. *Id.* ¶ 23. At Lippman, Semsker & Salb, Ms. Wu performed substantial work on numerous employment law cases, including both a class action matter and a Fourth Circuit amicus brief. Her work included tasks such as preparing discovery requests and responses, writing and editing complex briefs, working with expert witnesses, interviewing witnesses, and the like. Ms. Wu had primary responsibility for several of the cases on which she worked. All of Ms. Wu's work was in the field of employment law. *Id.* ¶ 24.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

The following table details the value of the time that Ms. Wu devoted to this case at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates:

| Clare Wu | |
|---|---|
| Years of Exp | 2 |
| Year | 2006-2007 |
| Hrs Billable | 17.8 |
| Actual Billed Rate | $180 |
| Actual Value | $3204 |
| Historic Laffey Rate | $215 |
| Historic Value | $3827 |
| Current Laffey Rate | $315 |
| Current Value | $5607 |

Plaintiffs therefore seek $5,600 in recompense for the time spent by Ms. Wu on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

**5.      Rates and Fee Calculation for Ms. D'Souza.**

Gwen D'Souza received both a Bachelor's degree and her law degree from the Catholic University of America, receiving a JD and Certificate in Law and Public Policy from the Columbus School of Law in 1994.  *See* <u>Salb Affd.</u>, Exh. 1, at ¶ 25.  Ms. D'Souza was admitted to practice in Maryland in June 1996 and was admitted to practice in the District of Columbia in February 1997.  *Id.* ¶ 26.

Ms. D'Souza is well-regarded in the legal community.  She is AV-rated by the attorney rating firm Martindale-Hubbell.  *Id.* ¶ 27.  Ms. D'Souza served as Treasurer of the

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Maryland Employment Lawyers Association from 2005-2008, Treasurer of the Hispanic Bar Association from 2004 through 2005, Co-Editor of the Women's Bar Association of Maryland Newsletter in 2005 and 2006, and has been a Bar Leader of the Bar Association of Montgomery County since 1999. Ms. D'Souza is a long-time member of the Metropolitan Washington Employment Lawyers Association. *Id.*

Ms. D'Souza provided services on this matter from April 2007 through August 2008. During that time, she had been licensed for eleven or more years and had achieved substantial experience and successes in the field of employment law. The work that she did at Lippman, Semsker & Salb was consistent with that of an employee with ten or more years of experience, such that, for example, she had plenary responsibility for the litigation of complex employment matters. *Id.* ¶ 28.

The following table details the value of the time that Ms. D'Souza devoted to this case at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates:

| Gwen D'Souza | | |
|---|---|---|
| Years of Exp | 11 | 12 |
| Year | 2007-2008 | 2008-2009 |
| Hrs Billable | 104.8 | 33.1 |
| Actual Billed Rate | $225 | $250 |
| Actual Value | $23580 | $8275 |
| Historic Laffey Rate | $390 | $410 |
| Historic Value | $40872 | $13571 |
| Current Laffey Rate | $455 | $455 |
| Current Value | $47684 | $15061 |

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

| Summary | |
|---|---|
| Actually-Billed Rates | $31,855.00 |
| Historic Laffey Rates | $54,443.00 |
| Current Laffey Rates | $62,744.50 |

Plaintiffs therefore seek $62,700 in recompense for the time spent by Ms. D'Souza on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

### 6.    Rates and Fee Calculation for Mr. Hellams.

James Williams ("Will") Hellams earned his B.A. in History and Political Science in 2003 from Clemson University. *See* Salb Affd., Exh. 1, ¶ 29. He attended law school after a couple of years of non-legal employment. He received his J.D. from the Charleston School of Law in 2008, where he served on the editorial staff of the Charleston Law Review. *Id.* He was admitted to practice in South Carolina in May 2009, in the District of Columbia in January 2010, and in Maryland in June 2011. *Id.* ¶ 30.

While at Lippman, Semsker & Salb, Mr. Hellams worked primarily in the fields of estate planning and general litigation. He provided services on this matter from November 2009 through February 2010, during which time he was in his first year of law practice. *Id.* ¶ 31.

The following table details the value of the time that Mr. Hellams devoted to this case at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates:

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

| J. Will Hellams | |
|---|---|
| Years of Exp | 1 |
| Year | 2009-2010 |
| Hrs Billable | 17.8 |
| Actual Billed Rate | $200 |
| Actual Value | $3560 |
| Historic Laffey Rate | $225 |
| Historic Value | $4005 |
| Current Laffey Rate | $284 |
| Current Value | $5055 |

Plaintiffs therefore seek $5,000 in recompense for the time spent by Mr. Hellams on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

**7.      Rates and Fee Calculation for Ms. Kay.**

Jamie Kay received her B.A. in political science from Northeastern University, where she graduated *summa cum laude* in 2010. She earned her J.D. from Georgetown University Law Center in 2013 and served as the Executive Editor of <u>The Georgetown Environmental Law Review</u>. *See* <u>Salb Affd.</u>, Exh. 1, ¶ 32. Ms. Kay became a member of the State Bar of Maryland in December 2013. *Id.* ¶ 33. Before joining Lippman, Semsker & Salb, Ms. Kay served as a law fellow with the American Diabetes Association. *Id.* ¶ 34. During the time that she provided services in this matter, Ms. Kay was nearing the end of her first year of practice following licensure. *Id.* ¶ 35.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 20 -

The following table details the value of the time that Ms. Kay devoted to this case at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates:

| Jamie Kay | |
|---|---|
| Years of Exp | 1 |
| Year | 2013-2014 |
| Hrs Billable | 27.5 |
| Actual Billed Rate | $145 |
| Actual Value | $3988 |
| Historic Laffey Rate | $250 |
| Historic Value | $6875 |
| Current Laffey Rate | $284 |
| Current Value | $7810 |

Plaintiffs therefore seek $7,800 in recompense for the time spent by Ms. Kay on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

### 8.       Rates and Fee Calculation for Ms. Tuffet.

M. Chantal Tuffet received her B.A. in International Relations and French in May 2000 from Wheaton College in Norton, Massachusetts. She achieved an LL.B. with Honors in June 2010 from the University of Manchester School of Law in Manchester, UK. In May 2011, Ms. Tuffet received an LL.M. from the George Washington University School of Law. *See* <u>Salb Affd.</u>, Exh. 1, ¶ 36. Ms. Tuffet became a member of the New York State bar in August 2013. *Id.* ¶ 37.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 21 -

Ms. Tuffet began working at Lippman, Semsker & Salb in December 2012. She provided services in the *Radtke* matter in December 2013 and January 2014, during which time she was in the first year of practice following licensure. *Id.*

The following table details the value of the time that Ms. Tuffet devoted to this case at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates:

| M. Chantal Tuffet | |
|---|---|
| Years of Exp | 3 |
| Year | 2013-2014 |
| Hrs Billable | 7.3 |
| Actual Billed Rate | $145 |
| Actual Value | $1059 |
| Historic Laffey Rate | $250 |
| Historic Value | $1825 |
| Current Laffey Rate | $284 |
| Current Value | $2073 |

Plaintiffs therefore seek $2,000 in recompense for the time spent by Ms. Tuffet on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

**9.      Rates and Fee Calculation for Mr. Murry.**

Zachary Murry received a Bachelor of Arts in English from The Ohio State University in 2003. He was a member of the Honors and Scholars program, the John Glenn Learning Community, and the National Society of Collegiate Scholars. He received his J.D. from The Catholic University of America, Columbus School of Law, in 2007, where he served as a

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

moot court associate and member of the law school's national labor and employment moot team. *See* <u>Salb Affd.</u>, Exh. 1, ¶ 38. Mr. Murry became a member of the Maryland Bar in December 2007. *Id.* ¶ 39. Mr. Murry worked for Lippman, Semsker & Salb from April 2008 until June 2009, when he returned with his family to his hometown in Ohio. *Id.* ¶ 40.

The following table details the value of the time that Mr. Murry devoted to this case at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates:

| Zachary Murry | |
|---|---|
| Years of Exp | 1 |
| Year | 2008 |
| Hrs Billable | .7 |
| Actual Billed Rate | $225 |
| Actual Value | $158 |
| Historic Laffey Rate | $215 |
| Historic Value | $151 |
| Current Laffey Rate | $284 |
| Current Value | $199 |

Plaintiffs therefore seek $200 in recompense for the time spent by Mr. Murry on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

**10.    Rates and Fee Calculation for Paralegal Work.**

The following table details the value of the time that paralegals and law clerks devoted to this case at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates:

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

| Paralegals and Law Clerks | | | | | | | |
|---|---|---|---|---|---|---|---|
| Year | 2007-2008 | 2008-2009 | 2009-2010 | 2011-2012 | 2013-2014 | 2014-2015 | 2015-2016 |
| Hrs Billable | 31.0 | 32.8 | 20.9 | 21.0 | 0.4 | 2.1 | .5 |
| Actual Billed Rate | $95 | $95 | $95 | $95 | $95 | $95 | $95 |
| Actual Value | $2945 | $3116 | $1985 | $1995 | $38 | $200 | $48 |
| Historic Laffey Rate | $125 | $130 | $130 | $140 | $145 | $150 | $254 |
| Historic Value | $3875 | $4264 | $2717 | $2940 | $58 | $315 | $127 |
| Current Laffey Rate | $154 | $154 | $154 | $154 | $154 | $154 | $154 |
| Current Value | $4774 | $5051 | $3219 | $3234 | $62 | $323 | $77 |

| Summary | |
|---|---|
| Actually-Billed Rates | $10,326.50 |
| Historic Laffey Rates | $14,296.00 |
| Current Laffey Rates | $16,739.80 |

Plaintiffs therefore seek $16,700 in recompense for the time spent by paralegals and law clerks on this case, exclusive of time which the Plaintiffs do not believe should properly be included on a fee petition.

**G.    SUMMARY CALCULATION OF THE TOTAL AMOUNT OF PLAINTIFFS' FEE PETITION.**

The following table summarizes the value of time spent by each attorney or paralegal at actually-billed rates, then-prevailing *Laffey* rates, and the most recent *Laffey* rates, *after* accounting for time that the Plaintiffs do not believe should properly be included on a fee petition:

- 24 -

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

| Staff | Fees at Current Laffey Rates | Fees at Historic Laffey Rates | Fees at Actual Rates |
|---|---|---|---|
| Salb | $238,000.00 | $230,000.00 | $203,600.00 |
| Kuntz | $107,000.00 | $85,800.00 | $92,400.00 |
| Chong | $37,800.00 | $36,700.00 | $38,500.00 |
| Wu | $5,600.00 | $3,800.00 | $3,200.00 |
| D'souza | $63,000.00 | $54,000.00 | $32,000.00 |
| Hellams | $5,000.00 | $4,000.00 | $3,500.00 |
| Kay | $7,800.00 | $6,900.00 | $4,000.00 |
| Tuffet | $2,000.00 | $1,800.00 | $1,000.00 |
| Murry | $200.00 | $150.00 | $150.00 |
| Paralegals | $16,700.00 | $14,300.00 | $10,300.00 |
| TOTALS: | $483,100.00 | $437,450.00 | $388,650.00 |

As discussed below, Plaintiffs propose that this Court make a further ten percent "up front" reduction in the fees to reflect the possibility of duplicative or excessive time charges that might yet remain in the time listed in the fee petition.

***Thus, after eliminating fees that the Plaintiffs believe should not be included on a fee petition and further reducing the fee by ten percent to ensure that duplicative and excessive charges are omitted, Plaintiffs' fee petition reflects a request for $435,000 in attorney's fees.***

**H.    ANALYSIS OF THE FACTORS THAT CAN CAUSE AN INCREASE OR DECREASE FROM THE LODESTAR CALCULATION.**

As explained in Part D above, the product of the reasonable amount of time spent on a case multiplied by a reasonable hourly rate "is the lodestar and there is a strong

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

presumption that the lodestar is the reasonable sum the attorneys deserve." <u>Bivins v. Wrap It Up, Inc.</u>, 548 F.3d 1348, 1350 (11th Cir.2008); <u>Perdue v. Kenny A. ex rel. Winn</u>, 599 U.S. 542, 552 (2010); *see also* <u>West v. Potter</u>, 717 F.3d 1030, 1034 (D.C.Cir. 2013).   This "lodestar" calculation is "strongly presumed" to yield a reasonable fee because the lodestar figure is deemed to take into consideration "most, if not all, of the relevant factors constituting a reasonable attorneys' fee."[5] *Perdue*, 599 U.S. at 552; *see also* <u>West v. Potter</u>, 717 F.3d 1030, 1034 (D.C.Cir. 2013).  In some cases, a reduction or increase in this amount might be warranted, though an adjustment to the fee award <u>may not</u> be based on a factor that is subsumed in the lodestar calculation.  *Perdue*, 599 U.S. at 552.

Although the Supreme Court discussed twelve factors in <u>Hensley v. Eckerhart</u> that may be taken into account in determining the amount of a fee award, 461 U.S. at 433, *Hensley* explicitly acknowledged that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.* at 434 n.9. **Thus, when an applicant has carried the burden of demonstrating that the hours and rate requested are reasonable, the result of the lodestar calculation is a presumptively reasonable fee.** <u>Blum v. Stenson</u>, 465 U.S. 886, 897 (1984).

The Defendants have stated in their recently-filed status report that they intend to seek a reduction in the amount of the Plaintiffs' fee award for a variety of reasons.  Indeed, consideration of whether the lodestar amount should be increased or decreased is an

---

[5] A fee is "reasonable" in the context of fee-shifting law when it is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. *Perdue*, 559 U.S. at 552.  Because the lodestar method reflects the multiple factors which determine attorneys' fee rates in a particular community, the lodestar method is seen to accomplish that goal and therefore presumptively yields a "reasonable" fee.  *Id.*

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

ordinary part of the analysis of a fee petition. Even though the lodestar calculation presumptively defines the amount of the reasonable fee, courts have occasionally adjusted fee awards upward or downward based on an application of a dozen criteria usually referred to as the "*Johnson* factors." Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (*cited in Hensley*, 461 U.S. at 430 n.3); *see also* Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). The fee is not to be determined by a item-by-item review of the twelve factors (*see* Blanchard v. Bergeron, 489 U.S. 87, 94 (1989)), but the *Johnson* Factors can inform the decision.

Here, the lodestar calculation represents the reasonable fee award, but a review of the impact on the *Johnson* factors on the lodestar calculation serves two useful purposes. First, it demonstrates the role, if any, that each of the factors might have in this case; second, it demonstrates the reasonableness of the amount of fees that the Plaintiffs seek.

### 1.    The Time and Labor Required.

The time required to litigate this case (detailed in the time records[6]) is obviously incorporated into the lodestar calculation, as time is one of the two basic elements of the formula. Therefore, because an adjustment to the fee award may not be based on a factor that is subsumed in the lodestar calculation, the time spent on this case should neither increase nor decrease the fee payable. *Perdue*, 599 U.S. at 552.

---

[6] The time record report (*see* Salb Affd., Exh. 1, Attachment A) lists the time records that were contemporaneously maintained by counsel's office, with a summary by attorney and a summary by task type. The time record report shows the identity of the time keeper, a description of the work task performed, the date the work was performed, and the amount of time necessary to perform the work, measured to the one-tenth of one hour.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

### 2.    The Novelty and Difficult of the Questions.

This case involved the application of both established and evolving legal principles under the FLSA and Maryland state law. While Plaintiffs were obligated to research numerous legal issues which arose during the litigation and for trial and the case was complicated by the multiple entities which employed or controlled the Plaintiffs, by law that differed from jurisdiction to jurisdiction, by a lack of clarity in certain aspects of the law, and similar circumstances, those are the ordinary factors present in any complex litigation. Therefore, this factor warrants neither an increase nor a decrease in the amount of the fee.

### 3.    The Level of Skill Required to Perform the Legal Service Properly.

To be successful, FLSA and state wage law litigation requires specialized skills and current knowledge of legal developments in the field. Despite its relative maturity as a field of law, wage and hour law is surprisingly variable across jurisdictions and with the passage of time. Representing the Plaintiffs in this case required addressing some difficult legal issues, such as evidentiary issues that arose out of record-keeping requirements, the proper determination of independent contractor status, and the availability of individual liability under both the FLSA and state law. In many cases, these issues were complicated by evolving laws and the sometimes confounding interplay of state and federal law. However, these are all the ordinary challenges of any complex litigation. Therefore, the level of skill required to perform the legal services properly warrants neither an increase nor a decrease in the amount of the fee award.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

4.      **The Preclusion of Employment by the Attorney Due to Acceptance of the Case.**

Plaintiffs' counsel practices at a very small law firm.  The Defendants' excessive zeal in this litigation imposed a significant and unnecessary drain on the Plaintiffs' attorneys' time, impacting the time available to tend to other matters.  The Defendants adamantly refused to discuss settlement; quarreled frequently over non-central issues (such as the terms and application of the confidentiality order); consistently delayed producing discovery responses; produced discovery in a disorderly way without numbering pages or otherwise permitting reasonable identification of documents, requiring far more time for the review and sorting of discovery than should have been required; and so on.  The Defendants' conduct ensured that the case was very time-consuming, causing counsel to decline to accept some potential clients during the pendency of this litigation.  Salb Affd., Exh. 1, ¶ 54.

Because this contentiousness is beyond that which is normally present in a complex litigation, this factor warrants an increase in the amount of the fee.

5.      **The Customary Fee.**

In the Plaintiffs' attorneys' experience, the customary fee in wage and hour cases is via fees charged on an hourly basis at rates consistent with other complex litigations.  In the Plaintiffs' attorneys' experience, these fees are billed to the client either directly, in the case of some large claims by highly-paid employees and in representations of businesses in wage and hour cases, or via fee-shifting for services provided to plaintiffs (either via court award or as part of the settlement of a claim).  Thus, recompense as provided for in the instant

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

petition for attorney's fees is consistent with the ordinary fee received by attorneys who litigate wage and hour cases. Therefore, this factor warrants neither an increase nor a decrease in the amount of the fee.[7]

**6.**     **Whether the Fee Is Fixed or Contingent.**

This case was brought on a contingent fee basis. *See* <u>Salb Affd.</u>, Exh. 1, ¶ 57. Few attorneys who practice regularly in the field of employment law (including wage payment cases) will take such cases on a straight contingency basis, as Plaintiffs' counsel has done here, because doing so imposes several very significant burdens and costs on counsel:

❖ Fees are received only after the successful completion of the case. As a result, the lawyer must work for a long time without recompense, often including advancing payment for required out-of-pocket expenses as well.

❖ The amount of the fee is almost always subject to contention and reduction by the court (or by the defendants when the fee is paid as part of a settlement), decreasing the rate of payment for time worked.

❖ Defendants frequently agree to settle civil rights cases with little or no allocation toward attorney's fees, creating a potential conflict between lawyer and client which, *ipso facto*, requires that the lawyer sacrifice his or her fee to ensure that his or her interests are not afforded greater weight than the client's.

❖ A contingency fee arrangement creates the risk that the lawyer will be unpaid for his or her time, in whole or in part (whether because of a modest settlement or because the claim was unsuccessful).

❖ In other types of litigations in which contingent fees are customary, lawyers frequently receive compensation *in excess* of the lodestar value of their time. This offsets those cases which are unsuccessful and those cases in which the fees are *less than* the value of the attorneys' time. In fee-shifting contingency cases, the amount of the fee is equal to or less than (but almost never greater than) the value of the

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[7] This factor is distinct from the fact that the fee is contingent, which is addressed immediately below.

lawyer's time.  As a result, while most lawyers doing contingent-fee work may on balance receive market-rate compensation, the civil rights lawyer who receives fees on a contingency basis via fee-shifting provisions receive fees that average out to be less than market rate.

*See* Salb Affd., Exh. 1, ¶ 57.

It is black-letter law that fee-shifting provisions of the FLSA (and certain other statutes, such as Title VII) are designed to encourage attorneys to prosecute cases which vindicate the purposes of the statutes, even though the cases might be economically unattractive under a contingency fee agreement.  *See Hensley*, 461 U.S. at 433, n.7.  This demonstrates that at a business level, the case is "undesirable" because of the financial risk assumed by Plaintiffs' counsel over the life of the litigation.

Therefore, this factor supports an increase in the amount of the fee.

### 7.    The Time Limitations Imposed by the Client or the Circumstances.

There were no time limitations in this case that warrant either an increase or decrease in the amount of the fee.

### 8.    The Amount Involved and the Results Obtained.

The Defendants have stated in their June 28 Status Report that they believe that this Court should reduce the award of fees to the Plaintiffs because of, *inter alia*, the results obtained and the fact that the fees sought are grossly disproportionate to the amount of the recovery.  Thus, the eighth *Johnson* Factor — the amount involved and the results obtained — deserves special attention in this case.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

The Plaintiffs recognize that the *amount* of the unpaid wages which was recovered in this litigation is relatively modest (both in terms of absolute number of dollars and relative to the amount recoverable if, for example, the jury had determined that Ms. Caschetta was Ms. Cunningham's "employer"). However, the amount involved and the results obtained do not warrant a reduction in the fees awarded. Lee v. Krystal Co., 918 F.Supp.2d 1261, 1273-74 (S.D.Ala. 2013).

There is no question that the fees incurred in this case are disproportionate to the recovery obtained. ***But that is irrelevant***. As an Illinois court aptly put it:

> Congress has affirmed its desire to have even small violations of the FLSA litigated, and many of those violations by their very nature are small. Litigation is expensive, and "it is no surprise that the cost to pursue the contested claim will often exceed the amount in controversy." Anderson [v. AB Painting and Sandblasting], 578 F.3d [542,] 545 [(7th Cir. 2009)]; *see* SKF USA Inc. v. Bjerkness, 2011 WL 4501395, at *3 (N.D.Ill. Sept. 27, 2011) (refusing to reduce a $1.3 million dollar award of attorneys' fees when the damages were only $81,068 because Congress predetermined the claim was worth bringing even though there was great disparity between the amount recovered and the attorneys' fees requested). The purpose of a fee shifting statute, which is to enable smaller claims to be litigated, would be thwarted if attorneys' fees had to be strictly proportional to the amount recovered. Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 223 F.3d 585, 592 (7th Cir.2000).

Dominguez v. Quigley's Irish Pub, Inc., 897 F.Supp.2d 674, 686-87 (N.D.Ill. 2012).

It is firmly established that a court may not consider the amount of a verdict or the relationship between that amount and the amount of the fees incurred when it decides a fee award in a civil rights case.[8]   Thomas v. Nat'l Football League Players Assoc., 273 F.3d

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[8] Wage-and-hour cases are considered one and the same as civil rights cases. *See* Allende v. Unitech Design, 783 F.Supp.2d 509, 511 (S.D.N.Y. 2011) (equating "FLSA cases" with "discrimination or civil rights cases").

1124, 1129 (D.C.Cir. 2001); *see* <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 96 (1989) (emphasizing

public benefit advanced by civil rights litigation which "cannot be valued solely in monetary

terms").  To the contrary, when the legislature has enacted a fee-shifting provision, an

analysis of whether the case was "worth it" is improper as a matter of law:

> [Whether a fee award is reasonable] has nothing to do with whether the
> District Court thinks a small claim was "worth" pursuing at great cost.  Fee-
> shifting statutes remove this normative decision from the court.  *If a party
> prevails, and the damages are not nominal, then Congress has already
> determined that the claim was worth bringing.*

<u>Anderson v. AB Painting and Sandblasting</u>, 578 F.3d 542, 546 (7th Cir. 2009) (emph.

added); *see* <u>Williams v. First Gov't Mortgage & Investors Corp.</u>, 225 F.3d 738, 747 (D.C.Cir.

2000) (rejecting proportionality analysis in consumer protection case); <u>Cunningham v. City

of McKeesport</u>, 807 F.2d 49, 51 (3d Cir. 1986) (singular nature of relief does not justify

negative multiplier); <u>Cobb v. Miller</u>, 818 F.2d 1227, 1234-35 (5th Cir. 1987); <u>Williams v.

Roberts</u>, 904 F.2d 634, 640 (11th Cir. 1990).  As the Seventh Circuit held, "There is an

irreducible fixed cost to litigation.  If the plaintiff cannot recover that cost in an award of

attorney's fees, he will find it difficult to hire a lawyer."  <u>Ustrak v. Fairman</u>, 851 F.2d 983,

989 (7th Cir. 1988).

In <u>Millea v. Metro-North Railroad Co.</u>, for example, the court held that it was error

to view a low recovery in an FMLA case as justifying a fee reduction.  658 F.3d 154, 168-69

(2d Cir. 2011).  The court recognized that FMLA claims "are often small-ticket items," and

"if an expense of time is required to obtain an award that is not available by voluntary

compliance or offer of settlement, the expense advances the purposes of the statute." *Id.* at

168.  Therefore, to link the amount of a fee award to the amount of the recovery, especially

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD  20814
Tel. (301) 656-6905
Fax (301) 656-6906

for small-value claims, "runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel." *Id*. Indeed, the court explicitly held that "the whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery."[9] *Id*. The same is, of course, equally true in wage-and-hour cases such as this one.

This case was not about money, and therefore the Defendants' continued emphasis on the dollar figure as some indicum of the Plaintiffs' "measure of success" is misplaced. At the very outset of the litigation, the Plaintiffs were prepared to settle the case for $25,000, even though they then calculated the potential recovery to be greater than $52,000.[10] *See, e.g.*, Settlement Letters, Exh. 2. The Plaintiffs have always been clear that this was not some effort to "strike it rich" by hitting the litigation lottery. Their actions have always been geared primarily toward vindicating their basic right to full compensation for their labor and not to recovery of a large sum of money.

The Defendants' actions, too, demonstrate that they were litigating more for principle than for financial considerations. It would have been far, far cheaper for the Defendants to have settled this case long before it went to trial. The amount of money that they likely spent on their own attorneys' fees (nevermind any consideration of fee-shifting)

---

[9] By adding to the potential cost to employers violating the law, fee-shifting statutes encourage compliance with the law. *See, e.g.*, Buljina v. Astrue, 828 F.Supp.2d 109, 112 (D.D.C. 2011).

[10] A settlement payment of $25,000 would have yielded to the Plaintiffs (after payment of fees and costs) less than the amount of the overtime wages to which they were entitled. The Plaintiffs had at that time computed the amount of their lost wages as $23,500 and legal fees incurred by that time were $6,600. Thus, the amount of the recovery was *greater* than Plaintiffs had been willing to accept for an early settlement.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

dwarfs even the greatest recovery that Plaintiffs could ever have achieved. The amounts the Defendants spent in the litigation of this case — including their decision to appeal a judgment of only $6,000 — demonstrate that this case was for them motivated by something other than pure economics.

Indeed, the Defendants never built their defense on the contention that the Plaintiffs' damages calculations were wrong. Instead, they consistently maintained the position — both before the jury and on their appeal of the Judgment against them — that the Plaintiffs *were not entitled to overtime pay at all*. Thus, *any* monetary recovery for the Plaintiffs is a complete victory against the position that the Defendants steadfastly maintained throughout the litigation; the *amount* of the recovery was not the most important consideration even to the Defendants.

The Plaintiffs obtained the results that they desired. They gained a judicial declaration that the Defendants had wrongfully denied them the pay that they had earned. That the amount of money they recovered was modest is secondary to the victory that they achieved; the relatively modest award was not a function of any lack of merit to the Plaintiffs' case.

Finally, it is useful to note that while the Court of Appeals has directed this Court to determine the amount of fees *de novo*, the appellate decision is not without guidance. In particular, the Court noted: "That the jury ultimately awarded less than requested . . . is not an indictment of appellants' actions," particularly "in a case where most of the requested damages were calculated by multiplying compensatory damages." *Radtke II*, 2016 WL 1743399, at *5. Thus, the amount received by the Plaintiffs was dramatically

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

reduced by the determination of a single question which had a broad impact on the scope of the monetary relief that the Plaintiffs could obtain and that did not represent a factor for which fees can be reduced.

At core, the Plaintiffs were fully recompensed for their losses and they secured legal vindication — and so their success was complete.

Therefore, the results yielded in this case warrants neither an increase nor a decrease in the amount of the fee.

### 9.      The Experience, Reputation, and Ability of the Attorneys.

The attorneys' experience, reputation, and abilities are set forth in the attached Declaration of S. Micah Salb. <u>Salb Affd.</u>, Exh. 1, ¶¶15-40; <u>Chong Affd.</u>, Exh. 4. Plaintiffs' attorneys are highly skilled and experienced in the field of employment law. They are well-regarded within the employment law bar and in the community generally. These facts do not, however, warrant an increase in the amount of the fee in this case because the rates charged are already a reflection of the skills and experience of the attorneys.

### 10.      The "Undesirability" of the Case.

Except as it relates to the undesirability of payment via fee-shifting, addressed above, this case is neither more nor less desirable than other complex litigations, and therefore this factor warrants neither a reduction nor an increase in the amount of the fee in this case.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**11.    The Nature and Length of the Professional Relationship with the Client.**

Plaintiffs' counsel has enjoyed a positive and productive, but nevertheless ordinary, relationship with the Plaintiffs.  This factor warrants neither a reduction nor an increase in the amount of the fee in this case.

**12.    Awards in Similar Cases**.

Wage and Hour cases almost always yield fees based on the lodestar arising out of a fee-shifting statute because the amount in dispute almost always makes it impracticable for the clients to pay on an hourly basis (with a few exceptions for very high wage earning clients).  Thus, awards in Wage and Hour cases are typically similar to the fee award that the Plaintiffs seek here.  Therefore, this factors warrants neither a reduction nor an increase in the amount of the fee in this case.

In sum, the *Johnson* factors by and large have no meaningful impact on this case.  To the extent that a couple of the *Johnson* factors do bear on the amount of the fee, those factors support an increase in the amount of the fee; none suggest a downward adjustment.  Similarly, the fact that the Plaintiffs seek fees based on the *Laffey* Matrix as it is computed by the U.S. Attorney's office, which does not fairly reflect the impact of inflation on legal fees and contains lower numbers than the calculation which is sensitive to the Legal Services Index, warrants an increase in the amount of the fee.

***Therefore, Plaintiffs seek an award of fees of no less than $435,000.***

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

**I.      PLAINTIFFS' ARE ENTITLED TO PAYMENT OF THEIR REASONABLE EXPENSES.**

Plaintiffs submit a list of all expenses reasonably incurred in this litigation and claimed here for reimbursement.  *See* <u>List of Expenses</u>, attached to <u>Salb Affd.</u>, Exh. 1, Attachment B.  All expenses sought are the type of costs that would regularly be billed to a fee paying client.  <u>Salb Affd.</u>, Exh. 1, ¶ 72.

## IV.  CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that the court award Plaintiffs $435,000 in attorney's fees and $2,559.28 in costs.

Respectfully submitted,

_____/s/ S.  Micah Salb_____
S. Micah Salb, Esq.
Dennis Chong, Esq.
LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814
Phone: (301) 656-6905

*Counsel for Plaintiffs*

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906